Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia

_Savannah_ Division

LaRay J. Benton
Georgia W. Benton

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

City of Port Wentworth,
Port Wentworth City Cancl, etol.

)
)
)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. 4:25-cv-210

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Filing Fee paid, #405.1, Rept # 400002670

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name — LaRay J. Benton
Address — 1900 Saint George Way
Mitchellville        MD        20721
                        City            State        Zip Code
County — Prince Georges
Telephone Number — 864-357-4545
E-Mail Address — laraybenton@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name — City of Port Wentworth, GA
Job or Title *(if known)*
Address — 7224 GA Hwy 21
Port Wentworth        GA        31407
                        City            State        Zip Code
County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

Name — Port Wentworth Development Authority
Job or Title *(if known)*
Address
                        City            State        Zip Code
County
Telephone Number
E-Mail Address *(if known)*

☐ Individual capacity    ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

Name  **Port Wentworth City Council**

Job or Title *(if known)*

Address

_____
City          State          Zip Code

County

Telephone Number

E-Mail Address *(if known)*

☑ Individual capacity  ☑ Official capacity

Defendant No. 4

Name  **Steve Davis, City Manager**

Job or Title *(if known)*

Address

_____
City          State          Zip Code

County

Telephone Number

E-Mail Address *(if known)*

☑ Individual capacity  ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**Violation of 4th, 5th, and 14th Amendments, U.S. Constitution.**

**See attached Statement of Claims**

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?  **N/A**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. ~~5~~ 5

    Name             Scott Robichaux, Esg.

    Job or Title *(if known)*  City Attorney

    Address         7224 GA Hwy 21

                     Port Wentworth  CA  31407

                                *City*        *State*    *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    [✓] Individual capacity  [✓] Official capacity

Defendant No. ~~6~~ 6

    Name             Thomas J. Kilmartin

    Job or Title *(if known)*  Asst. City Manager

    Address         7224 City Hwy 21

                     Port Wentworth  CA  31407

                                  *City*        *State*    *Zip Code*

    County

    Telephone Number

    E-Mail Address *(if known)*

    [✓] Individual capacity  [✓] Official capacity

## II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    [ ]  Federal officials (a *Bivens* claim)

    [✓]  State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of 4th, 5th, 14th Amendics, U.S. Constitution. See Statement of Claims attach..

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See attached Statement of Claims*

## III.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?  *At the Benton Property located at 135 Saussy Road, Part Wentworth, GA 31407*

B.  What date and approximate time did the events giving rise to your claim(s) occur?

*Multiple. See attached*

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See Statement of Claims attached*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Multpl.  See Statement of Claims and Relief attached

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Return of Property, ejectment from property, Payment of back rent and damages, attorney Fees. See full Statement of Claims attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    9/9/25

Signature of Plaintiff

Printed Name of Plaintiff    Corby J. Berta / Georgia W. Berta

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Case 4:25-cv-00210-RSB-CLR    Document 1    Filed 09/09/25    Page 8 of 245
Exhibit - A
Case 8:24-cv-02626-ABA    Document 9-1    Filed 11/20/24    Page 1 of 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BENTON, *et al.*,

    *Plaintiffs*,

    v.

SPH 21, LLC, *et al.*,

    *Defendants*

No. 8:24-cv-2626-ABA

### OPINION AND ORDER

This case arises out of a civil rights dispute between plaintiffs LaRay J. Benton and Georgia W. Benton (collectively, the "Plaintiffs") and defendants SPH 21, LLC, SPH Placements, LLC, Christopher J. Hayes, and Kendra Noyes (collectively, the "Defendants") involving a property located at 135 Saussy Road, Port Wentworth, GA 31407, and the Saussy Canal (collectively, the "Benton Property"). The Complaint alleges that Defendants violated Plaintiffs' rights by "knowingly taking, receiving, and/or conver[ting] [the Benton Property] without sale, consent, due process or just compensation and violating the Plaintiffs' civil rights, real property rights, water rights, mineral rights, and riparian rights associated with the Benton Property in bad faith and reckless disregard of damages and/or losses to the Plaintiffs or their heirs." ECF No. 1 at 10.

The Complaint can be construed as alleging that Defendants violated Plaintiffs' rights to due process under the Fifth Amendment and Fourteenth Amendment of the U.S. Constitution, committed an unlawful taking of the Benton Property, and knowingly concealed material facts, misrepresented information, and defrauded the U.S. and State of Georgia. *Id.* at 11-35. For the reasons that follow, however, the Complaint shall be dismissed without prejudice for improper venue.

Upon initial review, it is not clear the Complaint states a claim against the proper defendants or establishes this Court's jurisdiction. Regardless, the case is not filed in the correct venue. Title 28 U.S.C. § 1391(b) states, in pertinent part, that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the States in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Only one of the Plaintiffs, LaRay J. Benton, resides in the State of Maryland; Plaintiff Georgia W. Benton resides in the State of Georgia. ECF No. 1 at 9. All Defendants reside in the State of Georgia. *Id.* at 2-3. The events described occurred in Atlanta, Georgia. *Id.* at 1-5. Because Defendants and the events described in the Complaint are both located in Atlanta, Georgia, the proper venue to raise any potential claim is the Northern District of Georgia. Therefore, the case will be dismissed without prejudice to refile in the U.S. District Court for the Northern District of Georgia.[1]

Accordingly, it is hereby ordered:

1. Plaintiffs' Motions to Proceed in Forma Pauperis, ECF Nos. 2, 5, ARE GRANTED;

2. The Complaint is DISMISSED WITHOUT PREJUDICE;

3. The Clerk SHALL SEND a copy of this Order to Plaintiffs; and

---

[1] The Court declines to conduct a full screening of this Complaint pursuant to 28 U.S.C. § 1915(e), as the Complaint is clearly not filed in the correct venue. Because no filing fee has been paid, the Court finds it is not in the interests of justice to transfer the case rather than dismiss it without prejudice. Plaintiffs are free to refile their Complaint in the appropriate district.

4. The Clerk SHALL CLOSE this case.


Date: November 20, 2024                                    /s/
                                          _____
                                          Adam B. Abelson
                                          United States District Judge

Page 1 of 2.

**PLAINTIFFS' EXHIBIT B**

STATE OF GEORGIA

COUNTY OF CHATHAM                                                531

<u>WARRANTY DEED</u>

THIS INDENTURE, Made and entered into this _12th_ day of _May_,
in the year one thousand nine hundred and seventy-eight, between VIRGINIA
CARY FLOYD of the County of Chatham and State of Georgia, as party of the
first part, hereinafter called Grantor, and LEROY BENTON and GEORGIA W. BENTON
of the County of Chatham and the State of Georgia, as parties of the
second part, hereinafter called Grantee (the words "Grantor" and "Grantee"
to include their respective heirs, successors and assigns where the
context requires or permits).

WITNESSETH THAT: Grantor for and in consideration of the sum of
Ten ($10.00) Dollars in hand paid at and before the sealing and delivery
of these presents, the receipt whereof is hereby acknowledged, has
granted, bargained, sold, aliened, conveyed and confirmed, and by these
presents does grant, bargain, sell, alien, convey and confirm unto the
said Grantee,

All that certain lot, tract or parcel of land consisting of five (5)
acres, more or less, situate, lying and being in the 8th Military District
of Chatham County, Georgia, near the twelve (12) mile post of Augusta Road
being a part of the twenty (20) acre, tract described in a deed from Maude
L. Hinely (formerly Maude L. Zipperer) to Harry Brown dated November 11,
1907, and recorded in Deed Book Number 10-B, Folio 124, of the records of
Chatham County, Georgia; the said five (5) acres, more or less, being the
Southwestern portion of said twenty (20) acre tract and bounded as follows:
On the North by an unnamed road of thirty (30) feet in width which runs
in a Westerly direction from the Augusta Road near the twelve (12) mile post
through the lands of Gordon Saussy and the said twenty (20) acre tract
hereinbefore described; on the East by the five (5) acres conveyed by
Hary E. Floyd to Willis H. Floyd by deed dated May 10, 1948, recorded in
Chatham County records 53 X's, page 831 on the South by lands of Gordon
Saussy; and on the West by lands of Gordon Saussy.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and
singular the rights, members and appurtenances thereof, to the same
being, belonging or in anywise appertaining, to the only proper use,
benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and
title to the above described property unto the said Grantee against the
claims of all persons whomsoever.

FOR AFFIDAVIT FILED ON
_4-21_ 19 _86_ SEE
DEED BOOK _13 R_ FOLIO _282_

DEP. CLERK, S.C.C.C., GA.

532

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed,

the day and year above written.

Signed, sealed and delivered in presence of:

_____
WITNESS

_____ (L.S.)
VIRGINIA CARY FLOYD

_____
NOTARY PUBLIC, CHATHAM COUNTY,
GEORGIA.
CLARENCE C. WIRTH
Notary Public, Georgia State
My Commission Expires...

Filed For Record At 4:39 O'Clock P. M. On The 15 Day Of May 19...

Recorded In Record Book 11.0.0. Page 531

On The 15 Day Of May 19 72

CLERK, SUPERIOR COURT, CHATHAM CO. GA

CERTIFIED COPY

This document is a certified copy of
the original document placed on record in
the office of the Clerk of Superior Court,
Chatham County, GA. Given under my hand
and seal this 25 day of Jan 2022

_____
Deputy Clerk, S.C.C.C., GA

 Chatham County, GA

## Summary

| | |
|---|---|
| Parcel Number | 70976 02013 |
| Location Address | 135 SAUSSY RD |
| | PORT WENTWORTH GA 31407 |
| Legal Description | TCT NEAR MONTEITH 12 MILE POST SAUSSEY ROAD 5 ac |
| Property Class | R3 - Residential Lots |
| Neighborhood | 23082.00 - W082 W.SIDE (PT WENTWORTH) 1? 19.99 A |
| Tax District | (070) PORT WENTWORTH |
| Zoning | R-A |
| Acres | 5 |
| Homestead | Y |
| Exemptions | CB12S, S100S, M0S |



## Owner

BENTON LEROY & GEORGIA W
135 SAUSSY RD
SAVANNAH GA 31407 9617
January 1, 2021 Owner
BENTON LEROY & GEORGIA W

## Assessment

| | 2021 Certified | 2020 Certified | 2019 Certified | 2018 Certified | 2017 Certified |
|---|---|---|---|---|---|
| LUC | RES | RES | RES | RES | RES |
| Class | R3 | R4 | R3 | R3 | R3 |
| − Land Value | $61,200 | $61,200 | $61,200 | $61,200 | $61,200 |
| + Building Value | $140,500 | $155,600 | $155,600 | $153,100 | $157,100 |
| = Total Value | $201,700 | $216,800 | $216,800 | $214,300 | $218,300 |
| Assessed Value | $60,680 | $86,720 | $86,720 | $85,720 | $87,320 |

## Land

| Description | Land Type | Land Code | Square Feet | Acres | Front Foot |
|---|---|---|---|---|---|
| SINGLE FAMILY RES | A | 01 | 142,006 | 3.2600 | 0 |
| SINGLE FAMILY RES | A | 01 | 43,560 | 1.0000 | 0 |
| OBSERVED WETLANDS | A | 160 | 32,234 | 0.7400 | 0 |

Total Acres:
5.0000
Total Land-Value:
$1,200

## Residential Improvement Information

| | | | |
|---|---|---|---|
| Card | 1 | Full Bath/Half Bath | 3/0 |
| Exterior Wall | Veneer, Masonry | Attic | |
| Style | ONE STORY | Total Fixtures | 11 |
| Year Built | 1986 | Heat | WARMED & COOLED AIR |
| Effective Year Built | 0 | Heating Fuel Type | GAS |
| Living Area | 3025 | Fireplaces | 0 |
| Basement Square Footage | 0 | Quality | 300 |
| Finished Bsmt | No | Condition | AV |
| Bedrooms | 3 | | |

## Additions

Card 1

| Line | Lower | First | | Second | Third | Area |
|---|---|---|---|---|---|---|
| 0 | | | | | | 3025 |
| 1 | | 904 - 904-Slab Porch (SF) with Roof | | | | 15 |

qPublic.net - Chatham County, GA - Report: 70976 02013

## Accessory Information

### Card 1

| Description | Year Built | Type | Quantity | Size | Area | Grade |
|---|---|---|---|---|---|---|
| DETACHED GARAGE | 2008 | 706 | 1 | 16 x 24 | 384 | D-OBY FAIR |
| STORAGE BUILDING, WOOD | 2008 | 1637 | 1 | 8 x 12 | 96 | D-OBY FAIR |
| STORAGE BUILDING, WOOD | 2008 | 1637 | 1 | 7 x 9 | 63 | D-OBY FAIR |

## Sketches



| Room Type | Area |
|---|---|
| A Main Area | 3026 |
| B 904-Slab Porch (SF) with Roof | 15 |

## Photos





Map



No data available for the following modules: Commercial Improvement Information, Interior/Exterior Information, Other Features, Permits, Sales.

User Privacy Policy
GDPR Privacy Notice

Last Data Upload: 9/30/2021, 5:02:18 AM



Type: PLAT
Recorded: 8/2/2021 1:36:00 PM
Fee Amt: $10.00  Page 1 of 1
Chatham, Ga. Clerk Superior Court
Tammie Mosley Clerk Superior Court

Participant ID: 1667490430

## BK 53 PG 86

Case 4:25-cv-00210-RSB-CLR   Document 1   Filed 09/09/25   Page 17 of 245

1/22/24, 11:57 AM                Gmail - Property Owner Objection to Agenda Item 10, Sub Section #7 – Quit Claim Deed of Saussy Canal to City of Port Wentworth

Exhibit C

 Gmail

LaRay Benton <laraybenton@gmail.com>

## Property Owner Objection to Agenda Item 10, Sub Section #7 - Quit Claim Deed of Saussy Canal to City of Port Wentworth

5 messages

**LaRay Benton** <laraybenton@gmail.com>                                                              Fri, Mar 24, 2023 at 9:35 AM
To: Shannon Bazemore <shbazemore@chathamcounty.org>
Cc: GORArequest.District@dnr.ga.gov, region8@dca.ga.gov, region7@dca.ga.gov, region10@dca.ga.gov,
region11@dca.ga.gov, region12@dca.ga.gov, region1@dca.ga.gov, region2@dca.ga.gov, region3@dca.ga.gov,
region4@dca.ga.gov, region5@dca.ga.gov, region6@dca.ga.gov, "Reynolds, Corbett" <cReynolds@dot.ga.gov>,
"Mastronardi, Marc" <mMastronardi@dot.ga.gov>, region9@dca.ga.gov, "Hibbard, John L" <jHibbard@dot.ga.gov>, "Rutlin,
William M CIV USARMY CESAS (USA)" <William.M.Rutlin@usace.army.mil>, "Lilienthal, Melissa L CIV USARMY CESAS
(USA)" <Melissa.Lilienthal1@usace.army.mil>, sberson@crc.ga.gov, tpittman@dot.ga.gov, Nick Batey
<nbatey@chathamcounty.org>, Sherri Oliver <sloliver@chathamcounty.org>, Amy Davis <ajdavis@chathamcounty.org>,
Wendy Williamson <wwwilliamson@chathamcounty.org>, coengineer <coengineer@chathamcounty.org>, chathamtaxpmt
<chathamtaxpmt@chathamcounty.org>, BOA <boa@chathamcounty.org>, Nathan Benson <njbenson@chathamcounty.org>,
"Brock, Tyler J CIV USARMY (USA)" <Tyler.J.Brock@usace.army.mil>, Helen Stone <district1@chathamcounty.org>, James
Jones <district6@chathamcounty.org>, Jane B Hornstein <Jane.B.Hornstein@hud.gov>, Janice Bocook
<jbocook@chathamcounty.org>, Leroy Benton <coachlbentonjr@gmail.com>, Mark Stephens
<mstephens@cityofportwentworth.com>, Patrick Farrell <district4@chathamcounty.org>, Rufus Bright
<rbright@cityofportwentworth.com>, Scott Robichaux <scott@claibornefirm.com>, Steve Davis
<stevedavis@cityofportwentworth.com>, Tanya Milton <district5@chathamcounty.org>, Teresa Townsend
<ttownsend@crc.ga.gov>, Bobby Lockett <district3@chathamcounty.org>, Brian Harvey
<bharvey@cityofportwentworth.com>, Chester Ellis <chairman@chathamcounty.org>, City Attorney
<cityattorney@cityofportwentworth.com>, Cole Mullis <cmullis@crc.ga.gov>, Gabrielle Nelson
<gnelson@cityofportwentworth.com>, Gary Norton <gnorton@cityofportwentworth.onmicrosoft.com>, Gator Rivers
<district2@chathamcounty.org>, Georgia W Benton <shsedna@aol.com>, Glenn Jones <gjones@cityofportwentworth.com>,
Thomas Barbee <tbarbee@cityofportwentworth.com>, Lashawn Harris <lashawnharris31@yahoo.com>

Good Morning,

This is an email informing the Chatham County Commissioners that the Benton Family Objects to the Agenda Item 10,
Sub Section #7 - Quit Claim Deed of Saussy Canal to City of Port Wentworth, whereas NO ONE has contacted us or has
the consent to sell or transfer OUR PROPERTY RIGHTS.

> Georgia law mandates that the owner of a nonnavigable stream (i.e. the Saussy Canal) is entitled to
> the same exclusive possession of the stream as enjoyed with respect to any other part of his or her
> land. As such, the legislature nor courts has no power to compel or interfere with the owner's lawful
> use of the stream for the benefit of those above or below the owner on the stream. Therefore,
> neither Chatham County nor the City of Port Wentworth, nor the State of Georgia, nor the Federal
> Government has any lawful authority to interfere with the ownership, riparian rights, use,
> and enjoyment of the Saussy Canal by the Benton Family in any capacity WITHOUT OUR WRITTEN,
> SIGNED, AND NOTARIZED CONSENT. O.C.G.A. § 44-8-1; O.C.G.A. § 44-8-3; O.C.G.A. § 51-9-7. See
> Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars, 213 Ga. 859, 102 S.E.2d 593
> (1958) (A riparian owner is one having land bounded on a stream ow water, such as an owner having
> a qualified property in the soil to the thread of the stream); Brown v. Tomlinson, 246 Ga. 513, 272
> S.E.2d 258 (1980); Menzies v. Hall, 281 Ga. 223, 637 S.E.2d 415 (2006).

If the Chatham County Approves this action without our consent, we will join the Chatham County in our current $300
Million USD lawsuit against the City of Port Wentworth in State Court Case Number: STCV21-02269

Laray Jermaine Benton,Leroy Benton, Jr.,LASHAWN BENTON HARRIS,Georgia W. Benton,Leroy Benton

vs

Port Wentworth City Council,Gary Norton,Lynn Jeffers, Sr.,Gary Wiggins,Comer Varnedoe Meadows,James L Coursey,
Jr.,Phillip McCorkle, Esquire,City of Port Wentworth, Georgia,Kern & Co,Linda Smith,Lynwood Griner,Edwin Booth,Glenn

Steele,James Steele,Anthony Steele,Steven R Brock,SPH 21, LLC,Chad Zittrouer, PE,Donnelly Marks,Land Value Investment LLC

As such, please remove this item From today's agenda.

Sent from my iPhone

LaRay J Benton, CEO
LJB Enterprises, LLC
864-357-4545

"For the battle is not mines... It's the Lord's 🙏"

On Feb 23, 2023, at 12:58 PM, LaRay Benton <laraybenton@gmail.com> wrote:

Mrs. Bazemore

Thank you for your reply.  As given on Page 6 of the attached Proposed Quit Claim Deed.... a specific"Legal Description" of the subject "Right-of-Ways" that my Open Records Request references.  As such you should be able to easily find them within the land records of Chatham County, GA.  I've copied and pasted the specific insert below for your reference.

Pursuant to our Riparian Rights based on the U.S. Constitution, the Georgia Constitution, and the Annotated Code of Georgia, one in possession of personal property is presumed to be the owner until evidence to the contrary appears, and the burden of rebutting the presumption is on the party claiming adversely to one in possession. Hattaway v. Keefe, 191 Ga. App. 315, 381 S.E.2d 569, 10 U.C.C. Rep. Serv. 2d 143 (1989). As also stated, the term "property" includes not only the land possessed, but also all personal, private, and constitutional rights of the owner in relation to that land. Pope v. Pulte Home Corp., 246 Ga. App. 120, 539 S.E.2d 842 (2000).

The statutory rights granted to landowners (i.e. the Benton Family) of land adjacent to navigable and nonnavigable tidewaters (i.e. the Saussy Canal) may not be construed so as to authorize such an exclusive appropriation of any tidewater, navigable or nonnavigable, by any person such as would prevent the free use of the tidewater by other persons. O.C.G.A. § 44-8-8; O.C.G.A. § 44-8-5(b). If nonnavigable tidewaters form the dividing line between two parcels, like in the present case between the Varnedoe and Benton families, each owner's boundary extends to the main thread or channel of the water, and if the thread or channel changes gradually, the boundary line will follow it. If the water takes a new channel for any reason, the original line will remain the boundary. O.C.G.A. § 44-8-5(b); O.C.G.A. § 44-8-6. Gradual accretions of land on either side of a nonnavigable stream accrue to the owner of that side. O.C.G.A. § 44-8-2.

Additionally, where a nonnavigable stream (i.e. the Saussy Canal) serves as a dividing line between two parcels of land, each owner's boundary line extends to the thread of the center of the stream's main current and will follow the current if the current changes gradually. O.C.G.A. § 44-8-2. Where a boundary line is described in a deed as running to the stream and thereafter "with," "along," "by," "on," "up," or "down" the stream, the deed will be construed to carry the title to the center unless a contrary intention appears from the instrument. Westmoreland v. Beutell, 153 Ga. App. 558, 266 S.E.2d 260 (1980) (construing predecessor statute).

**Lastly, Georgia law mandates that the owner of a nonnavigable stream (i.e. the Saussy Canal) is entitled to the same exclusive possession of the stream as enjoyed with respect to any other part of his or her land. As such, the legislature nor courts has no power to compel or interfere with the owner's lawful use of the stream for the benefit of those above or below the owner on the stream. Therefore, neither Chatham County nor the City of Port Wentworth, nor the State of Georgia, nor the Federal Government has any lawful authority to interfere with the ownership, riparian rights, use, and enjoyment of the Saussy Canal by the Benton Family in any capacity WITHOUT OUR WRITTEN, SIGNED, AND NOTARIZED CONSENT. O.C.G.A. § 44-8-1; O.C.G.A. § 44-8-3; O.C.G.A. § 51-9-7. See Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars, 213 Ga. 859, 102 S.E.2d 593 (1958) (A riparian owner is one having land bounded on a stream ow water, such as an owner having a qualified property in the soil to the thread of the stream); Brown v. Tomlinson, 246 Ga. 513, 272 S.E.2d 258 (1980); Menzies v. Hall, 281 Ga. 223, 637 S.E.2d 415 (2006).**

**Therefore, since the Benton Family property extends to the centerline of the Saussy Canal, ANY ACTIONS regarding the transfer of right-of-ways and/or ANY planned development or even MAINTENANCE activities regarding both the Saussy Canal and Black Creek requires our CONSENT.**

All of this could have been averted by simply reaching out to us and have an amicable CONVERSATION about what the intended plans are by the City of Port Wentworth and/or Chatham County. However, since whomever the decision makers are refuse to have that conversation with us the actions of both the City of Port Wentworth and/or Chatham County can be lawfully described as both TRESPASSING & THEFT, and the conspiracy to commit both TRESPASSING & THEFT pursuant to the Annotated Code of Georgia.

Again, as the spokesperson of the Benton Family I can be reached at 864-357-4545 regarding this matter.

<image.png>

Sincerely,

LaRay J. Benton, CEO
LJB Enterprises, LLC.

"What shall we then say to these things? If God be for us, who can be against us?"

- ROMANS 8:31

On Thu, Feb 23, 2023 at 11:41 AM Shannon Bazemore <shbazemore@chathamcounty.org> wrote:

Good morning,

We are researching your open records request referencing "several properties along the Saussy Canal transferring from Chatham County, GA to the City of Pt. Wentworth, GA." Chatham County's Department of Building and Safety do not have any responsive documents regarding zoning and site plan review applications for referenced property and suggest reaching out to the Metropolitan Committee for any information they may have.

Our Engineering Department is trying to research any "Quit Claim Deed" records referenced in your request, however, we are in need of specific addresses in order to research that information.

Would you please provide specific addresses regarding the properties you are inquiring about along the Saussy Canal?

Many thanks,

Shannon Bazemore

Paralegal Administrative Assistant

Chatham County Attorney's Office

P.O. Box 8161

Savannah, GA 31412

Telephone: (912) 652-7837

Fax: (912) 652-7887

"This message originates from the Chatham County Attorney's Office. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message."

CAUTION: This email has been sent from the government of Chatham County Georgia. Please disregard and delete this message if you are not the intended recipient.

<EXHIBIT B - Proposed Saussy Canal Quit Claim Deed - City of Port Wentworth.pdf>

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>                    Fri, Mar 24, 2023 at 9:35 AM
To: laraybenton@gmail.com



## Address not found

Your message wasn't delivered to **tpittman@dot.ga.gov** because the address couldn't be found, or is unable to receive mail.

The response from the remote server was:

550 #5.1.0 Address rejected.

Final-Recipient: rfc822; tpittman@dot.ga.gov
Action: failed
Status: 5.0.0
Remote-MTA: dns; mx1.hc3443-38.iphmx.com. (68.232.142.203, the server for the domain dot.ga.gov.)
Diagnostic-Code: smtp; 550 #5.1.0 Address rejected.
Last-Attempt-Date: Fri, 24 Mar 2023 06:35:28 -0700 (PDT)

---------- Forwarded message ----------
From: LaRay Benton <laraybenton@gmail.com>
To: Shannon Bazemore <shbazemore@chathamcounty.org>
Cc: GORArequest.District@dnr.ga.gov, region8@dca.ga.gov, region7@dca.ga.gov, region10@dca.ga.gov,

City Charter and the Georgia Constitution. So this is actually all in line with your "Job Description" as both Councilman Barbee and Mayor Pro Tempe Barbee.

Lastly, how about you try calling a meeting between your attorneys with the City ... and me and my family to see how we can SETTLE any potential legal issues between the parties... Mayor Norton never did... but now YOU have the opportunity to do so... so how about we amicably try this option. The Benton Family is open... but ARE YOU?

Sent from my iPhone

LaRay J Benton, CEO
LJB Enterprises, LLC
864-357-4545

"For the battle is not mines... It's the Lord's ⚡"

> On Mar 24, 2023, at 11:29 AM, Thomas Barbee <tbarbee@cityofportwentworth.com> wrote:
>
> STOP and I explain STOP sending me any type of email concerning ANY legal action YOU may have. Send all legal emails to city of Port Wentworth attorney. NOW if you have any other concerns please feel free to send me email, call me , text me; once again NO email on any legal issue.
> [Quoted text hidden.]

---

**postmaster@crc4.onmicrosoft.com** <postmaster@crc4.onmicrosoft.com>          Sat, Mar 25, 2023 at 9:43 AM
To: laraybenton@gmail.com

## Delivery has failed to these recipients or groups:

### Cole Mullis (cmullis@crc.ga.gov)

Your message wasn't delivered. Despite repeated attempts to deliver your message, the recipient's email system refused to accept a connection from your email system.

Contact the recipient by some other means (by phone, for example) and ask them to tell their email admin that it appears that their email system is refusing connections from your email server. Give them the error details shown below. It's likely that the recipient's email admin is the only one who can fix this problem.

For Email Admins
No connection could be made because the target computer actively refused it. This usually results from trying to connect to a service that is inactive on the remote host - that is, one with no server application running. For more information and tips to fix this issue see this article:
https://go.microsoft.com/fwlink/?LinkId=389361

### sberson@crc.ga.gov

Your message wasn't delivered. Despite repeated attempts to deliver your message, the recipient's email system refused to accept a connection from your email system.

Contact the recipient by some other means (by phone, for example) and ask them to tell their email admin that it appears that their email system is refusing connections from your email server. Give them the error details shown below. It's likely that the recipient's email admin is the only one who can fix this problem.

 EXHIBIT "D"

CHESTER A. ELLIS
*Chairman*

HELEN L. STONE
*District 1, Vice Chairman*

KENNETH A. ADAMS
*District 8, Chairman Pro Tem*

MICHAEL A. KAIGLER
*County Manager*

R. JONATHAN HART
*County Attorney*

JANICE E. BOCOOK
*County Clerk*



**COUNTY
COMMISSIONERS**

**CHATHAM COUNTY,
GEORGIA**

**AGENDA**

LARRY "GATOR" RIVERS
*District 2*

BOBBY LOCKETT
*District 3*

PATRICK K. FARRELL
*District 4*

TANYA MILTON
*District 5*

AARON WHITELY
*District 6*

DEAN KICKLIGHTER
*District 7*

**March 24, 2023**

9:30 AM

Commission Meeting Room
2nd Floor Old Courthouse
124 Bull Street
Savannah, Georgia

*The Agenda may be accessed on the Internet at*
*http://www.chathamcounty.org*

PRE-MEETING

Green Room

9:00 AM

1.    **CALL TO ORDER**

2.    **INSPIRATION AND INVOCATION**

Pastor Marsha Bulford, House of Favor Full Gospel Ministry

3.    **PLEDGE OF ALLEGIANCE**

**Certificate of Appreciation**

4.    **ROLL CALL**

**Introduction of Youth Commissioners**

*Please turn off cell phones.*

5.   **PROCLAMATIONS AND SPECIAL PRESENTATIONS**

    1.    Proclamation declaring the week of April 9 – 15, 2023 as 911 Telecommunicator Week. Diane Pinckney, Director of 911 Communications Services, will be present to accept.

    2.    Employee Service Awards

6.    **CHAIRMAN'S ITEMS**

7.    **COMMISSIONERS' ITEMS**

8.    **TABLED/RECONSIDERED ITEMS**

*Unless action is contemplated at today's meeting, staff report and file material has not been duplicated in your agenda packet. The files are available from the Clerk.*

1.    Board consider a request by applicant, Robert Jonas, for a variance from Section 24-122(2) and (7) of the Flood Damage Prevention Ordinance for construction of his residence at 135 Runner Road. (PIN 10025E01010). [District 4.]  (This item was tabled at the March 10, 2023, meeting.)

March 24, 2023

## 9.    ITEMS FOR INDIVIDUAL ACTION

*Unless the Board directs otherwise, adoption of an Action Item will mean approval of the respective County staff report and its recommended action.*

1.    Chatham County Police Department Bi-Monthly Report given orally by Chief Hadley

10.    **ACTION CALENDAR**

*The Board can entertain one motion to adopt the below-listed calendar. Such motion would be adoption of staff's recommendation. Any Board Member may choose to pull an item from the calendar and it would be considered separately.*

1.    Approval of the minutes of the regular meeting on March 10. 2023, as distributed.

2.    Claims vs. Chatham County for the period of March 2, 2023, through March 14, 2023.

3.    Request Board approval to submit grant application to Georgia Emergency Management Agency (GEMA) in the amount of $1,200.000. (NOTE: There is a $400,000 match required for the Public Safety Building.)

4.    Request the Board terminate the Owners Warranty Agreement for Cottages at Autumn Lake Phase 4, release the financial guarantee and combine this phase with the existing Cottages at Autumn Lake streetlight assessment rate district. [District 7.]

5.    Request Board declare a portion of Stone Street Right-of-Way (ROW) and quitclaim excess ROW adjacent to 1912 Stone Street along the property road frontage. [District 4.]

6.    Request Board approval of extension and renewal of a drainage facility easement agreement for the property located within the premises of Hunter Army Airfield. The County has a 60 foot wide drainage facility that connects from the base of Perimeter Road within Army Airfield to White Bluff Road in the County. The Army Airfield would like to renew this easement which benefits both the airfield and the County.

7.    Request Board of Commissioners to approve Chatham County's execution of quit claim deed to convey any County property interest in the Saussy Canal that is now annexed into the City of Port Wentworth

8.    Request Board approve a Memorandum of Agreement (MOA) with Henry County for sheltering of pets during a hurricane threat where an evacuation has been issued. (NOTE: This is a contingency MOA and no funds are required unless activated.)

9    Request Board approval to enter into an access easement agreement with Canam Megasav, LLC to construct and reserve certain rights in the "Roundabout Easement Area" at Oak Meadow Drive and Cypress Meadow Drive. [District 7.]

10.    Request Board approval to enter into an inspection and maintenance agreement with Canam Megasav, LLC to construct and manage the detention ponds 8 and 9 for Project Live Oak [District 7.]

11.    Request Board approval for a new beer, wine and liquor pouring license for 2023. Petitioner: Amanda Strieder d/b/a Strieders Bar and Kitchen. located at 2805 Fort Argyle Road, Bloomingdale, GA 31302. [District 7.]

12.    Request Board approval for a new Sunday Sales license for 2023. Petitioner: Amanda Strieder d/b/a Strieders Bar and Kitchen, located at 2805 Fort Argyle Road, Bloomingdale, GA 31302. [District 7.]

13.  Request Board approval for a permit to dispense alcoholic beverages (wine & liquor) for a special event in Chatham County on Saturday, April 8, 2023. Petitioner: Wanda Holman hosting a Wedding to be held at 413 W. Wayne Street, Savannah, GA 31401 (Dr. Priscilla D. Thomas Multipurpose Annex). [District 2.]

14.  Request Board approval for a permit to dispense alcoholic beverages (wine & liquor) for a special event in Chatham County on Saturday, April 15, 2023. Petitioner: Christina Singleton hosting a Wedding to be held at 413 W. Wayne Street, Savannah, GA 31401 (Dr. Priscilla D. Thomas Multipurpose Annex). [District 2.]

15.  Request Board approval to award bids as follows: (Please note that purchase thresholds of $25,000 or more have been enacted; however, contract and change orders of a lesser amount still will appear.)

| ITEM | DEPT. | SOURCE | AMOUNT | FUNDING |
|------|-------|--------|--------|---------|
| A. Annual agreement with renewal options for four (4) additional one (1) year terms for an independent contractor agreement to assist with caseloads | Indigent Defense | Martin G. Hilliard<br>Savannah, GA<br>No Website | $80,000 annually | General Fund/M&O – Indigent Defense |
| B. Annual agreement with renewal options for four (4) additional one year terms for an independent contractor agreement to assist with caseloads | Indigent Defense | Lauren Tignor<br>Savannah, GA<br>No Website | $70,000 annually | General Fund/M&O – Indigent Defense |
| C. Purchase of two (2) pre-trained dual-purpose Police Canines | Police | Southern Coast K9, Inc.<br>New Smyrna Beach, FL<br>www.southerncoastk9.com | $31,000 | SSD – Police |

| ITEM | DEPT. | SOURCE | AMOUNT | FUNDING |
|---|---|---|---|---|
| D. Change Order No. 1 to the annual contract to provide service uniforms for Chatham E911 Communications Services Department, to add additional items | E911 | Patrick's Uniforms (WBE)<br>Garden City, GA<br>patricksfl.com | Various amounts per staff report | E911 |
| E. Board confirmation of emergency procurement for repairs to the Main Central Plant boiler at the Chatham County Detention Center | Sheriff's | Daikin Applied Americas, Inc.<br>Savannah, GA<br>www.daikinapplied.com | $25,722 | General Fund/M&O – Detention Center |
| F. Change Order No. 1 to the annual contract to provide warehouse supplies for the Chatham County Detention Center, to reflect a price increase | Sheriff's | Staples Contract & Commercial, LLC<br>Savannah, GA<br>www.staples.com | Various amounts per staff report | General Fund/M&O – Detention Center |

March 24, 2023

8

## 11.   FIRST READINGS

*Proposed changes to ordinances must be read or presented in written form at two meetings held not less than one week apart. A vote on the following listed matters will occur at the next regularly scheduled meeting. On first reading, presentation by MPC staff discussion only by Commissioners will be heard.*

*Comments, discussion and debate from members of the public will be received only at the meeting at which a vote is to be taken on one of the following listed items.*

12. **SECOND READINGS**

1. Amendment to Article VI of Chapter 15, entitled "Well Ordinance" of the Chatham County Code.

2. The petitioner, Tammy T. Hampton (owner), is requesting a zoning map amendment for a 2-acre parcel located at 241 Broadwater Lane from PDR-SM (Planned Development Surface Mining) to R-A (Residential Agriculture) with the intention of building a single-family home. The area to be rezoned was recently subdivided to create the subject parcel. The Planning Commission recommends approval. MPC File Z-0222-000229 [District 7.]

3. The petitioner Robert McCorkle, III on behalf of the owner, Whitefield Oaks, LLC, is requesting to rezone the parcels located at located at 8510, 8512, 8514, 8518, 8602, and 8606 Whitefield Avenue from the existing R-1 / EO (One Family Residential / Environmental Overlay) and R-2 / EO (Two Family Residential / Environmental Overlay) zoning classifications to a PUD-M-EO (Planned Unit Development - Multifamily - Environmental Overlay) zoning classification applying the planned district provisions of Section 4-6.54 of the Chatham County Ordinance which requires the submission of a General Development Plan. MPC File Z-1222-000343 [District 1.]

13.    **INFORMATION ITEMS**

    1.    List of Purchasing items between $2,500 and $24,999.

    2.    Progress report on FY2023 Contingency Accounts - M & O and the Special Service District.

    3.    March 2023 Road Report

    4.    March 2023 Drainage Report

    5.    March 2023 Vertical and Recreational SPLOST Report

    6.    County Manager's Update

    7    Request Prioritization of the Board on Strategic Initiatives

**RECESS TO EXECUTIVE SESSION - motion required**

    Motion to recess to Executive Session.

March 24, 2023

10.7



AGENDA ITEM:   10.7

AGENDA DATE:   March 24, 2023

TO:          **Chairman and Members of the Board**

THRU:      **Michael A Kaigler, County Manager**

FROM:      **R. Jonathan Hart, County Attorney**

## ISSUE:

Request Board of Commissioners to approve Chatham County's execution of quit claim deed to convey any County property interest in the Saussy Canal that is now annexed into the City of Port Wentworth.

## BACKGROUND:

The Saussy Canal is located within the Port Wentworth City limits. In the early 1900's the canal was originally constructed by Gordon Saussy for drainage of a large tract of farmland that was then in unincorporated Chatham County. The Canal was not well maintained by the County. In 1932 as part of the great depression plan to get people back to work, the federal government through the Civil Conservation Corp. created a project and plan to enlarge the Saussy Canal to provide improved storm water drainage. A 60-foot right of way was condemned and the width, length and depth of the Canal was enlarged. At the time there was little growth in this part of unincorporated Chatham County and the Canal and improvements continued to be not well maintained. Approximately 20 years ago the City of Port Wentworth annexed the Canal and surrounding property into the city limits. The City of Port Wentworth would now like to own the Canal right of way and have a plan to improve and maintain the Canal. The City Council has requested that the canal be quit claim deeded from the County to the City with City assuming all responsibility for maintenance. The Saussy Canal is not on the list of canals the County will provide services for within municipal limits. Attached hereto as Exhibit A is a copy of the Saussy Canal as improved and enlarged after the 1932 construction Attached hereto as Exhibit "B" is the quit claim that is requested to be signed by the County. Attached hereto as Exhibit "C" is a letter from the attorney for Port Wentworth explaining request. Attached hereto as Exhibit "D" is the resolution from Port Wentworth related to this request.

## FACTS AND FINDINGS:

1. The Saussy Canal is located within the Port Wentworth City limits. In the early 1900's the Canal was originally constructed by Gordon Saussy for drainage of a large tract of farmland that was then in unincorporated Chatham County. The Canal was not well maintained by the County. In 1932 as part of the great depression plan to get people back to work, the federal government through the Civil Conservation Corp. created a project and plan to enlarge the Saussy Canal to provide improved storm water drainage. A 60-foot right of way was condemned and the width, length and depth of the Canal was enlarged and the project completed.

2. At the time there was little growth in this part of unincorporated Chatham County and the Canal and improvements continued to be not well maintained. Approximately 20 years

ago the City of Port Wentworth annexed the Canal and surrounding property into the city limits. The City of Port Wentworth would now like to own the Canal right of way and have a plan to improve and maintain the Canal. The City Council has requested that the Canal be quit claim deeded from the County to the City with City assuming all responsibility for maintenance. The Saussy Canal is not on the list of canals the County will provide services for within municipal limits.

3.  Attached hereto as Exhibit A is a copy of the Saussy Canal as improved and enlarged after the 1932 construction Attached hereto as Exhibit "B" is the quit claim that is requested to be signed by the County. Attached hereto as Exhibit "C" is a letter from the attorney for Port Wentworth explaining request. Attached hereto as Exhibit "D" is the resolution from Port Wentworth related to this request.

## BLUEPRINT ALIGNMENT:

The County and the municipalities within the County should work together to support storm water drainage improvements.

## FUNDING:

None required.

## ALTERNATIVES:

1.  Approve Chatham County's execution of a quit claim deed to convey any County property interest in the Saussy Canal to Port Wentworth.

2.  Do not approve Chatham County's execution of a quit claim deed to convey any County property interest in the Saussy Canal to Port Wentworth.

## POLICY ANALYSIS:

The County has not maintained the Saussy Canal and the City of Port Wentworth desires to own the Canal right-of-way with plans for further improvements and to continue maintenance. The County would no longer directly or indirectly have responsibility for the maintenance of the Canal.

## RECOMMENDATION:

Alternative No. 1.

#D:    Quit Claim Deed Exhibit B

#E:    Exhibit C Letter from PW attorney explaining request

#F:    Resolution

#G:    Exhibit A Saussy Canal

| | | |
|---|---|---|
| R. Jonathan Hart | Completed | 03/20/2023 11:19 AM |
| Suzanne Cooler | Completed | 03/22/2023 2:33 PM |
| Danielle Hillery | Completed | 03/23/2023 4:07 PM |
| Michael A. Kaigler | Completed | 03/24/2023 8:24 AM |
| Board of Commissioners | Pending | 03/24/2023 9:30 AM |

   Case 4:25-cv-00210-RSB-CLR    Document 1    Filed 09/09/25    Page 35 of 245  10.7.a

_Space Above This Line for Recorder's Use_

After recording, please return to:
McCorkle, Johnson & McCoy, LLP
319 Tattnall Street
Savannah, Georgia 31401
Attn: Phillip R. McCorkle

**STATE OF GEORGIA**

**COUNTY OF CHATHAM**

### QUIT CLAIM DEED

THIS INDENTURE, made the _____ day of _____ , 202_ , between **CHATHAM COUNTY, GEORGIA**, a political subdivision of the State of Georgia, as party or parties of the first part, hereinafter called Grantor, and **THE MAYOR AND ALDERMAN OF THE CITY OF PORT WENTWORTH**, a Georgia municipal corporation, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

#### W I T N E S S E T H:

THAT GRANTOR, FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00) and other good and valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged, has bargained, sold and does by these presents bargain, sell, remise, release and forever quit-claim to Grantee and the successors, legal representatives and assigns of Grantee, all the right, title interest, claim or demand which the Grantor has or may have had in and to that certain property referred to as Saussy Canal and Black Creek, located in Port Wentworth, Chatham County, Georgia, being more particularly described on **Exhibit "A"**, attached hereto and incorporated herein by reference, with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

#0: Quit Claim Deed Exhibit B  (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)

TO HAVE AND TO HOLD the said described premises unto the Grantee, so that Grantor shall not claim or demand any right, title or interest to the aforesaid described premises or its appurtenances.

Signed, sealed and delivered in the presence of:

CHATHAM COUNTY, GEORGIA, a political subdivision of the State of Georgia

_____
Unofficial Witness

By: _____
Its: _____

_____
Notary Public

_____
My Commission Expires:

Attest.
Its: _____

_____

[Seal]

(NOTARIAL SEAL)

TO HAVE AND TO HOLD SUBDIVISION Q. H Chatham c. wPW.doc

#D: Quit Claim Deed Exhibit B (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)

## EXHIBIT "A"

### LEGAL DESCRIPTION

ALL that certain sixty (60) foot wide canal right-of-way located in Port Wentworth, Georgia, sometimes referred to as Saussy Canal and as Black Creek, said right-of-way being acquired in the early 1930's in a series of deeds which include but are not limited to those deeds recorded in Deed Books 28-A, Page 237; 28-I, Page 474; 29-I, Page 475; 28-K, Page 335; 28-K, Page 336; 28-I., Page 80; 28-I., Page 81; 28-I., Page 83; and 29-I, Page 211, Chatham County, Georgia records. The canal rights-of-way are shown in Map Book 2(M), Page 244; Map Book 2(M), Page 280; Map Book 2(M), Page 256A; and Map Book 2(M), Page 256(B), Chatham County, Georgia records.

#D: Quit Claim Deed Exhibit B (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)

10.7.b

**Sherri Oliver**

| From: | Andre Pretorius |
| Sent: | Thursday, March 16. 2023 2:15 PM |
| To: | Jonathan Hart |
| Subject: | FW: Port Wentworth - Saussy Canal, Quit Claim Deed |
| Attachments: | Canal Right of Way Deeds[1].pdf; quit claim deed(3)[37].pdf |

From: Scott Robichaux <scott@robichauxlawfirm.com>
Sent: Thursday, March 16, 2023 1:09 PM
To: Andre Pretorius <anpretorius@chathamcounty.org>
Cc: Alexx Robbins <alexx@robichauxlawfirm.com>
Subject: Port Wentworth - Saussy Canal, Quit Claim Deed

CAUTION: This email originated from outside of Chatham County. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Andre.

Attached are deeds that address the issue of the Saussy Canal dedication as a right of way versus an easement.

The issue is the maintenance of the canal. The County has a master MOU with all of the cities that controls maintenance of a lot of canals in the County. Saussy Canal is not on that list, so it's not maintained by the County. Thus, maintenance of the canal is up to the City.

When the City of Port Wentworth was working through figuring out the best way to address this canal's maintenance, we confirmed that much of the canal is wetlands and under the jurisdiction of the Army Corps of Engineers. The Coprs requires certain permits in order to perform the work of maintaining this canal.

The Corps will not even allow the City of Port Wentworth to apply for the permit, if we can't prove that we're 100% unquestionably the owner. Which brings us back to the unique recording of the canal through rights of ways versus easements. The land including the Saussy Canal was annexed into the City 30 years ago.

What the City is asking for is a simple Quit Claim Deed from the County for any rights the County may have with respect to the Saussy Canal, so that we can move forward with procuring the required permits and start with clearing and maintenance of the canal. Even if the County believes it has no specific property rights over the canal, we would ask for a simply Quit Claim Deed so there is no question to that effect.

Let me know if you have any questions, or if I can provide anything else for you.

~Scott

**Scott C. Robichaux**
*Attorney*

1

#E: Exhibit C Letter from PW attorney explaining request (5648 : Request Board approva to execute quit claim deed in reference to Saussy

Packet Pg. 55

10.7.b



Phone: 912-373-7713
Scott@RobichauxLawFirm.com
329 Eisenhower Dr., Suite A
Savannah, Ga 31406

*This email is from an attorney, and may be subject to confidentiality and privilege. Please consider this if forwarding or saving. If you are not the intended recipient, please delete.*
. . .

2

#E: Exhibit C Letter from PW attorney explaining request (5648 : Request Board approva to execute quit claim deed in reference to Saussy

Packet Pg. 56

10.7.c

RESOLTUION NO. R23-01-XX

**STATE OF GEORGIA**
**COUNTY OF CHATHAM**
**CITY OF PORT WENTWORTH**

## A RESOLUTION ACCEPTING THE QUIT CLAIM DEED
### FOR SAUSSY CANAL

**WHEREAS,** the Mayor and City Council have the general power to provide for the health, safety, and welfare of the citizens of Port Wentworth;

**WHEREAS,** the Mayor and City Council have the power to acquire, dispose of, convey, transfer, or otherwise any real, personal, or mixed property, in fee simple or in lesser interest, inside or outside the City limits;

**WHEREAS,** the Mayor and City Council have the power to acquire, lease, construct, operate, maintain, sell, and dispose of public utilities, including storm water management;

**WHEREAS,** the Mayor and City Council have the power to protect and preserve the natural resources, environment, and vital areas of the City, the region, and the State through such actions including the management of storm water and establishment of a storm water utility;

**NOW, THEREFORE, BE IT RESOLVED** by the City Council of the City of Port Wentworth, Georgia, while in regular session on January 26, 2023, as follows:

I.   Upon review and approval by the City Attorney, the City hereby accepts the Quit Claim Deed from the County for the properties of the Saussy Canal.
II.  The City Manager and City staff shall take such actions deemed necessary or advisable to accomplish this Resolution and real estate transaction.
III. All laws and parts of laws in conflict with this Resolution are hereby repealed.
IV.  This Resolution shall become effective immediately upon its passage and adoption.

**SO RESOLVED** this the 26th day of January, 2023.

Approved:

Gary Norton, Mayor

Attest:

Zahnay Smoak, Clerk of Council

Resolution No. R23-01-XX                    1                    City of Port Wentworth

#F: Resolution (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)

10.7.d



#G: Exhibit A Saussy Canal (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)

10.7.d



#G: Exhibit A Saussy Canal (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)





#G: Exhibit A Saussy Canal (5648 : Request Board approval to execute quit claim deed in reference to Saussy Canal)

10.7.d



#G: Exhibit A Saussy Canal (5648 : Request Board approva to execute quit claim deed in reference to Saussy Canal)



#G: Exhibit A Saussy Canal (5648 : Request Board approve to execute quit claim deed in reference to Saussy Canal)

Exhibit -E

Doc ID: 034384690003 Type: QCD
Recorded: 04/20/2023 at 03:50:40 PM
Fee Amt: $25.00 Page 1 of 3
Chatham, Ga. Clerk Superior Court
Tammie Mosley Clerk Superior Court
BK **3074** PG **287-289**

Space Above This Line for Recorder's Use

After recording, please return to:
Robichaux Law Firm
329 Eisenhower Drive, Suite A
Savannah, Georgia 31406
Attn: Scott C. Robichaux

## STATE OF GEORGIA

## COUNTY OF CHATHAM

### QUIT CLAIM DEED

THIS INDENTURE, made the 14th day of April, 2023, between CHATHAM COUNTY, GEORGIA, a political subdivision of the State of Georgia, as party or parties of the first part, hereinafter called Grantor, and THE MAYOR AND ALDERMAN OF THE CITY OF PORT WENTWORTH, a Georgia municipal corporation, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

### W I T N E S S E T H :

THAT GRANTOR, FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00) and other good and valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged, has bargained, sold and does by these presents bargain, sell, remise, release and forever quit-claim to Grantee and the successors, legal representatives and assigns of Grantee, all the right, title interest, claim or demand which the Grantor has or may have had in and to that certain property referred to as Saussy Canal and Black Creek, located in Port Wentworth, Chatham County, Georgia, being more particularly described on **Exhibit "A"**, attached hereto and incorporated herein by reference, with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

Q:\DATA\WPDATA\9400\9457-01 QCD Chatham Co to PW.doc

**TO HAVE AND TO HOLD** the said described premises unto the Grantee, so that Grantor shall not claim or demand any right, title or interest to the aforesaid described premises or its appurtenances.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

My Commission Expires:

_____
10/23/23

[Notary Seal: CORINTHIA FORD, NOTARY PUBLIC, Comm. Exp. 10/23/23, CHATHAM COUNTY, GA]

Q:\DATA\WPDATA\9400\... Chatham Co. to PW.doc

CHATHAM COUNTY, GEORGIA,
a political subdivision of the State
of Georgia

By: _____
Its: Chairman

Attest: _____
Its: Clerk of Commission

[Seal]

## EXHIBIT "A"

### LEGAL DESCRIPTION

ALL that certain sixty (60) foot wide canal right-of-way located in Port Wentworth, Georgia, sometimes referred to as Saussy Canal and as Black Creek, said right-of-way being acquired in the early 1930's in a series of deeds which include but are not limited to those deeds recorded in Deed Books 28-A, Page 237; 28-I, Page 474; 29-I, Page 475; 28-K, Page 335; 28-K, Page 336; 28-L, Page 80; 28-L, Page 81; 28-L, Page 83; and 29-I, Page 211, Chatham County, Georgia records. The canal rights-of-way are shown in Map Book 2(M), Page 244; Map Book 2(M), Page 280; Map Book 2(M), Page 256A; and Map Book 2(M), Page 256(B), Chatham County, Georgia records.

EXHIBIT F



# CITY OF PORT WENTWORTH

## CITY COUNCIL

### DECEMBER 21, 2023

| Council Meeting Room | Regular Meeting | 7:00 PM |

**7224 GA HIGHWAY 21**
**PORT WENTWORTH, GA 31407**

1.  **CALL MEETING TO ORDER**

2.  **PRAYER AND PLEDGE OF ALLEGIANCE**

3.  **ROLL CALL - CLERK OF COUNCIL**

4.  **APPROVAL OF AGENDA**

5.  **RECOGNITION OF SPECIAL GUESTS**

6.  **PUBLIC COMMENTS - REGISTERED SPEAKERS**

7.  **ELECTIONS & APPOINTMENTS**

8.  **ADOPTION OF MINUTES**

    A.  Regular Council Meeting Minutes -November 30, 2023

9.  **COMMUNICATIONS & PETITIONS**

10. **COMMITTEE REPORTS**

11. **CONSENT AGENDA**

    A.  City Council 2024 Meeting Dates

    B.  Alcoholic Beverage License Application submitted by Samir Patel for a Malt Beverage / Wine Package Retail License for SHRI DWADASH RK Inc., DBA Sunny's Flashmart (7308 Highway 21) located in a P-C-1 (Planned Neighborhood Business)

12. **UNFINISHED BUSINESS**

    A.  Street Parking Ordinance- 2nd Reading

    B.  Amending Chapter 17.1 Human Resources Policy - 2nd Reading

13. **NEW BUSINESS**

    A.  Development Agreement SPH 21

    B.  Fee Schedule Amendment

    C.  Port Wentworth Recreational Complex – Change Order 2

    D.  RFP- New Fire Station

    E.  Landfill Permit Consistency Determination

➢Public Hearing
➢Action

**14.   RESOLUTIONS/ORDINANCES/PROCLAMATIONS**

**15.   EXECUTIVE SESSION**

   A.   Litigation

   B.   Personnel

   C.   Real Estate

**16.   ADJOURNMENT**

13.A



**City Council**
7224 GA Highway 21
Port Wentworth, GA 31407

**SCHEDULED**

Meeting: 12/21/23 07:00 PM
Department: All
Category: Agreement
Prepared By: Zahnay Smoak
Department Head: Steve Davis

**AGENDA ITEM (ID # 2919)**

DOC ID: 2919

# Development Agreement SPH 21

**Issue/Item:** Development Agreement for 762 acres of industrial zoned property

**Background:** On August 26, 2021, the city council approved the rezoning of 762 acres of property to industrial. The development of this property will have an impact to our roads, water, sewer and other city offered services which require infrastructure improvements.

**Facts and Findings:** In furtherance of the goals, purposes, the benefit of the City of Port Wentworth and in the public interest, the city desires the following outlined items in the agreement which the developer agrees to fund for this project in exchange for potable water, wastewater services and relocation of a portion of Saussy Canal.

- Intersection improvements and traffic light installation at Hwy 21
- Saussy Canal drainage improvements
- Two acre site for future City Fire Station
- Installation and use of City Fiber Optic Network for internet services
- Commitment to the vision of City's multiuse pedestrian paths
- Use of Port Wentworth Development Authority
- Payments for dedicated ERU's of water
- Funding for sewer and lift station improvements

**Funding:** N/A

**Recommendation:** Approve

ATTACHMENTS:

- 9457-01 Development Agreement - SPH 12152023.10    (PDF)

13.A.a

State of Georgia
Chatham County

## DEVELOPMENT AGREEMENT

This Agreement is made and entered into this ___ day of _____, 2023, by and between

SPH 21. LLC, a Georgia limited liability company (hereinafter referred to as "SPH"), and the

Mayor and Council of the City of Port Wentworth, the lawfully elected governing authority of Port

Wentworth, a political subdivision of the State of Georgia (hereinafter referred to as the "City").

## RECITALS:

Whereas, SPH is planning the construction of an industrial development on approximately

762 acres, as shown on the General Site Plan attached hereto as Exhibit "A" (the "Project") located

within the city limits of Port Wentworth; and

Whereas, SPH desires certain commitments from the City, with regard to the supply of

potable water and wastewater services for the Project, the relocation of a portion of the Saussy

Canal; and

Whereas, the City desires certain commitments from SPH, with regard to the improvement

of drainage in the Saussy Canal basin, installation of a traffic light on U.S. Highway 21, dedication

of a site for a future fire station, the use by SPH of the City's fiber optic, commitment to the vision

of the City's multi-use trail, and commitment to consider the use of the Port Wentworth

Development Authority; and

Whereas the City finds that the desires and commitments contained herein are consistent

with and in furtherance of the goals, purposes, and to the benefit of the City of Port Wentworth

and are in the public interest, it is hereby agreed as follows:

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

13.A.a

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

## WITNESSETH:

### Section 1. Definition.

*Equivalent Residential Unit or ERU* shall mean the number of residential units to which the water demand of a customer is equivalent, where a single-family residential unit is assumed to have an average demand of 300 gallons per day. The number of ERUs assigned to a building or structure shall be determined in accordance with the water use load factors established by the Water Service Agreement referred to in Section 2.C. herein.

### Section 2. The Public Facilities.

A.   Public Water

   1. The exact capacity needed to serve the Project is not yet known. SPH's good faith estimate is that there will be a total of 8,201,500 square feet of warehouses, with offices, requiring a total of 347 ERUs. SPH shall be responsible, at its sole cost and expense, to construct a public water main ("Water Main") to the Connection Point shown on the Preliminary Engineering Master Plan attached hereto as Exhibit "B".

   2. The City has entered into a Water Service Agreement ("Savannah Water Agreement") with the City of Savannah to assure sufficient capacity to provide potable water to the City, to include this Project.

B.   Public Sewer

   1. Within the Project, two private sanitary sewer on-site lift stations and the private sewer force main shall be installed and discharge at the connection point shown on Exhibit "B" (the "Connection Point").

Packet Pg. 29

SPH shall ensure that the Improvements are of sufficient capacity to serve the Project.

B.    The City shall apply for encroachment permits from the Georgia Department of Transportation on behalf of SPH at the sole expense of SPH.

C.    The City certifies that the Rice Creek lift station (the "Lift Station") currently has sufficient capacity to pump the effluent generated from the Project. However, an increase in the capacity of the Lift Station may be necessary in the future. Therefore, SPH shall pay a reasonable share of the cost of the increase in capacity of the force main by the payment $750,000.00 at the time that occupancy permits for 5,000,000 square feet of buildings in the Project have been issued, with a second payment of $500,000.00 at the time that occupancy permits for a total of 7,500,000 square feet of buildings have been issued or all phases of the Project have been completed, whichever happens first. Should the City adopt an Impact Fee Ordinance SPH shall receive a credit toward any impact feels due for the Project in the same amounts as any payments made hereunder. .

D.    Subject to the satisfaction of the provisions of Section 13 herein, SPH shall ensure that the construction, materials, and installation of the Fiber Optic Cable is compatible with the City's fiber optic system. The construction and installation of the Fiber Optic Cable throughout the Project shall be at SPH's sole expense.

### Section 4. Inspection, Construction and Dedication of On-Site Improvements.

A.    SPH shall provide for inspection of the Improvements by the design engineer during construction and shall ensure compliance with all City design and

Development Agreement – Port Wentworth and SPH

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

13.A.a

construction requirements. SPH shall provide to the City a statement from the design engineer certifying, based on the best of his/her information, knowledge, and belief based on periodic observation, that the materials and workmanship, including but not limited to pipes, bedding, thrust blocks, valves, fire hydrants, pumps, and other related material and work meet the City's specifications and standards.

B.     SPH shall provide two (2) copies of "as built" drawings as well as providing necessary electronic format CAD of the Improvements signed by the design engineer and/or independent inspector. Upon request of the City, the certification shall be substantiated by material affidavits from suppliers and by applicable test results for inflow/infiltration, exfiltration, deflection, pressure, leaks, bacteria, compaction and fire flow tests required by the City. All design, construction, inspection, and other costs incurred to construct the Improvements and connect to the City sewerage collection system and City of Savannah water system shall be borne by SPH. SPH shall hold the City harmless for and indemnify the City against any and all claims for damages or personal injuries caused by or arising from the construction of the Improvements.

C.     Upon completion of the construction of the Improvements, certification by the design engineer, provision of the "as built" drawings, and compliance with any other requirements imposed by the City pursuant to paragraph three (3) of this agreement, the City shall, upon dedication of Water Main, the Public Sewer, and

Attachment: 9457-01 Development Agreement - SPH 12152023.10  (2919 : Development Agreement SPH 21)

Packet Pg. 32

13.A.a

the Fiber Optic Cable by SPH, and subject to approval of the City, which approval shall not be unreasonably withheld, accept title to and assume responsibility for maintenance and operation of those portions of the Public Improvements if located within public easements or right-of-ways, up to but not including individual water or other metering points. This dedication shall include all rights, title, and interest that SPH has in the Public Improvements and also all easements and/or right-of-way required for the purpose of maintenance thereof.

D.    Upon completion of the Public Improvements, SPH shall provide to the City a recordable plat(s) showing all public easements and/or rights-of-way that will contain Public Improvements that are to be owned and maintained by the City.

E.    SPH agrees to bear the cost of repairs to any Improvements accepted by the City for one (1) year following the date of acceptance in the event of a line break.

## Section 5.  Aid-to-Construction Fees.

A.    To assist in the payment of the cost of constructing the City's sewage collection and treatment system and the aid-to-construction fee due to the City pursuant to the Savannah Water Agreement, SPH shall pay to the City aid-to-construction fees as established by the Mayor and Council, in the amount of $7,415.85 per ERU for sewer collection and treatment (the "Aid-To-Construction Fee"). The Aid-To-Construction fee shall apply to all connections made within the Project and shall be due and payable as provided by this Agreement.  SPH agrees that the Aid-To-

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

Packet Pg. 33

Construction fees charged by the City to connect the facility to the City's sewage collection and treatment system and City of Savannah water system is reasonable.

B.     The Project's expected 347 ERUs at $7,415.85 per ERU shall cost SPH $2,573,299.95. In consideration of the reservation by the City of 347 ERUs, SPH shall pay $252,138.90 for the first 34 ERU's to be utilized within the Project with payment for the remaining ERUs to be made as needed in accordance with Section 6 herein. The ERUs may be assigned by SPH to any developer within the Project.

## Section 6. Payment of Aid-To-Construction Fees.

After the first 34, prepaid ERUs have been used by SPH or assigned to a developer within the Project, additional payment of Aid-To-Construction fees shall be made upon receipt of a building permit in accordance with Section 21-29(g) of the Code of the City of Port Wentworth.

### Section 7. Other Fees.

The provision of water and sewer services within the Project shall be subject to all other fees and charges established by ordinance or regulation of the Mayor and Council, including, but not limited to, tap and connection fees. Such fees and charges shall be due and payable as provided by the Mayor and Council. Such fees and charges may be changed from time-to-time by the Mayor and Council.

### Section 8. User Rates.

The City shall charge SPH for water consumption and sewage collection and treatment. Such fees and charges shall be due and payable as provided by the Mayor and Council. Such fees and charges may be changed from time-to-time by the Mayor and Council.

Development Agreement – Port Wentworth and SPH

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

13.A.a

### Section 9.  Term; Renewal.

The initial term of this agreement shall be fifteen (15) years, commencing on
_____, 2023 and ending on _____, 2038. This agreement shall be renewed
automatically on the same terms and conditions herein for an additional five (5) year period.

### Section 10.  Traffic Light; Intersection Improvements.

Subject to a permit being issued by the Georgia Department of Transportation ("DOT") at
SPH's sole cost and expense, SPH shall construct a full service traffic light at the intersection of
the Project entrance road and U.S. Highway 21 as shown on Exhibit "A". The City will cooperate
with SPH in the permitting process. Once approved by the DOT, the traffic light will be constructed
at the time that the first phase of the Project is developed. Should the City adopt an Impact Fee
Ordinance, SPH shall receive a credit toward any impact fees due for the Project for all expenses
of the traffic light including application costs, design, and construction.

### Section 11.  Fire Station Site.

To ensure that adequate City fire protection services are available to the Property, SPH
shall donate two acres on the southwest corner of U.S. Highway 21 and Saussy Road, in the
location generally shown on Exhibit F, for the location of a future fire station. The deed to the fire
station site shall be delivered at the time that the first phase of the Project is developed.

### Section 12.  Property Exchange.

A.      To insure that the stormwater drainage within the Project will be properly designed,
        constructed, and maintained, SPH and the City have determined that it is in the best
        interest of each that the City's Saussy Canal right-of-way be relocated within the
        Project. This will be accomplished by an exchange of property.

Development Agreement – Port Wentworth and SPH

Attachment: 9457-01 Development Agreement - SPH 12152023.10  (2919 : Development Agreement SPH 21)

13.A.a

B.    The City shall convey 13 acres (of which 5.52 acres are uplands), having a value of $1,242,000.00 in exchange for the conveyance by SPH of 18.54 acres (of which 11.95 acres are uplands), having a value of $2,688,750.00. The properties being exchanged are shown on Exhibit D, attached hereto and made a part hereof. The values have been established by appraisal as required by O.C.G.A. §36-37-6(c). The closing of the exchange shall occur at such time as notice has been given pursuant to said code section. The new Saussy Canal shall be designed as shown on Exhibit E attached hereto and made a part hereof.

C.    The portion of the Saussy Canal within the Project shall be maintained by SPH or a property owners association formed by SPH.

### Section 13. City's Fiber Optic.

Provided that the City offers fiber optic cable internet connection(s) at commercially reasonable rates, SPH shall use and encourage the developers within the Project to use the Fiber Optic Cable.

### Section 14. Billboards.

Subject to compliance with the City's Sign Ordinance and any additional approval required from the Georgia Department of Transportation, SPH shall erect two separate use electronic, changeable copy signs ("Billboards") on the U.S. Highway 21 frontage. The City shall have the right to utilize the Billboards for Amber alerts and for a commercially reasonable number of public service announcements.

### Section 15. Port Wentworth Development Authority

The City has created the Port Wentworth Development Authority ("PWDA") pursuant to

Attachment: 9457-01 Development Agreement - SPH 12152023.10  (2919 : Development Agreement SPH 21)

Packet Pg. 36

Georgia state law. Provided that the PWDA has the right to use a sale-leaseback structure that results in the one hundred percent (100%) abatement of ad valorem taxes, SPH shall utilize the PWDA whenever reasonably possible and shall encourage any other developers within the Project to do the same. With the exception of development opportunities referred to SPH by SEDA, SPH shall provide PWDA any proposed development agreement or other proposed agreements it receives from SEDA or any other development authorities, and shall allow PWDA the opportunity to equal or better the abatement of the other proposed agreement(s). This Section shall not prohibit or limit SPH from pursuing development partners outside of PWDA.

### Section 16. Multi-Use Trails

Where reasonable, SPH agrees to work with the City regarding the City's multi-use trail plans. SPH recognizes the value and benefit of having a city-wide multi-use trial system and commits to cooperate with the City to realize this project as long as it does not negatively impact the Project.

### Section 17. Compliance with Laws.

SPH shall comply with all existing City ordinances, rules, and regulations, and any State and Federal law, rules, and regulations at the Project.

### Section 18. Governing Law; Forum Selection.

This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Georgia. Venue for any action arising from this Agreement shall be filed in the Superior Court or State Court of Chatham County, Georgia.

### Section 19. Entire Agreement.

This Agreement shall constitute the entire agreement between the parties.

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

13.A.a

### Section 20. Modification of Agreement.

Any modification or amendment to this Agreement shall be binding only if reduced to writing and approved and executed by both parties.

### Section 21. No Waiver.

The failure of either party to this Agreement to insist upon the performance of any of the terms and conditions of this Agreement, or the waiver of any breach of any of the terms and conditions of this Agreement, shall not be construed as thereafter waiving any such terms and conditions, but the same shall continue and remain in full force and effect as if no such forbearance or waiver had occurred.

### Section 22. Effect of Partial Invalidity.

In the event that any part or subpart of this Agreement is held to be invalid or unenforceable by any court of competent jurisdiction, the parties agree that the remaining provisions shall be deemed to be in full force and effect.

### Section 23. Paragraph Headings.

The headings and subheadings within this Agreement are solely for the convenience of the parties and shall not be construed to modify, explain, or aid in the interpretation of this Agreement.

### Section 24. Notices.

Any notice provided for or concerning this Agreement shall be in writing and shall be deemed sufficiently given upon receipt by certified or registered mail or hand delivery as follows:

If to the City:        City Manager, City of Port Wentworth

                       7224 GA Highway 21

                       Port Wentworth GA 31407

Attachment: 9457-01 Development Agreement - SPH 12152023.10  (2919 : Development Agreement SPH 21)

13.A.a

If to SPH:          SPH 21, LLC

c/o Crossgate Consulting

1960 Satellite Boulevard, Suite 3000

Duluth, Georgia 30097

Attn: Chris Hayes

### Section 25.  Excusable Delay.

Neither the City nor SPH shall be liable to the other or any successor in interest for any loss, cost, or damage arising out of, or resulting from, non-performance or delayed performance of the terms of this Agreement where such non-performance of delayed performance is the result of circumstances or occurrences beyond the reasonable control of the responsible party (each, a "force majeure"), which, as used herein, shall be deemed to include, non-performance or delayed performance resulting from acts of God, strikes, lockouts, blockades, insurrections, riots, explosions, fire, floods, or any other cause not within the reasonable control of the responsible party.

### Section 26.  Assignment.

This Agreement may be assigned in whole or in part by SPH without the prior written approval of the City.  SPH shall promptly notify the City in the event of any assignment. This Agreement shall bind and inure to the benefit of the parties hereto and their successors and assigns.

### Section 27.  Construction of Agreement.

The parties acknowledge that each party has participated in the negotiation and preparation of this Agreement.  This Agreement shall be construed without regard to any presumption or other statute or rule of law requiring construction against the party causing the Agreement to be drafted.

Attachment: 9457-01 Development Agreement - SPH 12152023.10  (2919 : Development Agreement SPH 21)

[INTENTIONALLY LEFT BLANK]

[SIGNATURES ON FOLLOWING PAGE]

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

Development Agreement – Port Wentworth and SPH
Page 13 of 15

13.A.a

IN WITNESS WHEREOF the SPH has executed these presents under seal, and the City

has cause these presents to be executed by its proper officer under seal, affixed, this _____ day of

_____, 2023.

> MAYOR AND COUNCIL OF
> THE CITY OF PORT WENTWORTH
>
> BY:_____
>       GARY NORTON, MAYOR
>
>       ATTEST:_____
> CLERK OF COUNCIL

EXECUTED IN THE PRESENCE OF:

_____
WITNESS

> SPH 21, LLC
>
> BY:_____
>       Name:_____
>       Title:_____

EXECUTED IN THE PRESENCE OF:

_____
WITNESS

Development Agreement – Port Wentworth and SPH
                    Page 14 of 15

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

13.A.a

Exhibit "A"



PROJECT SUMMARY:

PHASE I -
2,629,000 SF
362.15 AC

PHASE II -
5,572,500 SF
404.41 AC

TOTAL -
8,201,500 SF
762.10 AC

PLANS OF
SPH-21 INDUSTRIAL DEVELOPMENT
AT
GA HWY 21 - PORT WENTWORTH, GA

Kern & Co., LLC

Attachment: 9457-01 Development Agreement - SPH 12152023.1D (2919 : Development Agreement SPH 21)

Exhibit "O"

13.A.a



| Existing Route | |
|---|---|
| Upland | 5.52 Ac. |
| Wetland | 5.71 Ac. |
| Total | 11.23 Ac. |
| Proposed Route | |
| Upland | 11.95 Ac. |
| Wetland | 5.63 Ac. |
| Total | 17.58 Ac. |

| Existing GA Power Route | |
|---|---|
| Wetland | 1.77 Ac. |
| Total | 1.77 Ac. |
| Proposed GA Power Route | |
| Wetland | 0.96 Ac. |
| Total | 0.96 Ac. |

105' R/W
40' CANAL
BOTTOM

CANAL
TRANSITION

85' R/W
20' CANAL
BOTTOM

Existing Drainage Easement
Proposed Drainage Easement
Upland
Wetland
Upland
Wetlands

| RLC Project No.: 20-0545 | Saussey Canal Upgrade | Existing v. Proposed Route | RESOURCES+LAND CONSULTANTS |
|---|---|---|---|
| Figure No.: 1 | Chatham County, Georgia | Prepared For: Chris Hayes | |
| Prepared By: SS | | | |

Attachment: 9457-01 Development Agreement - SPH 12152023.10 (2919 : Development Agreement SPH 21)

CANAL
SIDE
LDER
DE

Exhibit – G

Savannah Morning News.

Share 0      Post

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=city of port wentworth&page=1)

**Georgia Real Estate Property Transfers**

# Chatham County Real Estate Property Transfers

## Property Transfer Detail

| | |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | April 12, 2024 |
| Map Number | Portion of 70976 02042, 02043, 01016 and 02041 |
| Deed Book | 3349 |
| Deed Page | 673 |
| Filing Date | April 12, 2024 |
| Seller(s) Type | Business |
| Seller(s) Name | The Mayor and Council of the City of Port Wentworth |
| Buyer(s) Type | Business |
| Buyer(s) Name | SPH 21, LLC |
| Buyer(s) Address | 5 Concourse Parkway, Suite 200, Atlanta, GA 30328 |

Type: QCD
Kind: QUIT CLAIM DEED
Recorded: 4/12/2024 12:44:00 PM
Fee Amt: $25.00 Page 1 of 5
Chatham, Ga. Clerk Superior Court
Tammie Mosley Clerk Superior Court

Participant ID: 3077465587

# BK 3349  PG 673 - 677

---

Space Above This Line for Recorder's Use

After recording, please return to:
McCorkle, Johnson & McCoy, LLP
319 Tattnall Street
Savannah, Georgia 31401
Attn: Phillip R. McCorkle

## STATE OF GEORGIA

## COUNTY OF CHATHAM

### QUIT CLAIM DEED

THIS INDENTURE, made the 12ᵗʰ day of April, 2024, between THE MAYOR AND COUNCIL OF THE CITY OF PORT WENTWORTH, as party or parties of the first part, hereinafter called Grantor, and SPH 21, LLC, a Georgia limited liability company, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

### WITNESSETH:

THAT GRANTOR, FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00) and other good and valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged, has bargained, sold and does by these presents bargain, sell, remise, release and forever quit-claim to Grantee and the successors, legal representatives and assigns of Grantee, all the right, title interest, claim or demand which the Grantor has or may have had in and to that certain property known as a portion of a canal right of way located in the City of Port Wentworth, Chatham County, Georgia, being more particularly described on **Exhibit "A"**, and shown on **Exhibit "B"**, both attached hereto and incorporated herein by reference, with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

O:\DATA\WPDATA\9100\9157-01 QCD to SPH 04182021 2.docx

**TO HAVE AND TO HOLD** the said described premises unto the Grantee, so that Grantor shall not claim or demand any right, title or interest to the aforesaid described premises or its appurtenances other than the rights reserved herein.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

My Commission Expires:

_____
09|29|2024

(NOTARIAL SEAL)

MAYOR AND COUNCIL OF THE
CITY OF PORT WENTWORTH,

By: _____
        Gary Norton, Mayor

Attest: _____
          Shanta M. Searbore, Zahnay Smith
          Clerk of Council

[City Seal]

## EXHIBIT A

COMMENCING AT A CALCULATED POINT ON THE NORTHERLY PORTION OF THE VARIABLE WIDTH RIGHT OF WAY FOR GEORGIA HIGHWAY 30, BEARING THE GEORGIA STATE PLANE COORDINATE SYSTEM (SPC 83), EAST ZONE, COORDINATES OF (Y)805,467.48' USFT, (X)954,815.28 USFT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 89.11', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF N 19°14'25" E, WITH A CHORD LENGTH OF 89.11', TO A RIGHT OF WAY MONUMENT FOUND BROKEN; THENCE S 69°39'41" E A DISTANCE OF 5.00' TO A CALCULATED POINT; THENCE N 20°21'33" E A DISTANCE OF 681.08' TO A CALCULATED POINT; THENCE N 20°21'33" E A DISTANCE OF 397.89' TO A 5/8" IRON REBAR SET WITH CAP; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 259.01', WITH A RADIUS OF 11459.16', WITH A CHORD BEARING OF N 19°42'20" E, WITH A CHORD LENGTH OF 259.00', TO A 5/8" IRON REBAR SET WITH CAP; THENCE N 19°03'29" E A DISTANCE OF 1302.31' TO A CALCULATED POINT; THENCE N 67°55'47" W A DISTANCE OF 1789.64' TO A CALCULATED POINT; THENCE N 65°42'04" W A DISTANCE OF 39.33' TO A CALCULATED POINT; THENCE N 54°56'42" W A DISTANCE OF 136.16' TO A CALCULATED POINT; THENCE N 44°22'30" W A DISTANCE OF 37.15' TO A CALCULATED POINT; THENCE N 38°17'50" W A DISTANCE OF 129.56' TO A CALCULATED POINT; THENCE N 30°25'33" W A DISTANCE OF 448.89' TO A CALCULATED POINT; THENCE N 46°08'08" W A DISTANCE OF 130.24' TO A CALCULATED POINT; THENCE N 66°01'20" W A DISTANCE OF 107.26' TO A CALCULATED POINT; THENCE N 72°45'30" W A DISTANCE OF 91.58' TO A CALCULATED POINT; THENCE N 75°21'14" W A DISTANCE OF 212.70' TO A CALCULATED POINT; THENCE N 75°56'42" W A DISTANCE OF 346.33' TO A CALCULATED POINT; THENCE N 76°28'43" W A DISTANCE OF 317.52' TO A CALCULATED POINT; THENCE N 75°45'15" W A DISTANCE OF 386.54' TO A CALCULATED POINT; THENCE N 75°25'39" W A DISTANCE OF 5.29' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 247.69', WITH A RADIUS OF 592.00', WITH A CHORD BEARING OF S 71°26'39" W, WITH A CHORD LENGTH OF 245.89', TO A CALCULATED POINT; THENCE S 55°21'15" W A DISTANCE OF 577.04' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 402.97', WITH A RADIUS OF 770.20', WITH A CHORD BEARING OF S 42°35'42" W, WITH A CHORD LENGTH OF 398.39', TO A CALCULATED POINT; THENCE S 32°30'36" W A DISTANCE OF 437.20' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 146.43', WITH A RADIUS OF 394.98', WITH A CHORD BEARING OF S 26°58'52" W, WITH A CHORD LENGTH OF 145.59', TO A CALCULATED POINT; THENCE S 14°17'51" W A DISTANCE OF 1212.18' TO A CALCULATED POINT; THENCE S 14°17'30" W A DISTANCE OF 212.78' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 279.77', WITH A RADIUS OF 823.26', WITH A CHORD BEARING OF S 03°51'45" W, WITH A CHORD LENGTH OF 278.43', TO A CALCULATED POINT; THENCE S 09°28'48" E A DISTANCE OF 1465.93' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 243.70', WITH A RADIUS OF 806.96', WITH A CHORD BEARING OF S 23°23'55" E, WITH A CHORD LENGTH OF 242.78', TO A CALCULATED POINT; THENCE S 35°09'41" E A DISTANCE OF 2504.11' TO A CALCULATED POINT; THENCE S 79°28'16" W A DISTANCE OF 66.01' TO A CALCULATED POINT; THENCE N 35°09'41" W A DISTANCE OF 2478.20' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 266.29', WITH A RADIUS OF 866.96', WITH A CHORD BEARING OF N 23°21'38" W, WITH A CHORD LENGTH OF 265.24', TO A CALCULATED POINT; THENCE N 09°28'48" W A DISTANCE OF 1471.49' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 302.46', WITH A RADIUS OF 883.26', WITH A CHORD BEARING OF N 03°48'44" E, WITH A CHORD LENGTH OF 300.98', TO A CALCULATED POINT; THENCE N 14°17'30" E A DISTANCE OF 213.14' TO A CALCULATED POINT; THENCE N 14°17'51" E A DISTANCE OF 1213.23' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 167.03', WITH A RADIUS OF 454.98', WITH A CHORD BEARING OF N 26°44'12" E, WITH A CHORD LENGTH OF 166.10', TO A CALCULATED POINT; THENCE N 32°30'36" E A DISTANCE OF 432.11' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 430.56', WITH A RADIUS OF 830.20', WITH A CHORD BEARING OF N 42°38'39" E, WITH A CHORD LENGTH OF 425.75', TO A CALCULATED POINT; THENCE N 55°21'15" E A DISTANCE OF 577.99' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 149.98', WITH A RADIUS OF 652.00', WITH A CHORD BEARING OF N 65°51'15" E, WITH A CHORD LENGTH OF 149.64', TO A CALCULATED POINT; THENCE N 75°25'39" E A DISTANCE OF 133.22' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING, HAVING AN AREA OF 462,772 SQUARE FEET, 10.624 ACRES.

THE INTENT OF THIS QUIT CLAIM IS TO CONVEY ALL OF THE RIGHT-OF WAY CONVEYED BY CHATHAM COUNTY, GEORGIA TO THE MAYOR AND ALDERMEN OF THE CITY OF PORT WENTWORTH IN DEED DATED APRIL 14, 2023, RECORDED IN DEED BOOK 3074, PAGE 287, CHATHAM COUNTY RECORDS, BETWEEN THE LINE SHOWN AS L20 ON EXHIBIT "B" AND THE LINE SHOWN AS L24 ON EXHIBIT "B"

## EXHIBIT A

COMMENCING AT A CALCULATED POINT ON THE NORTHERLY PORTION OF THE VARIABLE WIDTH RIGHT OF WAY FOR GEORGIA HIGHWAY 30, BEARING THE GEORGIA STATE PLANE COORDINATE SYSTEM (SPC 83), EAST ZONE, COORDINATES OF (Y)805,467.48' USFT, (X)954,815.28' USFT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 21.17', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF S 17°51'39" W, WITH A CHORD LENGTH OF 21.17', TO A CALCULATED POINT; THENCE WITH A COMPOUND CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 767.45', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF S 07°59'43" W, WITH A CHORD LENGTH OF 763.87', TO A 5/8" IRON REBAR SET WITH CAP; THENCE N 85°23'28" W A DISTANCE OF 78.82' TO A 5/8" IRON REBAR SET WITH CAP; THENCE N 86°58'23" W A DISTANCE OF 79.03' TO A 5/8" IRON REBAR SET WITH CAP; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 103.61', WITH A RADIUS OF 425.97', WITH A CHORD BEARING OF S 86°36'34" W, WITH A CHORD LENGTH OF 103.35', TO A 5/8" IRON REBAR SET WITH CAP; THENCE S 82°01'59" W A DISTANCE OF 47.38' TO A 5/8" IRON REBAR SET WITH CAP; THENCE S 80°15'21" W A DISTANCE OF 37.31' TO A 5/8" IRON REBAR SET WITH CAP; THENCE N 13°22'03" W A DISTANCE OF 416.11' TO A 1.5" IRON PIPE FOUND; THENCE S 81°05'59" W A DISTANCE OF 496.01' TO A 2" IRON PIPE FOUND; THENCE S 82°25'11" W A DISTANCE OF 600.96' TO A 4x4" CONCRETE MONUMENT FOUND; THENCE S 82°32'10" W A DISTANCE OF 378.64' TO A 1/2" IRON REBAR FOUND WITH DISK; THENCE S 82°32'10" W A DISTANCE OF 58.75' TO A 3x3" CONCRETE MONUMENT FOUND; THENCE N 13°11'25" W A DISTANCE OF 54.40' TO A 1/2" IRON REBAR FOUND WITH DISK; THENCE N 13°11'25" W A DISTANCE OF 73.45' TO A CALCULATED POINT; THENCE N 52°33'30" W A DISTANCE OF 94.59' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING, THENCE N 52°33'30" W A DISTANCE OF 663 21' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 513.33', WITH A RADIUS OF 217.77', WITH A CHORD BEARING OF N 17°29'19" E, WITH A CHORD LENGTH OF 402.47', TO A CALCULATED POINT; THENCE N 87°01'06" E A DISTANCE OF 218.79' TO A CALCULATED POINT; THENCE S 13°11'25" E A DISTANCE OF 60.97' TO A CALCULATED POINT; THENCE S 87°01'06" W A DISTANCE OF 228.46' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 369.72', WITH A RADIUS OF 157.77', WITH A CHORD BEARING OF S 17°32'01" W, WITH A CHORD LENGTH OF 290.74', TO A CALCULATED POINT; THENCE S 52°33'30" E A DISTANCE OF 588.65' TO A CALCULATED POINT, THENCE S 13°11'25" E A DISTANCE OF 94.59' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING, HAVING AN AREA OF 77,465 SQUARE FEET, 1.778 ACRES.

THE INTENT OF THIS QUIT CLAIM IS TO CONVEY ALL OF THE RIGHT-OF-WAY CONVEYED BY CHATHAM COUNTY, GEORGIA TO THE MAYOR AND ALDERMEN OF THE CITY OF PORT WENTWORTH IN DEED DATED APRIL 14, 2023, RECORDED IN DEED BOOK 3074, PAGE 287, CHATHAM COUNTY RECORDS, BETWEEN THE LINE SHOWN AS L39 ON EXHIBIT "B" AND THE LINE SHOWN AS L42 ON EXHIBIT "B".

# QUITCLAIMED CANAL ROW'S

Exhibit H

Savannah Morning News.

Share 0          Post

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=city of port wentworth&page=1)

Georgia Real Estate Property Transfers

# Chatham County Real Estate Property Transfers

## Property Transfer Detail

| | |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | April 12, 2024 |
| Map Number | Portion of 70976 02039, 02040, 02042, 01015, 01016 |
| Deed Book | 3349 |
| Deed Page | 667 |
| Filing Date | April 12, 2024 |
| Seller(s) Type | Business |
| Seller(s) Name | SPH 21, LLC |
| Buyer(s) Type | Business |
| Buyer(s) Name | The Mayor and Council of the City of Port Wentworth |
| Buyer(s) Address | 7224 Georgia Highway 21, Port Wentworth, GA 31407 |

Type: QCD
Kind: QUIT CLAIM DEED
Recorded: 4/12/2024 12:41:00 PM
Fee Amt: $25.00 Page 1 of 5
Chatham, Ga. Clerk Superior Court
Tammie Mosley Clerk Superior Court

Participant ID: 3077465587

# BK 3349 PG 667 - 671

---

Space Above This Line for Recorder's Use

After recording, please return to:
McCorkle, Johnson & McCoy, LLP
319 Tattnall Street
Savannah, Georgia 31401
Attn: Phillip R. McCorkle

## STATE OF GEORGIA

## COUNTY OF CHATHAM

### <u>QUIT CLAIM DEED</u>

THIS INDENTURE, made the 12th day of April, 2024, between SPH 21, LLC, a Georgia limited liability company, as party or parties of the first part, hereinafter called Grantor, and THE MAYOR AND COUNCIL OF THE CITY OF PORT WENTWORTH, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

### WITNESSETH:

THAT GRANTOR, FOR AND IN CONSIDERATION of the sum of Ten and no/100 Dollars ($10.00) and other good and valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged, has bargained, sold and does by these presents bargain, sell, remise, release and forever quit-claim to Grantee and the successors, legal representatives and assigns of Grantee, all the right, title interest, claim or demand which the Grantor has or may have had in and to that certain property known as a new stormwater canal right-of-way located in the City of Port Wentworth, Chatham County, Georgia, being more particularly described on **Exhibit "A"**, and shown on **Exhibit "B"**, both attached hereto and incorporated herein by reference, with all the rights, members and appurtenances to the said described premises in anywise appertaining or belonging.

RESERVING THEREFROM, the right of Grantor, and its successors or assigns, the right to cross the right-of-way with properly engineered and constructed roads, streets,

Q:\DATA\WPDATA\9400\9457-01 QCD 01182024.1.docx

drives. and utilities in such a manner as to not interfere with the ability of the canal to convey stormwater.

TO HAVE AND TO HOLD the said described premises unto the Grantee, so that Grantor shall not claim or demand any right, title or interest to the aforesaid described premises or its appurtenances other than the rights reserved herein.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

My Commission Expires:

10/17/26

(NOTARIAL SEAL)
FRANK DUE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01DU6442604
Qualified in KINGS County
Commission Expires 10/17/2026

GRANTOR:

SPH 21, LLC,
a Georgia limited liability company

By: _____
Its: _____
MANAGER

EXHIBIT A

COMMENCING AT A CALCULATED POINT ON THE NORTHERLY PORTION OF THE VARIABLE WIDTH RIGHT OF WAY FOR GEORGIA HIGHWAY 30, BEARING THE GEORGIA STATE PLANE COORDINATE SYSTEM (SPC 83), EAST ZONE, COORDINATES OF (Y)805,467.48' USFT, (X)954,815.23' USFT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 89.11', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF N 19°14'25" E, WITH A CHORD LENGTH OF 89.11', TO A RIGHT OF WAY MONUMENT FOUND BROKEN; THENCE S 69°39'41" E A DISTANCE OF 5.00' TO A CALCULATED POINT; THENCE N 20°21'33" E A DISTANCE OF 681.08' TO A CALCULATED POINT; THENCE N 20°21'33" E A DISTANCE OF 397.89' TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 259.01', WITH A RADIUS OF 11459.16', WITH A CHORD BEARING OF N 19°42'20" E, WITH A CHORD LENGTH OF 259.00', TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE N 19°03'29" E A DISTANCE OF 1302.31' TO A CALCULATED POINT; THENCE N 67°55'47" W A DISTANCE OF 1789.64' TO A CALCULATED POINT; THENCE N 65°42'04" W A DISTANCE OF 39.33' TO A CALCULATED POINT; THENCE N 54°56'42" W A DISTANCE OF 136.16' TO A CALCULATED POINT; THENCE N 44°22'30" W A DISTANCE OF 37.15' TO A CALCULATED POINT; THENCE N 38°17'50" W A DISTANCE OF 129.56' TO A CALCULATED POINT; THENCE N 30°25'33" W A DISTANCE OF 448.89' TO A CALCULATED POINT; THENCE N 46°08'08" W A DISTANCE OF 130.24' TO A CALCULATED POINT; THENCE N 66°01'20" W A DISTANCE OF 107.26' TO A CALCULATED POINT; THENCE N 72°45'30" W A DISTANCE OF 91.58' TO A CALCULATED POINT; THENCE N 75°21'14" W A DISTANCE OF 212.70' TO A CALCULATED POINT; THENCE N 75°56'42" W A DISTANCE OF 346.33' TO A CALCULATED POINT; THENCE N 76°28'43" W A DISTANCE OF 317.52' TO A CALCULATED POINT; THENCE N 75°45'15" W A DISTANCE OF 386.54' TO A CALCULATED POINT; THENCE N 75°25'39" W A DISTANCE OF 146.52' TO A CALCULATED POINT; THENCE N 77°45'53" W A DISTANCE OF 196.02' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING; THENCE S 40°21'34" W A DISTANCE OF 717.46' TO A CALCULATED POINT, THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 35.38', WITH A RADIUS OF 15.00', WITH A CHORD BEARING OF S 27°12'23" E, WITH A CHORD LENGTH OF 27.73', TO A CALCULATED POINT; THENCE S 85°13'15" E A DISTANCE OF 21.06' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 267.82', WITH A RADIUS OF 170.50', WITH A CHORD BEARING OF S 49°46'20" E, WITH A CHORD LENGTH OF 241.12', TO A CALCULATED POINT; THENCE S 04°46'20" E A DISTANCE OF 852.03' TO A CALCULATED POINT; THENCE S 41°00'45" W A DISTANCE OF 97.38' TO A CALCULATED POINT; THENCE S 85°13'40" W A DISTANCE OF 654.95' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 16.50', WITH A RADIUS OF 10.50', WITH A CHORD BEARING OF S 40°13'18" W, WITH A CHORD LENGTH OF 14.85', TO A CALCULATED POINT; THENCE S 04°47'04" E A DISTANCE OF 1183.64' TO A CALCULATED POINT; THENCE S 07°25'10" E A DISTANCE OF 1415.98' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 433.58', WITH A RADIUS OF 545.48', WITH A CHORD BEARING OF S 15°20'37" W, WITH A CHORD LENGTH OF 422.26', TO A CALCULATED POINT; THENCE S 82°14'08" W A DISTANCE OF 29.07' TO A CALCULATED POINT; THENCE S 38°54'50" W A DISTANCE OF 427.06' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 223.39', WITH A RADIUS OF 250.00', WITH A CHORD BEARING OF S 13°18'54" W, WITH A CHORD LENGTH OF 216.03', TO A CALCULATED POINT; THENCE S 12°17'01" E A DISTANCE OF 1499.49' TO A CALCULATED POINT; THENCE S 12°14'53" E A DISTANCE OF 324.21' TO A CALCULATED POINT; THENCE S 77°45'07" W A DISTANCE OF 85.00' TO A CALCULATED POINT; THENCE N 12°14'53" W A DISTANCE OF 324.16' TO A CALCULATED POINT; THENCE N 12°17'01" W A DISTANCE OF 1529.81' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 276.87', WITH A RADIUS OF 359.50', WITH A CHORD BEARING OF N 16°51'02" E, WITH A CHORD LENGTH OF 270.08', TO A CALCULATED POINT; THENCE N 38°54'50" E A DISTANCE OF 432.37' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 356.28', WITH A RADIUS OF 440.50', WITH A CHORD BEARING OF N 15°44'34" E, WITH A CHORD LENGTH OF 346.65', TO A CALCULATED POINT; THENCE N 07°25'10" W A DISTANCE OF 1418.40' TO A CALCULATED POINT; THENCE N 04°47'04" W A DISTANCE OF 1223.58' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE RIGHT WITH AN ARC LENGTH OF 122.53', WITH A RADIUS OF 77.98', WITH A CHORD BEARING OF N 40°13'40" E, WITH A CHORD LENGTH OF 110.31', TO A CALCULATED POINT; THENCE N 85°13'40" E A DISTANCE OF 662.25' TO A CALCULATED POINT; THENCE N 04°46'20" W A DISTANCE OF 814.94' TO A CALCULATED POINT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 104.47', WITH A RADIUS OF 70.50', WITH A CHORD BEARING OF N 47°13'29" W, WITH A CHORD LENGTH OF 95.17', TO A CALCULATED POINT; THENCE N 89°40'37" W A DISTANCE OF 131.74' TO A CALCULATED POINT; THENCE N 04°46'20" W A DISTANCE OF 105.97' TO A CALCULATED POINT; THENCE N 40°21'34" E A DISTANCE OF 757.34' TO A CALCULATED POINT; THENCE S 77°45'53" E A DISTANCE OF 68.03' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING, HAVING AN AREA OF 773,730 SQUARE FEET, 17.762 ACRES.

## EXHIBIT A

COMMENCING AT A CALCULATED POINT ON THE NORTHERLY PORTION OF THE VARIABLE WIDTH RIGHT OF WAY FOR GEORGIA HIGHWAY 30, BEARING THE GEORGIA STATE PLANE COORDINATE SYSTEM (SPC 83), EAST ZONE, COORDINATES OF (Y)805,467.48' USFT, (X)954,815.28' USFT; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 21.17', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF S 17°51'39" W, WITH A CHORD LENGTH OF 21.17', TO A CALCULATED POINT; THENCE WITH A COMPOUND CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 767.45', WITH A RADIUS OF 2290.03', WITH A CHORD BEARING OF S 07°59'43" W, WITH A CHORD LENGTH OF 763.87', TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE N 85°23'28" W A DISTANCE OF 78.82' TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE N 86°58'23" W A DISTANCE OF 79.03' TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE WITH A CURVE TURNING TO THE LEFT WITH AN ARC LENGTH OF 103.61', WITH A RADIUS OF 425.97', WITH A CHORD BEARING OF S 86°36'34" W, WITH A CHORD LENGTH OF 103.35', TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE S 82°01'59" W A DISTANCE OF 47.38' TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE S 80°15'21" W A DISTANCE OF 37.31' TO A 5/8" IRON REBAR FOUND WITH CAP; THENCE N 13°22'03" W A DISTANCE OF 416.11' TO A 1.5" IRON PIPE FOUND, THENCE S 81°05'59" W A DISTANCE OF 496.01' TO A 2 ' IRON PIPE FOUND; THENCE S 82°25'11" W A DISTANCE OF 600.96' TO A 4x4" CONCRETE MONUMENT FOUND; THENCE S 82°32'10" W A DISTANCE OF 378.64' TO A 1/2" IRON REBAR FOUND WITH DISK; THENCE S 82°32'10" W A DISTANCE OF 58.75' TO A 3x3" CONCRETE MONUMENT FOUND; THENCE N 13°11'25" W A DISTANCE OF 54.40' TO A 1/2" IRON REBAR FOUND WITH DISK; THENCE N 13°11'25" W A DISTANCE OF 73.45' TO A CALCULATED POINT; THENCE N 13°11'25" W A DISTANCE OF 94.59' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING; THENCE N 52°33'30" W A DISTANCE OF 94.59' TO A CALCULATED POINT, THENCE N 13°11'25" W A DISTANCE OF 664.53' TO A CALCULATED POINT; THENCE N 87°01'06" E A DISTANCE OF 60.97' TO A CALCULATED POINT; THENCE S 13°11'25" E A DISTANCE OF 726.85' TO A CALCULATED POINT; WHICH IS THE TRUE POINT OF BEGINNING, HAVING AN AREA OF 41,741 SQUARE FEET, 0.958 ACRES.

# NEW CANAL ROW'S



**Markets Served**

Exhibit I

Exhibit J

*Savannah Morning News*    **Home    News    Sports    Entertainment    Lifestyle    Opinion    Business    Obituaries**

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

- Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

Georgia Real Estate Property Transfers

# Chatham County Real Estate Property Transfers

Property Transfer Detail

| | |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | May 14, 2025 |
| Map Number | Part of 70906 01001B, 70975 01016 & 70976 02041 |
| Acres | 78.20 |
| Deed Book | 3669 |
| Deed Page | 75 |
| Filing Date | May 14, 2025 |
| Seller(s) Type | Business |
| Seller(s) Name | SPH 21, LLC, a Georgia limited liability company |
| Buyer(s) Type | Business |
| Buyer(s) Name | DPIF4 GA 15 PWCC A, LLC, a Delaware limited liability company |
| Buyer(s) Address | 5500 Equity Avenue, Reno, NV 89502 |
| Actual Value | $7,689,216.00 |
| Net Tax | $7,689,210.00 |
| Tax Due | $7,689.30 |

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

6/8/25, 4:52 PM                                    GEORGIA

Exhibit K

 **GEORGIA**
**CORPORATIONS DIVISION**

GEORGIA SECRETARY OF STATE
**BRAD RAFFENSPERGER**

HOME (/)

**BUSINESS SEARCH** 

**BUSINESS INFORMATION**

| | |
|---|---|
| Business Name: | **DPTF4 GA 15 PWCC A, LLC** |
| Business Type: | **Foreign Limited Liability Company** |
| NAICS Code: | **Any legal purpose** |
| Principal Office Address: | **5500 Equity Avenue, Reno, NV, 89502, USA** |
| Jurisdiction: | **Delaware** |
| Principal Record Address: | **5500 Equity Avenue, Reno, NV, 89502, USA** |

| | |
|---|---|
| Control Number: | **25084583** |
| Business Status: | **Active/Compliance** |
| NAICS Sub Code: | |
| Date of Formation / Registration Date: | **4/21/2025** |
| Last Annual Registration Year: | **NONE** |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Registered Agent Name: | **Cogency Global Inc.** |
| Physical Address: | **900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, USA** |
| County: | **Fulton** |

Back                    Filing History      Name History      Return to Business Search



# Michael C. Dermody

Executive Chairman

Exhibit L



Michael C. Dermody joined the firm in 1976, becoming President and CEO in 1982. Four decades later, he has shaped and developed a well-respected culture that attracts and retains the industry's best partners, team members and customers. Under his leadership, the company's portfolio grew from 2.5 million square feet into a fully integrated, national real estate company with over 7.8 billion assets under management.

Although Dermody began as a family business, it quickly became a national industrial development organization through its alignment with institutional partners such as CalPERS, CalSTRS, and Lazard Freres. In 2007, taking advantage of an unprecedented real estate market opportunity, the company sold its 25 million square foot portfolio to Prologis in what was heralded as one of the largest portfolio transactions in industrial real estate.

Today, the company continues to excel through an outstanding national team of experienced development professionals in key markets, an excellent land base and strategic investment partners. With 80+ employees, it has invested/developed more than 110 million square feet of logistic facilities. It has nine regional offices throughout the country in addition to its headquarters in Reno, Nevada. The regional model creates an alignment of interests that allows the company to react quickly and stay focused on its core business of investing in and developing logistics real estate.

Since streamlining its name to Dermody in 2025, Mr. Dermody continues to integrate the company's deep history and culture into its future trajectory. As a mark of commitment and accountability, Mr. Dermody continues to sign every lease, as he has done since 1983.

Born in Reno, Mr. Dermody attended schools in Reno and graduated high school from Interlochen Arts Academy in Michigan. He studied in Switzerland and France, including the University of Bordeaux, and he obtained his Bachelor of Science from the University of Colorado in 1972 and a J.D. from Gonzaga University in 1976.

A deep commitment to community service and charitable giving has been a cornerstone of Mr. Dermody's personal and career philosophy. This commitment has become ingrained in the company's culture. In 1988, the Dermody Properties Foundation was created; it is solely managed and directed by the employees of Dermody and benefits the communities in which the company does business. In 1985, Dermody established The Children's Cabinet, a non-profit agency that serves the needs of 12,000 families in northern Nevada annually. In 1998, Mr. Dermody founded Sage Ridge School, an independent secondary school with a uniquely integrated core curriculum, ranked in the top 50 nationally. In 2007, the annual Thanksgiving Capstone Award was created as a means of recognizing the most significant need each year in selected communities in which the company does business.

Mr. Dermody and his wife Tammy live in Reno and have four children and six grandchildren. He enjoys grandparenting, woodturning, traveling with his family, skiing, hunting, and fishing.

Subscribe to our email updates for the latest information on all of our projects.

Email Address                                                                                              ↗





CONTACT

## Wes Hardy

PARTNER, SOUTHEAST REGION

whardy@dermody.com

GET IN TOUCH ↗     VIEW BIO ↗



# More in the Southeast Region

SEE ALL IN THIS REGION ↗

113,865 SF

## LogistiCenter® at Bright Star, Building 1

BRIGHT STAR CONNECTOR, DOUGLASVILLE GA, 30134

VIEW PROPERTY ↗

68,499 SF

## LogistiCenter® at Bright Star, Building 2

BRIGHT STAR CONNECTOR, DOUGLASVILLE GA, 30134

VIEW PROPERTY ↗

116,848 SF

## 3640 Royal South

3640 ROYAL SOUTH PARKWAY, ATLANTA GA, 30349

VIEW PROPERTY ↗

Subscribe to our email updates for the latest information on all of our projects.

Email Address    ↗

 **DERMODY**

Team
Regions & Markets
Capabilities
History & Values
Properties
Search
Contact Us

Contact Us
News
Career Login

 

**Savannah Morning News**    Home    News    Sports    Entertainment    Lifestyle    Opinion    Business    Obituaries

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

Georgia Real Estate Property Transfers

# Chatham County Real Estate Property Transfers

Property Transfer Detail

| | |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | May 14, 2025 |
| Map Number | Part of 70976 02041, 70975 01016, 70906 01026Z etc |
| Acres | 61.63 |
| Deed Book | 3669 |
| Deed Page | 24 |
| Filing Date | May 14, 2025 |
| Seller(s) Type | Business |
| Seller(s) Name | SPH 21, LLC, a Georgia limited liability company |
| Buyer(s) Type | Business |
| Buyer(s) Name | DPIF4 GA 16 PWCC B, LLC, a Delaware limited liability company |
| Buyer(s) Address | 5500 Equity Avenue, Reno, NV 89502 |
| Actual Value | $10,566,384.00 |
| Net Tax | $10,566,384.00 |
| Tax Due | $10,566.40 |

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

6/8/25, 4:53 PM                                    GEORGIA





## GEORGIA
## CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH 

### BUSINESS INFORMATION

| | |
|---|---|
| Business Name: | **DPIF4 GA 16 PWCC B, LLC** |
| Business Type: | **Foreign Limited Liability Company** |
| NAICS Code: | **Any legal purpose** |
| Principal Office Address: | **5500 Equity Avenue, Reno, NV, 89502, USA** |
| Jurisdiction: | **Delaware** |
| Principal Record Address: | **5500 Equity Avenue, Reno, NV, 89502, USA** |

| | |
|---|---|
| Control Number: | **25084587** |
| Business Status: | **Active/Compliance** |
| NAICS Sub Code: | |
| Date of Formation / Registration Date: | **4/21/2025** |
| Last Annual Registration Year: | **NONE** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Cogency Global Inc.** |
| Physical Address: | **900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, USA** |
| County: | **Fulton** |

Back                          Filing History    Name History    Return to Business Search

Exhibit P

*Savannah Morning News*    Home    News    Sports    Entertainment    Lifestyle    Opinion    Business    Obituaries

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

Georgia Real Estate Property Transfers

# Chatham County Real Estate Property Transfers

Property Transfer Detail

|  |  |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | May 15, 2025 |
| Map Number | 70975 01016, 70975 01016, 70975 01017A, 70975 0102 |
| Deed Book | 3669 |
| Deed Page | 32 |
| Filing Date | May 15, 2025 |
| Seller(s) Type | Business |
| Seller(s) Name | SPH 21, LLC, a Georgia limited liability company |
| Buyer(s) Type | Business |
| Buyer(s) Name | PWCC LANDCO MAIN, LLC, a Delaware limited liability company |
| Buyer(s) Address | 5500 Equity Avenue, Reno, NV 89502 |
| Actual Value | $145,765,800.00 |
| Net Tax | $145,765,800.00 |
| Tax Due | $145,765.00 |

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

6/8/25, 4:50 PM                                        GEORGIA                    Exhibit Q

 **GEORGIA**
**CORPORATIONS DIVISION**

GEORGIA SECRETARY OF STATE
**BRAD RAFFENSPERGER**



HOME (/)

---

## BUSINESS SEARCH

---

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | PWCC Landco Main, LLC | Control Number: | 25096760 |
| Business Type: | Foreign Limited Liability Company | Business Status: | Active/Compliance |
| NAICS Code: | Any legal purpose | NAICS Sub Code: | |
| Principal Office Address: | c/o PWCC Holdings L.P., 5500 EQUITY AVE, Reno, NV, 89502, USA | Date of Formation / Registration Date: | 5/8/2025 |
| Jurisdiction: | Delaware | Last Annual Registration Year: | NONE |
| Principal Record Address: | c/o PWCC Holdings L.P., 5500 EQUITY AVE, Reno, NV, 89502, USA | | |

---

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | Cogency Global Inc. |
| Physical Address: | 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076, USA |
| County: | Fulton |

Back                    Filing History        Name History        Return to Business Search

Exhibit R

Savannah Morning News     **Home**   **News**   **Sports**   **Entertainment**   **Lifestyle**   **Opinion**   **Business**   **Obituaries**

Data Central (/)  |  Georgia Real Estate Property Transfers (/georgia-real-estate-property-transfers)

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)

Georgia Real Estate Property Transfers

# Chatham County Real Estate Property Transfers

Property Transfer Detail

| | |
|---|---|
| Property Address | Unknown |
| Property County | Chatham |
| Sales Date | May 7, 2025 |
| Map Number | 70975 01015, 70975 01016, 70975 01017A, el al |
| Deed Book | 3662 |
| Deed Page | 321 |
| Filing Date | May 7, 2025 |
| Seller(s) Type | Business |
| Seller(s) Name | SPH 21, LLC |
| Buyer(s) Type | Business |
| Buyer(s) Name | Port Wentworth Commerce Center Property Owners Association, Inc. |
| Buyer(s) Address | 5 Concourse Parkway Suite 200, Atlanta, GA 30328 |

← Go Back (/georgia-real-estate-property-transfers/?county=Chatham&searchtext=SPH&page=1)



**GEORGIA**
**CORPORATIONS DIVISION**

GEORGIA SECRETARY OF STATE
**BRAD RAFFENSPERGER**

HOME (/)

**BUSINESS SEARCH**

---

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **Port Wentworth Commerce Center Property Owners Association, Inc.** | Control Number: | **25075195** |
| Business Type: | **Domestic Nonprofit Corporation** | Business Status: | **Active/Compliance** |
| NAICS Code: | **Any legal purpose** | NAICS Sub Code: | |
| Principal Office Address: | **5 Concourse Parkway, Suite 300, Atlanta, GA, 30328, USA** | Date of Formation / Registration Date: | **4/14/2025** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **NONE** |

---

### REGISTERED AGENT INFORMATION

Registered Agent Name: **Jason Morgan**

Physical Address: **5 Concourse Parkway, Suite 300, Atlanta, GA, 31328, USA**

County: **Fulton**

Back                    Filing History    Name History    Return to Business Search

Exhibit T

### GEORGIA
### CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
## BRAD RAFFENSPERGER

HOME (/)

**BUSINESS SEARCH**

BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | SPH 21, LLC | Control Number: | 20234506 |
| Business Type: | **Domestic Limited Liability Company** | Business Status: | **Active/Compliance** |
| NAICS Code: | **Real Estate and Rental and Leasing** | NAICS Sub Code: | **Other Activities Related to Real Estate** |
| Principal Office Address: | **5 Concourse Pkwy, Suite 200, Atlanta, GA, 30328, USA** | Date of Formation / Registration Date: | **12/1/2020** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **2025** |

REGISTERED AGENT INFORMATION

Registered Agent Name: **Kendra Noyes**

Physical Address: **5 Concourse Pkwy, Suite 200, Atlanta, GA, 30328, USA**

County: **Fulton**

Back                    Filing History    Name History    Return to Business Search

 Gmail

Exhibit U
LaRay Benton <laraybenton@gmail.com>

---

**Benton v. SPH; U.S. District Court, Northern District of Georgia, Case # 1:25-cv-1663**
4 messages

Chris Hayes <chayes@crossgateconsulting.com>                                    Tue, Jun 17, 2025 at 6:34 PM
To: "laraybenton@gmail.com" <laraybenton@gmail.com>

Laray,

Please email me copies of all filings in the above-referenced case.

Thanks,

Chris

---

Chris Hayes <chayes@crossgateconsulting.com>                                    Wed, Jun 18, 2025 at 12:45 PM
To: "laraybenton@gmail.com" <laraybenton@gmail.com>

Laray,

Wanted to follow up with you regarding you sending me the above-referenced documents.

Please let me know when you expect to forward.

Thanks again.

Chris

Sent from my iPhone

---

LaRay Benton <laraybenton@gmail.com>                                          Wed. Jun 18, 2025 al 2:21 PM
To: Chris Hayes <chayes@crossgateconsulting.com>
Bcc: mulberry912@aol.com

Chris,

My scanner on my printer appears to not be working properly that will enable me to email everything to you. I tried both yesterday and today...

Additionally, the Fulton County sheriff department has already delivered and served a copy of the summons, the complaint, and all supporting documents to you on June 12, 2025. So you have a copy of all the pleadings filed in this case. However, what I am willing to do in order to be in compliance with federal law is that I will mail you a copy of the original complaint and exhibits, as well as copies of the additional pleadings that I intend to file in this case by tomorrow via certified mail. As such, please give me a mailing address that you would like for me to use, otherwise I will mail everything to the corporate address given on the Georgia Attorney General's website for you and your companies.

Alternately you or Steve Brock can go up to the clerks office yourself at the US District Court there in Atlanta, you can take a USB drive with you and they will download all of the documents onto the drive for your convenience in the short term.

Sincerely,

Sent from my iPhone

LaRay J Benton, CEO
LJB Enterprises, LLC
864-357-4545

"For the battle is not mines... it's the Lord's ⚔"

On Jun 18, 2025, at 12:45 PM, Chris Hayes <chayes@crossgateconsulting.com> wrote:

[Quoted text hidden]

---

Chris Hayes <chayes@crossgateconsulting.com>                                  Wed, Jun 18, 2025 at 3:24 PM
To: LaRay Benton <laraybenton@gmail.com>

Please send to -
Chris Hayes
SPH 21,LLC
5 Concourse Parkway, Suite 200
Atlanta,GA 30328

Sent from my iPhone

On Jun 18, 2025, at 2:22 PM, LaRay Benton <laraybenton@gmail.com> wrote:

Chris,
[Quoted text hidden]



Delivering Q2 2026
**Building A:** 538,775 SF
**Building B:** 740,375 SF

Exhibit V

# Port Wentworth Commerce Center

Savannah, GA

A multi-phase industrial development project with **18 buildings totaling up to 10.25 Million SF**


**DERMODY**

CBRE

Dermody.com

# Project Overview
## Port Wentworth Commerce Center



**Master Planned Business Park Under Single Ownership**

### Delivering Q2 2026

- Building A: 538,775 SF
- Building B: 740,375 SF

### Additional Buildings

- Building C-1: 334,800 SF
- Building C-2: 318,060 SF
- Building C-3: 367,200 SF
- Building D: 1,077,300 SF
- Building E: 1,354,320 SF
- Building F: 482,220 SF
- Building G: 430,920 SF
- Building H: 427,680 SF
- Building I: 617,760 SF
- Building J: 982,800 SF
- Building K: 234,360 SF
- Building L: 201,500 SF
- Building M: 936,000 SF
- Building N: 464,000 SF
- Building O: 385,000 SF
- Building P: 248,000 SF

**All Buildings Available Now for Built-to-Suit**

**\*Please inquire for more project details**

# Location Aerial
## Port Wentworth Commerce Center



### Project Details

- 1,065 Acres of Master Planned Business Park Project

- Located in Foreign Trade Zone

- Both Class One Railroads (Norfolk-Southern & CSX) at the Site

- Georgia Power Substation On-Site

- 1 Gigawatt of power service available

- 2.2-mile road construction in progress

- All entitlements in-place for quick building delivery

# Building Specifications
## Building A | Delivering Q2 2026



190' CONC. TRUCK COURT

**BUILDING A**
**538,775 SF**

AUTO PARKING: 244
TRAILER PARKING: 176

1120'

470'

190' CONC. TRUCK COURT

## Building A

| Footprint: | ±538,775 SF |
|---|---|
| Truck Courts: | 190' deep |
| Trailer Parks: | 176 |
| Truck Drives – Loop Roads: | 30' wide |
| Auto Parks: | 244 |
| Drive-in Ramps: | (6) at corners and in center of loading dock |
| Clear Height: | 42' one bay in from dock wall |
| Floor: | 8" Slab |
| Bay Spaces: | 56' x 50' with 60' speed bay |
| Dock Positions: | 107 – 36 positions equipped with 45k mechanical levelers |
| Roof: | R-25, 60 Mil TPO |
| Electrical Service: | Set up to accommodate (2) 3,000A Services |
| Air Changes: | 3 per hour |
| Spec Office: | ±5,600 SF |
| Lighting: | 30FC |

DERMODY

# Building Specifications
## Building B | Delivering Q2 2026



190' CONC. TRUCK COURT

**BUILDING B**
740,375 SF

AUTO PARKING: 360
TRAILER PARKING: 224

1400'
520'

190' CONC. TRUCK COURT

DERMODY

**Building B**

| Footprint: | ±740,375SF |
|---|---|
| Truck Courts: | 190' deep |
| Trailer Parks: | 224 |
| Truck Drives – Loop Roads: | 30' wide |
| Auto Parks: | 360 |
| Drive-in Ramps: | (6) at corners and in center of loading dock |
| Clear Height: | 42' one bay in from dock wall |
| Floor: | 8" Slab |
| Bay Spaces: | 56' x 50 with 60' speed bay |
| Dock Positions: | 140 – 36 positions equipped with 45k mechanical levelers |
| Roof: | R-25, 60 Mil TPO |
| Electrical Service: | Set up to accommodate (2) 3,000A Services |
| Air Changes: | 3 per hour |
| Spec Office: | ±5,600 SF |
| Lighting: | 30FC |

# Location

*Port Wentworth Commerce Center
- Where Location Meets World
Class Opportunity*

Proximity to Port of Savannah.
Just 6.5 miles from the Garden City
Terminal, the third largest and fastest
growing Port in the Nation.

Direct Highway Access.
The project features signalized access to
Hwy 21, providing direct connectivity to
I-95 and I-16.

| Key Locations | Miles |
|---|---|
| Garden City Terminal | 6.5 |
| Ocean Terminal | 11.1 |
| I-95 | 1.0 |
| I-16 | 16.7 |

DERMODY







# Savannah Market Overview
## Port of Savannah - 3rd Busiest Container Port in the U.S.



## Georgia Ports Authority

**$1.2B**
investement in its facilities in the last 10 years

**$4.2B**
investement planned by 2035

**2**
Modern and deepwater terminals

**12-13M**
TEUs by 2032

**$122B**
Annual economic impact

**#1**
Garden City Terminal is the
single largest container
terminal in North America

**#1**
Fastest growing
container
port in the Nation

**#2**
Largest
East Coast
Port

**#3**
Busiest port
in the
Nation

## Market Highlights

- Conveniently located at the intersection of I-95 and I-16, offering unparalleled access to all major southeast markets.
- Savannah MSA population has increased by 22% over the past 15 years with portions of the MSA being amongst the fastest growing regions in the nation.
- The Hyundai EV and battery plant, the largest investment ever in Georgia at $5.5B, opended in Q1 2025, creating 8,100 jobs.
- The Georgia Port's Authority owns and operates all terminal facilities, creating unmatched flexibility and efficiency to meet the needs of customers.
- Savannah's location offers overnight truck service to the entire Southeast along with connectivity to over 80% of the US population within a two-day drive.
- Fort Stewart and Hunter Army Airfield are key employers, hosting over 28,000 defense personnel and retiring 3,500 soldiers into the civilian workforce on an annual basis.

Click to Learn More About GA
Ports Authority's Growth



**Port Wentworth Commerce Center**
Savannah, GA

## CBRE

**Bill Sparks, SIOR**
CBRE, Inc.
Executive Vice President
(912) 659 - 1147
bill.sparks@cbre.com

**Preston Andrews**
CBRE, Inc.
First Vice President
(912) 484 -1510
preston.andrews@cbre.com

## About Dermody

Dermody is a privately-owned real estate investment, development and management firm that specializes in the acquisition and development of logistics real estate in strategic locations for e-commerce fulfillment centers, third-party logistics and distribution customers. Founded in 1960, Dermody has invested more than $10 billion of total capital across all platforms nationwide, having acquired and developed approximately 110 million square feet of logistics and industrial facilities. In addition to its corporate office in Reno, Nevada, it has regional offices in Atlanta, Chicago, Dallas, Indianapolis, New Jersey, Northern California, Phoenix, Seattle and Southern California. For more information, visit www.Dermody.com.

## About the LogistiCenter® Brand

LogistiCenter® is a national trademark brand, owned and developed by Dermody. It represents the firm's business philosophy of developing Class A distribution facilities that meet the supply-chain requirements of the most innovative companies.

All LogistiCenter® facilities are designed to meet best practices in sustainable design and construction, and incorporate building features, such as additional clear height and extra trailer and car parking, that enable companies to execute their operations more effectively and efficiently.



Dermody.com



+/-10 MSF Planned Development

# Port Wentworth Commerce Center

⚲ PORT WENTWORTH COMMERCE CENTER , SAVANNAH, GA

## Southeast's Largest Logistics Development Near Port of Savannah

Port Wentworth Commerce Center is a master-planned logistics project located 6.5 miles from the Port of Savannah. Expected to be the largest near-port logistics development to begin construction in the Southeastern United States in 2025, the development will offer more than 10 million square feet of logistics real estate and serve as the premier port-centric logistics park on the Eastern Seaboard.

This development provides immediate access to major transportation infrastructure. Located one mile from Interstate 95, the primary north-south interstate corridor on the East Coast, it also offers Class One rail service from rail located on site.

The site also features exceptional power infrastructure, most notably capacity and availability. It is located adjacent to dual 230KV transmission lines, and a Georgia Power-owned 115KV substation located on-site. The project has been identified as one of a few locations in the State of Georgia with capacity to provide one gigawatt of power service. Its proximity to generation sources—just eight miles north of Georgia Power's Plant McIntosh, a natural gas-powered production facility—reinforces the site's ability and reliability to support high-capacity power users.

**Two speculative buildings will be ready Q2 2026.**

**Building A: 538,775 SF**

**Building B: 740,375 SF**

DOWNLOAD THE BROCHURE ↗

# Site Plan



# About the Location

The Port of Savannah is the fastest-growing port in the United States and the third busiest seaport in the U.S. The location is the closest to a major U.S. seaport that can accommodate multiple buildings of 1 million SF or greater. The scale of the site, its location in one of the nation's top logistics markets, and its infrastructure support make it ideally suited for companies requiring a solution to their supply chain needs.

Situated within a designated Foreign Trade Zone, the development allows tenants to defer, reduce or eliminate tariffs on imported goods, providing a competitive advantage for global supply chain operations.

Exhibit X

CISION

# Dermody Announces Port Wentworth Commerce Center, the Southeast's Largest Logistics Development Near Port of Savannah

PR Newswire

Thu, June 19, 2025 at 11:00 AM EDT • 5 min read

SAVANNAH, Ga., June 19, 2025 /PRNewswire/ -- Dermody—a diversified private equity investment management company focused exclusively on the national logistics real estate sector—is pleased to announce the launch of Port Wentworth Commerce Center, a master-planned logistics project located 6.5 miles from the Port of Savannah. Expected to be the largest near-port logistics development to begin construction in the Southeastern United States in 2025, the development will offer more than 10 million square feet of logistics real estate and serve as the premier port-centric logistics park on the Eastern Seaboard.



Dermody announces Port Wentworth Commerce Center, the Southeast's largest planned logistics development.

Port Wentworth Commerce Center provides immediate access to major transportation infrastructure. Located one mile from Interstate 95, the primary north-south interstate corridor on the East Coast, it also offers Class One rail service from rail located on site. Situated within a designated Foreign Trade Zone, the development allows tenants to defer, reduce or eliminate tariffs on imported goods, providing a competitive advantage for global supply chain operations.

D
SPONSORED



**Northern Trust Wealth Management**
### A Plan for Any Market
Investing in equities pays off over time, but not all the time. Find out why with new analysis of financial patterns from The Northern Trust Institute.

Port Wentworth Commerce Center is an investment that will serve the growing demand from companies who require modern facilities close to the Port of Savannah in order to meet the needs of the fast growing Southeast region," said Wes Hardy, Southeast Region Partner for Dermody. "Few sites in the U.S. offer this scale while also providing immediate access to the fastest growing port in the country, a major interstate, unmatched power availability and rail service. It is a one-of-a-kind project for the Southeast."



Start Your LLC In Minutes
Easy, fast, & worry-free LLC formatic

AD   LegalZoom       STA

The Georgia Ports Authority has collaborated closely with Dermody, recognizing its potential to enhance the region's logistics capabilities. The Georgia Ports Authority owns land that positions the Port of Savannah to grow, keeping pace with demand driven by population growth and shifting demographics.

We welcome Dermody's logistics investment into our Southeast gateway supply chain ecosystem and the distinctive capabilities it wil bring customers," said Stacy Watson, Georgia Ports Director of Economic and Industrial Development. "The Port Wentworth Commerce Center is on the doorstep of Georgia Ports' Savannah facility that generates 36 ships per week, 42 double-stack container trains per

Story Continues

View Comments

arms and Privacy Policy   Privacy Dashboard



## Launch your LLC with the #1 provider of online LLC formations. Trusted by 4M+ businesses.

Your LLC deserves the best. LegalZoom is the #1 online LLC formation, servicing 4 million businesses over 20+ years.

SPONSORED BY LEGALZOOM

Lear

Recommended Stories

| What's trending | Explore more | About |
| --- | --- | --- |
| Dow Jones | Mortgages | Data Disclaimer |
| S&P 500 | Credit Cards | Help |
| DAX Index | Sectors | Feedback |





Exhibit Y

 

# Dermody Launches 10 MSF Logistics Campus

By Gail Kalinoski

June 20, 2025

## This is expected to be the largest port-area industrial project to get underway in the Southeast this year.

Dermody is launching development of Port Wentworth Commerce Center, a 1,065-acre, 10 million-square-foot master-planned logistics project located 6.5 miles from the Port of Savannah in Georgia.

It is expected to be the largest near-port logistics development to begin construction in the Southeast this year. The site is the closest to a U.S. major seaport that can accommodate buildings of 1 million square feet or larger.

The Port of Savannah is the fastest-growing port in the U.S. and the third-busiest seaport in the nation. The Georgia Ports Authority states the port facility generates 35 ships per week, 42 double-stack container trains per week and 7,000 trucks each business day. GPA is investing $4.5 billion over the next 10 years to grow the port's capacity and competitiveness.

"Port Wentworth Commerce Center offers logistics users a unique combination of scale, speed and infrastructure to fuel their business. The project is perfectly positioned to meet the demands of companies serving the rapidly growing Southeast economy," Wes Hardy, Southeast region partner for Dermody, told Commercial Property Executive.

"Our team is ready to execute a great large-scale project that is located only 6.5 miles from the Port of Savannah, 1 mile from I-95, with unmatched power service and a Class One rail connection. It is a one-of-a-kind project."

The property has both Class One railroads—CSX and Norfolk-Southern—at the site and is in a designated Foreign Trade Zone, which allows tenants to defer, reduce or eliminate tariffs on imported goods.



Port Wentworth Commerce Center near the Port of Savannah in Georgia, the Southeast's largest planned logistics development. Image courtesy of Dermody

## First two spec buildings started

Hardy said Dermody acquired the site through an off-market transaction between an Atlanta-based firm which executed the property assemblage and entitlement of the project. He did not disclose the seller or price.

The firm has started construction of the first two speculative buildings that are expected to deliver by second quarter of 2026. Both buildings will have 42-foot clear heights and 8-inch slab floors. Building A will have 538,775 square feet of warehouse space and 5,600 square feet of office space. It will feature 244 auto parking and 176 trailer parking spaces along with 107 dock positions. The 740,375-square-foot Building B will have 360 auto parking and 224 trailer parking spaces and 140 dock positions.

"All sites in the master plan are available for preleasing or build-to-suit today. We will selectively start future speculative buildings as market conditions dictate," Hardy told CPE.

The master plan's site plan has a total of 18 buildings on the map, including Buildings A and B. There are three buildings in an area designed for C1, a 334,800-square-foot building, C2, a 318,060-square-foot building, and C3, a 367,200-square-foot building.

 ALSO: How Trade Shifts Impact Port Real Estate

The largest building on the current site map would be Building E at approximately 1.4 million square feet, followed by Building D with about 1.1 million square feet. Building J is set at 982,800 square feet and Building M is planned at 936,000 square feet. The remaining buildings on the site plan range in size from 234,360 square feet to 617,760 square feet.

Those plans may change depending on market conditions and possible build-to-suit developments.

"We can provide buildings of a variety of sizes, ranging from 100,000 square feet to 1.4 million square feet," Hardy said. "However, we do have the ability to develop four buildings of 1 million square feet or larger."

Executive Vice President Bill Sparks and First Vice President Preston Andrews of CBRE in Savannah are handling marketing and leasing.

# Infrastructure and power detailed

Hardy said Dermody is constructing the supporting infrastructure for the project, including a 2.2-mile-long roadway, all utilities, a new signalized intersection on Georgia Highway 21 and a storm water management canal. All the utilities, including water, sewer, power, gas and fiber optics, will be installed along the roadway to ensure operability from the project's inception.

The site has a strong power infrastructure, both in capacity and availability. It is adjacent to dual 230KV transmission lines and a Georgia Power-owned 115KV substation is located on-site. The project has been identified as one of the few locations in the state with capacity to provide 1 gigawatt of power service. Port Wentworth Commerce Center is also 8 miles north of Georgia Powers's Plant McIntosh, a natural gas-powered production facility that will reinforce the site's ability and reliability to support high-capacity power users.

# Other Dermody properties

Dermody's Southeast region spans nine states with particular focus on the major logistics markets of Savannah; Atlanta; Nashville, Tenn.; Charlotte, N.C.; and Central Florida. The firm currently has four projects under construction in the region and more than 1.5 million square feet of space available for lease.

Port Wentworth Commerce Center is not Dermody's first venture in the Savannah market. In July 2023, Dermody acquired 2509 Dean Forest Road, a 312,000-square-foot, cross-dock logistics facility in Garden City, Ga. Completed in 2009, the fully leased Class A property is situated on 34 acres of land 1 mile from the Garden City Terminal at the Port of Savannah.



The latest CRE news, delivered
every morning.

Subscribe

## Most Popular

### 2024 Top Commercial Real Estate Developers



Top Projects That Will Reshape Boston

2024 Top Commercial Real Estate Owners

Top Destinations for Corporate Relocations

2025 Top CRE Brokerage Firms

Top Projects That Will Reshape Seattle

© 2025 Commercial Property Executive. All Rights Reserved.

6/22/25, 8:24 PM

Augusta Road, Port Wentworth, GA 31407 - Port Wentworth Commerce Center | LoopNet      Exhibit Z

  LoopNet™  Advertise

## Port Wentworth Commerce Center  Augusta Road

538,775 - 1,279,150 SF of 4-Star Industrial Space Available in Port Wentworth, GA 31407

Industrial Space / Georgia / Port Wentworth / Augusta Road, Port Wentworth, GA 31407



## FEATURES

| | |
|---|---|
| Clear Height | 42' |
| Column Spacing | 56' x 50' |

Call      Message

 ⑦  ⑧ Advertise

**Port Wentworth Commerce Center  Augusta Road**

538,775 - 1,279,150 SF of 4-Star Industrial Space Available in Port Wentworth, GA 31407

## ALL AVAILABLE SPACES (2)

| 1st Floor - A | 1st Floor - B |
|---|---|
| Size | Size |
| 538,775 SF | 740,375 SF |
| Term | Term |
| Negotiable | Negotiable |
| Rental Rate | Rental Rate |
| Upon Request | Upon Request |
| Space Use | Space Use |
| Industrial | Industrial |
| Condition | Condition |
| - | - |
| Available | Available |
| June 30, 2026 | June 30, 2026 |
| Details | Details |

## DISTRIBUTION FACILITY FACTS

| Building Size | 1,279,150 SF |
|---|---|
| Lot Size | 304.09 AC |
| Construction | Reinforced Concrete |
| Truck Court | 190' |
| Power Supply | Amps: 3,000 |

## ATTACHMENTS

Marketing Brochure - Port Wentworth Commerce Center ↓

Dermody - Port Wentworth Commerce Center ↓

MAP

6/22/25, 8:24 PM                    Augusta Road, Port Wentworth, GA 31407 – Port Wentworth Commerce Center | LoopNet

 

 **LoopNet**

Advertise

## Port Wentworth Commerce Center  Augusta Road

538,775 - 1,279,150 SF of 4-Star Industrial Space Available in Port Wentworth, GA 31407



Listing ID: 35888314          Date on Market: 5/16/2025          Last Updated: 6/19/2025          Address: Augusta Road, Port Wentworth, GA 31407

### More public record information on Augusta Road, Port Wentworth, GA 31407

The Industrial Property at Augusta Road, **Port Wentworth**, GA 31407 is currently available for Lease. Contact CBRE for more information.

### INDUSTRIAL PROPERTIES IN NEARBY NEIGHBORHOODS

Pooler/Bloomingdale Industrial Space

Historic Savannah Industrial Space

Godley Station Industrial Space

Southwest Savannah Industrial Space

Thomas Square Industrial Space

South Chatham Parkway Industrial Space

Metropolitan Industrial Space

Carver Heights Industrial Space

Hitch Village-Fred Wessels Homes Industrial Space

Kayton-Frazier Industrial Space

Eastside Industrial Space

Eastern Wharf Industrial Space

Liberty City-Summerside-Southover Industrial Space

Tremont Park Industrial Space

Feiler Park-Hussars Terr-Dittmerville Industrial Space

### NEARBY LISTINGS

   

## Port Wentworth Commerce Center  Augusta Road

538,775 - 1,279,150 SF of 4-Star Industrial Space Available in Port Wentworth, GA 31407

110 Little Hearst Pky, Pooler GA

101 Morgan Lakes Blvd, Pooler GA

311 International Trade Pky, Port Wentworth GA

102 Norwest Ct, Pooler GA

110 Godley Rd, Savannah GA

195 Commercial Ct, Rincon GA

301 Little Hearst Pky, Port Wentworth GA

158 Hendley Rd, Savannah GA



Connect with us



© 2025 CoStar Group



The LoopNet service and information provided therein, while believed to be accurate, are provided "as is". LoopNet disclaims any and all representations, warranties, or guarantees of any kind.

About Us

Contact Us

Search

Find a Broker

Product Overview

Mobile

Terms of Use

Privacy Policy

Licensing

● Member Portal
(https://iwla.users.membersuite.com/home)    ● Join IWLA
(https://iwla1.wpenginepowered.com/become-an-iwla-member/)

(https://iwla.com)    

# Dermody Announces Port Wentworth Commerce Center, the Southeast's Largest Logistics Development Near Port of Savannah

Dermody is pleased to announce the launch of Port Wentworth Commerce Center (https://dermody.com/region/southeast-region/property/port-wentworth-commerce-center/), a master-planned logistics project located 6.5 miles from the Port of Savannah. Expected to be the largest near-port logistics development to begin construction in the Southeastern United States in 2025, the development will offer more than 10 million square feet of logistics real estate and serve as the premier port-centric logistics park on the Eastern Seaboard.

Port Wentworth Commerce Center provides immediate access to major transportation infrastructure. Located one mile from Interstate 95, the primary north-south interstate corridor on the East Coast, it also offers Class One rail service from rail located on site. Situated within a designated Foreign Trade Zone, the development allows tenants to defer, reduce or eliminate tariffs on imported goods, providing a competitive advantage for global supply chain operations.

"Port Wentworth Commerce Center is an investment that will serve the growing demand from companies who require modern facilities close to the Port of Savannah in order to meet the needs of the fast growing Southeast region," said Wes Hardy (https://dermody.com/team/wes-hardy/), Southeast Region Partner for Dermody. "Few sites in the U.S. offer this scale while also providing immediate access to the fastest growing port in the country, a major interstate, unmatched power availability and rail service. It is a one-of-a-kind project for the Southeast."

The Georgia Ports Authority has collaborated closely with Dermody, recognizing its potential to enhance the region's logistics capabilities. The Georgia Ports Authority owns land that positions the Port of Savannah to grow, keeping pace with demand driven by population growth and shifting demographics.

"We welcome Dermody's logistics investment into our Southeast gateway supply chain ecosystem and the distinctive capabilities it will bring customers," said Stacy Watson, Georgia Ports Director of Economic and Industrial Development. "The Port Wentworth Commerce Center is on the doorstep of Georgia Ports' Savannah facility that generates 35 ships per week, 42 double-stack container trains per week and 7,000 trucks per day of business. We will be investing $4.5 billion in the next 10 years to grow the port's capacity and competitiveness, so we need partners like Dermody to grow with us."

The Port of Savannah is the fastest-growing port in the United States and the third busiest seaport in the U.S. The location is the closest to a major U.S. seaport that can accommodate multiple buildings of 1 million SF or greater. The scale of the site, its location in one of the nation's top logistics markets, and

its infrastructure support make it ideally suited for companies requiring a solution to their supply chain needs.

The development will be supported by best-in-class infrastructure, including a newly constructed 2.5-mile road system currently under construction. The road will be extended in the future to provide a second point of ingress and egress. To streamline the process for customers, all necessary utilities—including water, sewer, power, gas and fiber optics—will be installed along the roadway to ensure operability from the project's inception.

The site of the Port Wentworth Commerce Center features exceptional power infrastructure, most notably capacity and availability. It is located adjacent to dual 230KV transmission lines, and a Georgia Power-owned 115KV substation located on-site. The project has been identified as one of a few locations in the State of Georgia with capacity to provide one gigawatt of power service. Its proximity to generation sources—just eight miles north of Georgia Power's Plant McIntosh, a natural gas-powered production facility—reinforces the site's ability and reliability to support high-capacity power users.

"Port Wentworth Commerce Center is transformative and among the most significant industrial ventures on the East Coast," said Tim Walsh (https://dermody.com/team/tim-walsh/), Partner and Chief Investment Officer for Dermody. "It represents a generational opportunity to meet surging demand for port-adjacent logistics space and reflects our long-term commitment to investing in critical infrastructure at global trade gateways."

Dermody is represented by Bill Sparks and Preston Andrews of CBRE in Savannah, Georgia.

"We are honored and thrilled to represent Port Wentworth Commerce Center, a project providing a special combination of near-port and interstate access, scale, CSX rail, and heavy utility readiness in Savannah, one of the most dynamic logistics markets in the country," said Bill Sparks, Executive Vice President with CBRE. "The development is well-positioned to immediately meet the needs of a wide variety of companies, size requirements and uses."

Dermody's Southeast Region spans nine states, with particular focus on the major logistics markets of Atlanta, Savannah, Nashville, Charlotte and Central Florida. The region currently has four projects under construction and more than 1,500,000 SF available for lease. For more information on those properties, please visit the region page (https://dermody.com/region/southeast-region/) on Dermody's website.

Click here to read the press release on Dermody's site. (https://dermody.com/news/dermody-announces-port-wentworth-commerce-center-the-southeasts-largest-logistics-development-near-port-of-savannah/)

(https://iwla.com)

 2800 S River Rd Suite 260 Des Plaines, IL 60018 (https://maps.app.goo.gl/9RP2Z4QwNFa9bWDH7)

 847.813.4699 (tel:+18478134699)

Contact Us
(https://iwla.com/contact-iwla/)

## Main Menu

About Us (https://iwla.com/about-history/)

IWLA Community

Education & Events(https://iwla.com/events/)

Convention(https://iwla.com/iwla-convention-expo/)

Resources(https://iwla.com/iwla-document-library/)

Advocacy(https://iwla.com/government-advocacy/)

Member Login(https://iwla.users.membersuite.com/home)

# Education & Events

Calendar of Events(https://iwla.com/events/)

Convention(https://iwla.com/iwla-convention-expo/)

Educational Events(https://iwla.users.membersuite.com/home)

IWLA Certificate(https://iwla.com/events-education/iwla-certificate-wlc-wlp-programs/)

WLC/WLP Programs(https://iwla.com/events-education/iwla-certificate-wlc-wlp-programs/)

IWLA Special Interest Groups (SIGs)(https://iwla.com/iwla-special-interest-groups-sigs/)

(htt
ps:/
/ww
w.
link
edi
n.co

Member Portal
(https://iwla.users.membersuite.com/home)

Join IWLA
(https://iwla.com/become-an-iwla-member/)

(htt       /co       (htt       (htt
ps:/      mp       ps:/      ps:/
/w        any       /w        /w
ww.       /int      ww.       ww.
fac       ern       inst      you
eb        atio      agr       tub
ook       nal       am        e.c
.co        —        .co       om
m/i       war       m/i       /I
WL        eho       wla       LA1
A18       use       1891      891
91)       —          /)        )
           logi
           stic
           s-
           ass
           oci
           atio
           n/)

Copyright © 2025 IWLA Powered by IWLA

FIGURE 1 - PLANNED FILLING OF SAUSSY CANAL VIOLATING 5TH & 14TH AMENDMENT, "TITLE VI", CLEAN WATER ACT, O.C.G.A. § 44-8-1 through O.C.G.A. § 44-8-10; O.C.G.A. § 44-1-7 through O.C.G.A. § 44-1-12; O.C.G.A. §  44-1-2(a); O.C.G.A. § 44-1-3(a); and O.C.G.A. § 51-9-1 through O.C.G.A. § 51-9-11



AERIAL MAP OF SAUSSY CANAL, BLACK CREEK & WETLANDS



Property Boundaries (Parcels)

Parcels Outline

PLANNED ABANDONMENT OF SAUSSY ROAD VIOLATING 5TH & 14TH AMENDMENT, "TITLE VI" & O.C.G.A 32-7-1 et seq.







**U.S. Fish and Wildlife Service**
**National Wetlands Inventory**

SAUSSY CANAL & BLACK CREEK



March 18, 2024

Wetlands

| | Freshwater Emergent Wetland | Lake |
| Estuarine and Marine Deepwater | Freshwater Forested/Shrub Wetland | Other |
| Estuarine and Marine Wetland | Freshwater Pond | Riverine |

This map is for general reference only. The US Fish and Wildlife Service is not responsible for the accuracy or currentness of the base data shown on this map. All wetlands related data should be used in accordance with the layer metadata found on the Wetlands Mapper web site.

National Wetlands Inventory (NWI)
This page was produced by the NWI mapper

PROOF OF EXISTENCE OF SAUSSY CANAL AND WETLANDS BY U.S. FISH AND WILDLIFE SERVICE

*Court*

Exhibit BB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

LARAY J. BENTON, et al.

       )
       )
       )
    Plaintiffs, )
       )
v.         )
       )
SPH 21, LLC, et al.    )
       )
    Defendants. )

JUL 14 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

CIVIL ACTION NO.

1:25-CV-1663 - SEG

---

## STATEMENT OF CLAIMS IN SUPPORT OF AMENDED COMPLAINT
## AGAINST SPH 21, LLC DEFENDANTS

---

   Plaintiffs, LaRay J. Benton and Georgia W. Benton (individually and collectively the "Benton Family"), whom in their previous filed pleadings amended their original complaint, and further provides this statement of claims in support thereoftitled ***PLAINTIFF'S MOTION AND BRIEF IN SUPPORT TO ADD AND/OR JOIN DERMODY, INC., MICHAEL C. DERMODY, WES HARDY, DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16 PWCC B, LLC, PWCC LANDCO MAIN, LLC, AND PORT WENTWORTH COMMERCE CENTER PROPERTY OWNERS ASSOCIATION, INC AS PARTY DEFENDANTS TO THE SUBJECT CIVIL CASE*** (Docs. 8, 9, and 13) has already previously moved the Court pursuant to Rules 15, 19, 20, and 21, of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to enter an order joining as additional parties Defendant the following persons and/or entities 1) Dermody, Inc.; 2) Michael C. Dermody, CEO, Dermody, Inc.; 3) Wes Hardy, Partner, Southeast Region, Dermody, Inc.; 4) DPIF4 GA 15 PWCC, LLC; 5) DPIF4 GA 16 PWCC, LLC; 6) PWCC LANDCO MAIN, LLC; and 5) Port Wentworth Commerce Center Property

Owners Association, Inc. Specifically, the herein adjudicated tracks of land, real

property, property rights, civil rights, and/or riparian rights that have been the crux

subject to this instant case that has recently been unlawfully Marketed, Offered,

Accepted, and Sold to and by the above named Defendants is associated with real

property, easements, rights-of-way, civil rights, riparian rights, and property rights

located at or about 1) 135 Saussy Road, Port Wentworth, GA 31407; 2) the Plaintiff's

quiet enjoyment and use of Saussy Road, Port Wentworth, GA 31407; 3) the Saussy

Canal and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights

associated thereto; and 4) Black Creek and all its aquatic resources, wetlands,

easements, rights-of-way, riparian rights associated thereto.

In addition to the above, since filing of this instant case on March 28, 2025,

several material facts and subsequent actions of Steven Brock, Christopher Hayes, SPH

21, LLC, and SPH Placements, LLC (individually and collectively the "SPH 21, LLC

Defendants") combined with the subsequent actions of the Dermody Defendants now

requires the submission of this Amended Complaint to update the material facts and

clearly identify all of the necessary parties to a full and complete adjudication of this matter as a

result of the fraudulent and/or unlawful marketing, offering, sale of the Plaintiffs' and

the General Publics' real property, roads, easements, rights of way, rights of common,

water rights, riparian rights, and civil rights in violation of Federal and Georgia law. As

such, Plaintiffs now hereby moves the Court to amend their original complaint enclosed

here as a matter of law pursuant to Rules 15, 19, 20, and 21 of the Federal Rules of Civil

Procedure (Fed. R. Civ. P.). Fed. R. Civ. P., Rules 15, 19, 20, and 21.

In addition to the above referenced motion and brief to add the additional Dermody Defendants, Plaintiff additionally reference and incorporates herein his previously pleaded ***ORIGINAL COMPLAINT*** (Doc. 1) as supplemented, amended, and/or addendum thereto, by reference, to all of the aforementioned claims, arguments, statements, pleadings, reference, prayers, and exhibits which have been previously filed on the record with the honorable U.S. District Court, herein as if pleaded hereto.

In good faith, the Plaintiffs present their statement of claims against the SPH 21, LLC Defendants, shows good cause as follows:

## I.    JURISDICTION AND VENUE

1.        This Court has original jurisdiction and venue over the subject matter of this action pursuant to U.S. Constitution, 5th and 14th Amendments; 18 U.S. Code § 1031; 18 U.S.C. § 371; 18 USC § 1001; 36 CFR Part 800 et seq.; the Lanham Act, and the Clean Water Act, 33 U.S.C. Chapter 26 because of the claims in this case that arise from the unlawful taking, trespassing, marketing and use of property belonging to the Plaintiff and the U.S. Government (i.e. Waters of the United States), and this Court has supplemental subject matter jurisdiction over the remaining claims under 28 U.S.C. § 1367 because they are so related to the Federal claim that they form part of the same case or controversy.  Additionally, the Court has subject matter jurisdiction over this case under the Racketeer Influenced and Corrupt Organizations Act (RICO) which provides for a private cause of action in federal court. Specifically, 18 U.S.C. § 1964(c) allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue in federal court and recover treble damages, costs, and attorney's fees. Furthermore, the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the dispute arises between citizens of different states and the amount in controversy

3

exceeds the sum of $75,000.00, exclusive of interest and costs.  Injunctive relief is sought

pursuant to Federal Rule of Civil Procedure 65.

2.      This Court has personal jurisdiction over Defendants Steven Brock,

Christopher Hayes, SPH 21, LLC, and SPH Placements, LLC (individually and

collectively the "SPH 21, LLC Defendants") because these are persons and/or entities whom

either reside in Georgia and/or conducts a substantial about of business activities within the State

of Georgia, and has unlawfully taken, converted, used, marketed, offered, contracted, leased,

sold, and/or clouded real property, easements, rights of way, rights of common, water rights,

property rights, riparian rights, and caused irreparable harm at issue in Georgia.

3.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a),

because a substantial part of the events or omissions giving rise to the Benton Family Plaintiffs'

claims occurred in this judicial district as Defendants Steven Brock, Christopher Hayes, SPH

21, LLC, and SPH Placements, LLC's primary place of residence, domicile, and/or

business headquarters resides within Fulton County, GA. Specifically, the fact that the SPH

21, LLC Defendants and the Dermody Defendants are ALL headquartered within Fulton County,

and/or have registered agents with the Secretary of State domiciled within Fulton County

according to public records.

4.      Time is of the essence in the matter in the best interest of justice and judicial

efficiency of protecting the resources of the Court, taxpayers monies, and to return the stolen

properties back to both the Benton Family and General Public.

## II.    INTRODUCTION AND BACKGROUND

5.      Plaintiff recalls, re-alleges, and includes by reference all of his claims, motions,

pleadings, complaints, representations, references, exhibits, affidavits, material facts and

statements within his separately pleaded and filed *AMEND COMPLAINT AND STATEMENT OF MATERIAL FACTS IN SUPPORT AGAINST SPH 21, LLC DEFENDANTS,* the above paragraphs, to include those material facts, representations, and claims within all of his previous pleadings on the record, herein, as if pleaded hereto.

### III.    COUNT I – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENTS, BY UNLAWFULLY TAKING THE PLAINTIFFS' PROPERTY AS THEIR OWN WITHOUT CONSENT OR JUST COMPENSATION PAID

6.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (which it is allege that the SPH 21, LLC Defendants own, manage, and operate if their warehouse plans are allowed to move forward) (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th Amendment.

7.    Plaintiff recalls, re-alleges, and includes by reference all of his claims, motions, pleadings, complaints, representations, references, exhibits, affidavits, material facts and statements within his separately pleaded and filed *AMEND COMPLAINT AND STATEMENT OF MATERIAL FACTS IN SUPPORT AGAINST SPH 21, LLC DEFENDANTS,* the above paragraphs, to include those material facts, representations, and claims within all of his previous pleadings on the record, herein, as if pleaded hereto.

8.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth Amendment, United States Constitution.

9.      The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

10.      The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

11.      The Plaintiffs have never sold any portion of the Benton Property to the SPH 21, LLC Defendants at any point in time.

12.      The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

13.      The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, nor Federal government entities, which includes the U.S. Army Corps of Engineers, U.S. Environmental Protection Agency, the U.S. Treasury, and Georgia Department of Natural Resources.

14.      The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth Amendment, U.S. Constitution.

15.     The SPH 21, LLC Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy and Michael Dermody, and to the detriment of the Plaintiffs and their heirs.

16.     The actions of the SPH 21, LLC Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

17.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

18.     The Benton Family Plaintiffs is entitled to injunctive relief pursuant to the U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

19.     The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLC Defendants and any other beneficiaries as a result of the

unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

20.    The Benton Family Plaintiffs is entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

## IV.    COUNT II – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENT, 18 USC 1001, AND 18 USC 1031 BY FRAUDULENTLY MISREPRESENTING TO THE US ARMY CORPS OF ENGINEERS AND OTHER FEDERAL AGENCIES THAT THE PLAINTIFFS' PROPERTY WAS THEIR OWN

21.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th Amendment.

22.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 20 above as if set forth herein.

23.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth Amendment, United States Constitution.

24.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50%

ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

25.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

26.     The Plaintiffs have never sold any portion of the Benton Property to the SPH 21, LLC Defendants at any point in time.

27.     The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

28.     The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permits, applications, submittals, reports, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, nor Federal government entities, which includes the U.S. Army Corps of Engineers for Clean Water Permit Application numbers SAS-2018-00940, SAS-2021-00241, and others, U.S. Environmental Protection Agency, the U.S. Treasury, and Georgia Department of Natural Resources.

29.     The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth Amendment, U.S. Constitution and in violation of the Clean Water Act.

30.     The SPH 21, LLC Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of

Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy and Michael Dermody, and to the detriment of the Plaintiffs and their heirs.

31.     The actions of the SPH 21, LLC Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

32.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

33.     The Benton Family Plaintiffs is entitled to injunctive relief pursuant to the U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

34.     The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLC Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

35.     The Benton Family Plaintiffs is entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful,

malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

## V.    COUNT III – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY TAKING, OCGA § 16-8-2 & OCGA § 36-37-6

36.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

37.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 35 above as if set forth herein.

38.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

39.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

40.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

11

41.     The Plaintiffs have never sold any portion of the Benton Property to the SPH 21, LLC Defendants at any point in time.

42.     The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

43.     The Plaintiffs have never provided the SPH 21, LLC Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, nor Federal government entities.

44.     The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment, U.S. Constitution.

45.     The SPH 21, LLC Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy and Michael Dermody, and to the detriment of the Plaintiffs and their heirs.

46.     The actions of the SPH 21, LLC Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate

12

website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

47.    The Dermody Defendants have unlawfully taken the Plaintiffs' property resulting in theft in violation of OCGA § 16-8-2 & OCGA § 36-37-6.

48.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

49.    The Benton Family Plaintiffs is entitled to injunctive relief pursuant to the U.S. Constitution, Georgia Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

50.    The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLC Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

51.    The Benton Family Plaintiffs is entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

VI.    **COUNT IV – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY CONVERSION, OCGA § 16-8-4 & OCGA § 36-37-6**

13

52.     This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21,

LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners

Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the

"Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

53.     Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 51 above as if set

forth herein.

54.     The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property

located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4)

Black Creek in their entirety are all considered "property" within the meaning of the Fifth and

Fourteenth Amendment, United States Constitution.

55.     The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy

Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment,

easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50%

ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and

collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

56.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any

portion of its property since acquiring it on May 12, 1978.

57.   The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and

    clouded the clear and perfect title of the Benton Property resulting in theft in violation of

    OCGA § 16-8-4, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

**14**

58.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

59.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

## VII.    COUNT VIII – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY DECEPTION, OCGA § 16-8-3 & OCGA § 36-37-6

60.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

61.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 59 above as if set forth herein.

62.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

63.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy

Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

64.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

65.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property resulting in theft in violation of OCGA § 16-8-3, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

66.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

67.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**VIII.    COUNT X – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY RECEIVING STOLEN PROPERTY, OCGA § 16-8-7 & OCGA § 36-37-6**

68.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

69.     Plaintiffs re-alleges and hereby incorporates paragraphs 1 –67above as if set forth herein.

70.     The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

71.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

72.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

73.     The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property resulting in theft in violation of OCGA § 16-8-7, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

74.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

75.     Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss

17

caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of

their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of

law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10,

OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

## IX.    COUNT XI - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 44-8-1 AND OCGA § 44-8-6 BY REDIRECTING AND/OR DIVERTING THE NATURAL FLOW OF THE SAUSSY CANAL AND BLACK CREEK WITHOUT PLAINTIFFS' CONSENT

76.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21,

LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners

Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the

"Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

77.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 75 above as if set

forth herein.

78.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property

located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4)

Black Creek in their entirety are all considered "property" within the meaning of the Fifth and

Fourteenth Amendment, United States Constitution.

79.    The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy

Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment,

easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50%

ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and

collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

80.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any
portion of its property since acquiring it on May 12, 1978.

81.     The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed,
and clouded the clear and perfect title of the Benton Property and have widely presented plans to
damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without
Plaintiffs consent resulting in theft in violation of OCGA § 44-8-1 and § 44-8-6, OCGA § 36-37-
6 and the 5th and 14th Amendment, U.S. Constitution.

82.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the
SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is
not enjoined or ceased immediately.

83.     Plaintiffs are entitled to injunctive relief, damages, exemplary damages,
restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss
caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of
their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of
law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10,
OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

**X.      COUNT XII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA
§ 44-8-3 AND OCGA § 44-8-6 BY REDIRECTING AND/OR DIVERTING THE
NATURAL FLOW OF THE SAUSSY CANAL AND BLACK CREEK AND
INTEFERING WITH PLAINTIFFS' EXCLUSIVE POSSESSION REAL PROPERTY
AND RIPARIAN RIGHTS WITHOUT CONSENT**

84.     This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21,
LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners
Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the
"Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

19

85.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 83 above as if set forth herein.

86.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

87.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

88.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

89.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of OCGA § 44-8-3 and § 44-8-6, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

90.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

91.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

## XI.    COUNT XIII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 44-8-8 BY DAMING AND/OR OBSTRUCTING THE NATURAL FLOW OF THE SAUSSY CANAL AND BLACK CREEK IN A MANNER WHICH PREVENTS THE STREAMS FREE USE AND ACCESS BY THE PLAINTIFFS

92.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

93.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 91 above as if set forth herein.

94.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

95.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50%

ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

96.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

97.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of OCGA § 44-8-8 and § 44-8-6, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

98.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

99.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

## XII.    COUNT XIV - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 44-8-10 BY KNOWINGLY CONSTRUCTING CULVERTS, BRIDGES, AND ROADS OVER THE SAUSSY CANAL, BLACK CREEK, AND THE WETLANDS AND/OR AQUATIC RESOURCES THERETO WITHOUT FIRST PAYING JUST COMPENSATION TO THE PLAINTIFFS

100.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners

Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

101.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 99 above as if set forth herein.

102.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

103.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

104.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

105.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of OCGA § 44-8-10 and § 44-8-6, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

106.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

107.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

**XIII.    COUNT XV - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-1 & OCGA § 51-9-9 BY KNOWINGLY INTEFERING WITH PLAINTIFFS' ENJOYMENT OF THEIR REAL PROPERTY TO INCLUDE THE SAUSSY CANAL AND BLACK CREEK**

108.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

109.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 107 above as if set forth herein.

110.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

111.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

112.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

113.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of OCGA § 44-8-1, OCGA § 44-8-6, OCGA § 36-37-6, OCGA § 51-9-1, OCGA § 51-9-9 and the 5th and 14th Amendment, U.S. Constitution.

114.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

115.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

**XIV.    COUNT XVI - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-4 BY KNOWINGLY TRESPASSING ONTO AND WITHHOLDING**

## PLAINTIFFS' PROPERTY TO INCLUDE PLAINTIFF'S OWNERSHIP OF THE SAUSSY CANAL AND BLACK CREEK

116.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

117.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 115 above as if set forth herein.

118.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

119.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

120.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

121.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in

26

theft in violation of OCGA § 51-9-4, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

122.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

123.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

**XV.    COUNT XVII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-7 BY TRESSPASSING ON PLAINTIFFS' PROPERTY BY WAY OF REDIRECTING AND/OR DIVERTING THE NATURAL FLOW OF THE SAUSSY CANAL AND INTEFERING WITH THE PLAINTIFFS' EXCLUSIVE POSSESSION OF THE SAUSSY CANAL, BLACK CREEK, AND ALL WETLANDS AND AQUATIC RESOURCES THERETO WITHOUT PLAINTIFFS' CONSENT**

124.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

125.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 123 above as if set forth herein.

126.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4)

Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

127.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

128.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

129.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-7, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

130.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

131.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of

law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10,

OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**XVI.    COUNT XVIII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-10 BY KNOWINGLY TRESPASSING ONTO PLAINTIFFS' PROPERTY BY INTERFERING WITH PLAINTIFFS' RIGHTS OF WAY AND RIGHT OF COMMON ALONG THE SAUSSY CANAL AND BLACK CREEK**

132.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21,

LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners

Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the

"Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

133.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 131 above as if set

forth herein.

134.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property

located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4)

Black Creek in their entirety are all considered "property" within the meaning of the Fifth and

Fourteenth Amendment, United States Constitution.

135.    The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy

Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment,

easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50%

ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and

collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

136.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any

portion of its property since acquiring it on May 12, 1978.

137.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-10, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

138.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

139.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

**XVII.    COUNT XIX - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-11 BY CLOUDING THE CLEAR AND PERFECT TITLE TO PLAINTIFFS' PROPERTY VIA BOTH LIBEL AND SLANDER BY CLAIMING MULTIPLE PORTIONS, EASEMENTS, RIGHTS OF WAY, AND RIPARIAN RIGHTS ALONG SAUSSY ROAD, THE SAUSSY CANAL, BLACK CREEK, AND ALL AQUATIC RESOURCES THERETO AS THEIR OWN WITHOUT PLAINTIFFS' CONSENT OR JUST CONPENSATION PAID TO PLAINTIFFS**

140.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

141.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 139 above as if set forth herein.

142.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

143.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

144.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978.

145.    The SPH 21, LLC Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-11, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

146.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

147.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

## XVIII.    COUNT XX - DIVERSITY CLAIM UNDER 28 USC § 1332 - VIOLATION OF FEDERAL TRADE COMMISSION REGULATIONS UNDER THE LANHAM ACT, 15 U.S.C. § 1051 et seq.

148.    This is an action against Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, SPH Placements, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc (individually and collectively the "SPH 21, LLC Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

149.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 147 above as if set forth herein.

150.    Federal law prohibits false advertising, primarily enforced by the Federal Trade Commission (FTC) and also through the Lanham Act, 15 U.S.C. § 1051 et seq. The FTC ensures advertising is truthful, not misleading, and supported by evidence. The Lanham Act allows competitors to sue for false advertising that misrepresents goods or services. False advertising is an actionable civil claim under Section 43(a) of the Lanham Act. A party who successfully sues for false advertising may also be entitled to either damages or injunctive relief.  15 U.S.C. §§ 1051 et seq.

151.    The federal Lanham Act also allows civil lawsuits for false advertising that "misrepresents the nature, characteristics, qualities, or geographic origin" of goods or

services. 15 U.S.C. § 1125(a). The FTC also enforces false advertising laws on behalf of

consumers.

**152.** States have their own laws regulating false advertising and other deceptive trade

practices. The State of Georgia pursuant to OCGA § 10-1-421, False or Fraudulent

Statements in Advertising Prohibited, states with clarity:

> *No person, firm, corporation, or association or any employee thereof, with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or to do anything of any nature whatsoever to induce the public to enter into any obligation relating thereto, shall make or disseminate or cause to be made or disseminated before the public in this state, in any newspaper or other publication, radio, television, or advertising device or by public outcry or proclamation or any other manner or means whatever, any statement concerning such real or personal property or services, professional or otherwise, or concerning any circumstances or matter of fact connected with the proposed performance or disposition thereof which is untrue or fraudulent and which is known or which by the exercise of reasonable care should be known to be untrue or fraudulent.*

OCGA § 10-1-421(a).

153.    To bring a claim for false advertising, the plaintiff must show:

- The defendant made false or misleading statements as to their own products (or another's);
- Actual deception occurred, or at least a tendency to deceive a substantial portion of the intended audience;
- The deception is material in that it is likely to influence purchasing decisions;
- The advertised goods travel in interstate commerce; and
- There was a likelihood of injury to the plaintiff.

Notably, the plaintiff does not need to show that they suffered actual injury from the defendant's

allegedly false advertising. OCGA § 10-1-421; 15 U.S.C. §§ 1051 et seq.

154.    The SPH 21, LLC Defendants and Joined Defendants 1) Dermody, Inc.; 2)

Michael C. Dermody, CEO, Dermody, Inc.; 3) Wes Hardy, Partner, Southeast Region, Dermody,

Inc.; 4) DPIF4 GA 15 PWCC A, LLC, 5) DPIF4 GA 16 PWCC B, LLC, 6) PWCC LANDCO

MAIN, LLC, and 7) Port Wentworth Commerce Center Property Owners Association, Inc.

(individually and collectively the "Dermody Defendants") are individually and collectively

aiding and abetting each other in actively conducting a widescale interstate marketing plan that

crosses state lines via online, social media, and database farming platforms that primarily utilize

the internet and world wide web. Some of the various internet websites and/or media outlets in

which the Dermody Defendants are marketing their Port Wentworth Commerce Center (PWCC)

industrial warehouse development includes the following:

- www.dermody.com – See Exhibits V & W.
- PR Newswire – See Exhibit X.
- www.commercialsearch.com - See Exhibit Y.
- www.loopnet.com - See Exhibit Z.
- www.iwla.com - See Exhibit AA.
- https://portwentworthga.gov/dept-economic-development/commercial-property-listings/

The SPH 21, LLC Defendants are knowingly and in bad faith falsely advertising their PWCC

warehouse development in a systematic manner that "misrepresents the nature, characteristics,

[size], qualities, or geographic origin" of its marketed goods or services offered within the

warehousing, storage, and logistics industry. 15 U.S.C. § 1125(a).

155.    For example, both the SPH 21, LLC Defendants and the Dermody Defendants are

currently misleading consumers in the fraudulent marketing For Sale and For Lease of 1) several

warehouses (i.e. marketed Buildings A, B, D, E, G, F, H, I, and J) that are actually located either

in the pathway of or on properties owned by the U.S. Government defined as "Waters of the

United States" (i.e. Saussy Canal and Black Creek, and all of their aquatic resources), of which

the Defendants do not own nor have the consent of the Federal Government and the Plaintiffs to

market for sale or lease and knowingly committing larceny in violation of 15 U.S.C. §§ 1051 et

seq.; 33 U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-

7-1 et seq. (See Figure 1 and Exhibits B, T - AA); 2) the Plaintiff's own private property that

abuts and/or includes the Plaintiffs ownership and interest in Saussy Road, the Saussy Canal, and

Black Creek and knowingly committing larceny in violation of 15 U.S.C. §§ 1051 et seq.; 33

U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et

seq. (See Figure 1 and Exhibits B, T - AA); 3) the abandonment of large portions of Saussy

Road, which is a public road and asset that is owned and maintained by both Chatham County,

GA and the City of Port Wentworth, GA and quietly enjoyed by the Plaintiffs and knowingly

committing larceny in violation of 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26; OCGA §

10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1 and Exhibits

B, T - AA); 4) the fraudulent marketing, misleading, and advertising of a roadway entrance to

the PWCC warehouse development along Georgia Highway 21 (Augusta Road) that passes over

the Saussy Canal and various wetlands legally considered "Waters of the United States" without

consent from the Federal Government and knowingly committing larceny in violation of 15

U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1 through § 44-

8-10; OCGA § 32-7-1 et seq. (See Figure 1 and Exhibits B, T - AA); 5) the fraudulent marketing,

misleading, and advertising of a roadway entrance to the PWCC warehouse development along

Georgia Highway 21 (Augusta Road) that passes over the Saussy Canal and various wetlands

that the Plaintiffs have 50% ownership of collectively with the Federal Government and are

legally considered "Waters of the United States" without consent from the Benton Family and

knowingly committing larceny in violation of 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26;

OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1

and Exhibits B, T - AA); and 6) the fraudulent marketing, misleading, and advertising of a traffic

light at the roadway entrance to the PWCC warehouse development along Georgia Highway 21

(Augusta Road) without approval or consent from the Georgia Department of Transportation and

knowingly committing larceny in violation of 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26;

OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1

and Exhibits B, T - AA).  OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-

1 et seq.; 15 U.S.C. §§ 1051 et seq.; and the Clean Water Act (CWA), encoded in 33 U.S.C.

Chapter 26.

 156. The SPH 21, LLC Defendants also knowingly violated OCGA § 44-2-46; OCGA

§ 51-6-1; OCGA § 32-7-4; and Georgia House Bill HB-1292 in all of their actions pleaded above

and here. OCGA § 44-2-46; OCGA § 51-6-1; OCGA § 32-7-4; and Georgia House Bill HB-

1292.

 157. The Benton Family Plaintiffs will suffer irreparable harm if the actions of the

SPH 21, LLC Defendants to take, market, and resale their property is allowed to continue and is

not enjoined or ceased immediately.

 158. Plaintiffs are entitled to injunctive relief, damages, exemplary damages,

restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss

caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of

their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of

law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,  OCGA § 44-8-10,

OCGA § 51-9-1, OCGA § 51-9-5,  OCGA § 51-9-9,  OCGA § 51-9-11, and OCGA § 51-9-12.

## XIX. <u>REQUEST FOR LEAVE</u>

 This honorable District Court is required to liberally construe pro se complaints,

pleadings, briefs and evidence, which are held to a less stringent standard than those drafted by

attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214

(4th Cir. 2016). As such, pursuant to the wholly liberal discretion of the court, the Plaintiff

humbly requests and prays for leave of any Federal and/or local pleading requirements, page

numbers, statements, and/or procedures that his pleadings and/or complaints may be lacking as a

mere mistake, and further prays that the court afford him the opportunity to correct any small

defects within his pleadings in the future. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining

pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil

actions").

## XX.    CONCLUSION

The term "to steal" has no established meaning in the common law. *See Crabb v. Zerbst*,

99 F.2d 562, 565 (5th Cir. 1938). Instead, this term refers to the crime of larceny and was

developed in modern pleading to broaden larceny beyond its strict common law

definition. *See United States v. Maloney*, 607 F.2d 222, (9th Cir. 1979), *cert. denied*, 445 U.S.

918 (1980); *United States v. Archambault*, 441 F.2d 281, 282-83 (10th Cir. 1971), *cert. denied*,

404 U.S. 843 (1971).

The Dermody Defendants have knowingly violated, and aid and abetted the current SPH

Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, and SPH Placements, LLC in

carrying out all of the current complaints and charges against them that's before this Honorable

Court. 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1

through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1 and Exhibits B, T - AA); OCGA § 44-

2-46; OCGA § 51-6-1; OCGA § 32-7-4; and Georgia House Bill HB-1292 in all of their actions

pleaded above and here.

## XXI.    PRAYER FOR RELIEF

WHEREFORE, the Benton Family Plaintiffs respectfully prays that this Court provide

the following relief in this matter:

(A) Injunctive relief preventing the Dermody Defendants and the SPH 21, LLC

Defendants from further marketing, offering, selling, leasing, contracting,

entitlement, permitting, misrepresenting, using, trespassing, libel, slandering,

and/or clouding the Benton Property and Public Property as pleaded herein as

their own to any person, entity, third party, nor to any Local, County, State, or

Federal government agency, department, or official.

(B) Actual damages in an amount to be determined at trial, but not less than

$75,001.00, to compensate the Plaintiffs for the actual loss, irreparable harm, pain

and suffering, emotional harm, and financial loss, caused by the Dermody

Defendants' unlawful use, marketing, offering for sale, offering for lease,

contracting, conversion, and taking of the real property, easements, rights of way,

rights of common, mineral rights, property rights, water rights, and riparian rights

related to the Plaintiffs' Benton Property and Public Property associated with

Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic

resources thereto;

(C) Restitution and Compensation to the Plaintiffs based on the Dermody Defendants'

unjust enrichment as a result of Dermody, Inc., Wes Hardy, Michael Dermody,

DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16 PWCC B, LLC, PWCC LANDCO

MAIN, LLC, and Port Wentworth Commerce Center Property Owners

Association, Inc. unlawful use, marketing, offering for sale, offering for lease,

contracting, conversion, and taking of the real property, easements, rights of way,

rights of common, mineral rights, property rights, water rights, and riparian rights

related to the Plaintiffs' Benton Property and Public Property associated with

38

Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic

resources thereto;

(D) Exemplary damages based on the willful and malicious actions of Dermody, Inc.,

Wes Hardy, Michael Dermody, DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16

PWCC B, LLC, PWCC LANDCO MAIN, LLC, and Port Wentworth Commerce

Center Property Owners Association, Inc.; and

(E) The Benton Family Plaintiffs' attorney fees, court costs, service fees, and travel

expenses associated with litigating this case.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this statement of material facts : (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FACTS SET FORTH IN THIS PLEADING ARE TRUE BASED UPON MY PERSONAL KNOWLEDGE.

Respectfully submitted,

**Date: 07/07/2025**

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

39

## CERTIFICATE OF SERVICE

UNDER THE PENALTY OF PERJURY, I certify that on or about July 7, 2025, I have

Filed a copy of the foregoing affidavit with to the Clerk of U.S. District Court, Northern District

of Georgia, and mailed a copy of this motion to the following parties:

SPH 21, LLC
SPH PLACEMENTS, LLC
SPH PROPERTY DEVELOPMENT, INC.
CHRISTOPHER HAYES
STEVEN BROCK
KENDRA NOYES
Port Wentworth Commerce Center Property Owners Association, Inc.
5 Concourse Parkway, Suite 200
Atlanta, GA 30328

DERMODY
MICHAEL C. DERMODY
WES HARDY
DPIF4 GA 15 PWCC A, LLC
DPIF4 GA 16 PWCC B, LLC
PWCC LANDCO MAIN, LLC
5500 Equity Avenue
Reno, NV 89502

**Date: 07/07/2025**

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

Exhibit-CC

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Georgia

Savannah Division

Georgia W. Benton
LaRay J. Benton

)
)  Case No. 4:25-CV-165
)  *(to be filled in by the Clerk's Office)*
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

-v-

Chatham County
Chatham County Board of Commissioners

)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LaRay J. Benton |
| Street Address | 1900 Saint Georges Way |
| City and County | Mitchellville, MD 20721 (Prince George's) |
| State and Zip Code | Maryland 20721 |
| Telephone Number | 864-357-4545 |
| E-mail Address | laraybenton@gmail.com |

Georgia W. Benton, 135 Saussy Road, Port Wentworth
912-596-6205         Georgia, 31407

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

$405.00 paid/Rcpt # 400003509
-Summons Issued

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

| | |
|---|---|
| Name | Chatham County Goverment |
| Job or Title *(if known)* | |
| Street Address | 124 Bull Street, Suite 200 |
| City and County | Savannah , Chatham County |
| State and Zip Code | Georgia 31401 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | Chatham County Board of Commisioners |
| Job or Title *(if known)* | Chatham County Government |
| Street Address | 124 Bull Street, Suite 200 |
| City and County | Savannah , Chatham County |
| State and Zip Code | Georgia 31401 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | Ralph R. Jonathan Hart, Esg. |
| Job or Title *(if known)* | Chatham County Attorney |
| Street Address | 6349 Abercorn Street, Suite D |
| City and County | Savannah , Chatham County |
| State and Zip Code | Georgia 31405 |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | Scott Robichaux, Esg. |
| Job or Title *(if known)* | Robichaux Law Firm |
| Street Address | 329 Eisenhower Drive |
| City and County | Savannah , Chatham County |
| State and Zip Code | Georgia 31406 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name               Phillip McCorkle, Esq.
    Job or Title *(if known)*  McCorkle, Johnson & McCoy, LLP (Partner)
    Street Address        319 Tattnall Street
    City and County      Savannah , Chatham County
    State and Zip Code   Georgia 31401
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 2
    Name               David Johnson, Esq.
    Job or Title *(if known)*  McCorkle, Johnson & McCoy, LLP (Partner)
    Street Address        319 Tattnall Street
    City and County      Savannah, Chatham County
    State and Zip Code   Georgia 31401
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. U.S. Constitution, 5th and 14th Amendments 18 USC 1001; 18 USC 1031; 18 USC 371; 28 USC 1367; 28 USC 1332

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual
The plaintiff, *(name)* LA Ray J. Benton , is a citizen of the
State of *(name)* Maryland .

b.    If the plaintiff is a corporation
The plaintiff, *(name)* _____ , is incorporated
under the laws of the State of *(name)* _____ ,
and has its principal place of business in the State of *(name)*
_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual
The defendant, *(name)* Scott Robichaux , is a citizen of
the State of *(name)* Georgia . Or is a citizen of
*(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

 

     b.     If the defendant is a corporation

The defendant, *(name)* **Chatham County** , is incorporated under
the laws of the State of *(name)* **Georgia** , and has its
principal place of business in the State of *(name)* **Georgia** .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

More than $75,001.00, See Complaint attached

---

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Statement of Claims attached

---

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Legal fees, Attorney Fees, Return of Stolen Property, restitution, Damages, Irreparable Harm, Emotional Harm, Financial Harm, Physical Harm, Psychological Harm. See complaint attached.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7/17/25

Signature of Plaintiff

Printed Name of Plaintiff    LaRay S. Benton / Georgia W. Benton

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA

LARAY J. BENTON, et al.                )
                                       )
                                       )
                   Plaintiffs,         )
                                       )
v.                                     )   CIVIL ACTION NO.
                                       )
Chatham County                         )   4:25-CV-165
SPH 21, LLC, et al.                    )
                                       )
                   Defendants.         )

## STATEMENT OF CLAIMS IN SUPPORT OF PLAINTIFFS' CIVIL COMPLAINT AGAINST THE CHATHAM COUNTY DEFENDANTS

COMES NOW, LaRay J. Benton and Georgia W. Benton (individually and collectively the "Benton Family" and/or "Plaintiffs"), who file this civil action against 1) Chatham County, GA; 2) the Chatham County Board of Commissioners; 3) R. Johnathan Hart, Esq.; 4) Scott Robichaux, Esq.; 5) Phillip McCorkle, Esq.; and 6) David Johnson, Esq.; (individually and collectively the "Defendants" or the "Chatham County Defendants") for the violation of and/or aiding and abetting the violation of several civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, as well as a violation of their oath of office and fiduciary duties owed to the Plaintiffs, as applicable.

Specifically, Plaintiffs represent this case for proper adjudication regarding the unlawful actions of the Defendants regarding 1) their unlawful Trespassing, Taking, Marketing, Offering, and Sale of Plaintiffs' real property, easements, rights-of-way, civil rights, riparian rights, and property rights located at or about 135 Saussy Road, Port Wentworth, GA 31407 (the "Benton Property"); 2) their violation Plaintiff's quiet enjoyment and use of Saussy Road, Port Wentworth, GA 31407; 3) their trespassing, taking,

1

abandonment, and diversion of the Saussy Canal and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto; and 4) their trespassing, taking, abandonment, and diversion of Black Creek and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Nor may a court take judicial notice of any matter that is in dispute. Id. at 689-90; see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."); see, e.g., White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) (taking notice of docket sheet, proceedings in another habeas case, and state bar records showing disciplinary proceedings against former counsel in deciding if prisoner was entitled to equitable tolling of statute of limitations); but see Ruiz v. City of Santa Maria, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice is inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

"[J]udicial notice can be taken at any stage of a proceeding." Metro. Bus. Mgmt., Inc. v. Allstate Ins. Co., 2009 WL 2424291, at *3 (C.D. Cal. Aug. 6, 2009), aff'd, 448 F. App"x 677 (9th Cir. 2011) (citations omitted); see Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Plaintiffs currently have an ongoing civil suit before the honorable U.S. District Court, Northern District of Georgia, *Benton, et al. v. SPH 21, LLC, et al.*, Case No. 1:25-CV-1663, against defendants 1) Steven R. Brock; 2) Christopher Hayes; 3) SPH 21, LLC; 4) SPH Placements, LLC; 5)

2

Dermody, Inc.; 6) Michael C. Dermody, CEO, Dermody, Inc.; 7) Wes Hardy, Partner, Southeast

Region, Dermody, Inc.; 8) DPIF4 GA 15 PWCC, LLC; 9) DPIF4 GA 16 PWCC, LLC; 10) PWCC

LANDCO MAIN, LLC; and 11) Port Wentworth Commerce Center Property Owners Assoc.,

Inc. regarding the exact same or similar herein referenced causes of action, real property

rights, civil rights, and/or riparian rights which comprises the crux of the Plaintiffs' case.

The U.S. District Court for the Northern District of Georgia does not have personal

jurisdiction over the herein named Chatham County Defendants, nor the claims alleged

against them herein, that's why the Plaintiffs bring this action before this Court. Plaintiffs

humbly move this honorable Court to take judicial notice of the ongoing and directly related

case of *Benton, et al. v. SPH 21, LLC, et al.,* Case No. 1:25-CV-1663, and all of the documents,

exhibits, representations, affidavits, case law, and pleadings therein, as applicable. Federal Rule of

Evidence 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006).

In good faith, the Plaintiffs present their statement of claims against the Defendants and

shows good cause as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.    This Court has original jurisdiction and venue over the subject matter of this action

pursuant to U.S. Constitution, 5th and 14th Amendments; 18 U.S. Code § 1031; 18 U.S.C. § 371; 18

USC § 1001; 36 CFR Part 800 et seq.; the Lanham Act, and the Clean Water Act, 33 U.S.C. Chapter

26 because of the claims in this case that arise from the unlawful taking, trespassing, marketing and

use of property belonging to the Plaintiffs, the General Public, and the U.S. Government (i.e. Waters

of the United States), and this Court has supplemental subject matter jurisdiction over the remaining

claims under 28 U.S.C. § 1367 because they are so related to the Federal claim that they form part of

the same case or controversy.

2.    Additionally, the Court has subject matter jurisdiction over this case under the

Racketeer Influenced and Corrupt Organizations Act (RICO) which provides for a private cause of

action in federal court. Specifically, 18 U.S.C. § 1964(c) allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue in federal court and recover treble damages, costs, and attorney's fees. 18 U.S.C. § 1964(c).

3.      Furthermore, the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the dispute arises between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65.

4.      This Court has personal jurisdiction over Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Jonathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq. regarding the subject matter of this case (individually and collectively the "Chatham County Defendants") because these are persons and/or entities whom either reside in Georgia and/or conducts a substantial about of business activities within the State of Georgia, and has unlawfully taken, converted, used, marketed, offered, contracted, leased, sold, and/or clouded real property, easements, rights of way, rights of common, water rights, property rights, riparian rights, and caused irreparable harm at issue in Georgia.

5.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the Benton Family Plaintiffs' claims occurred in this judicial district as Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Jonathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq.'s primary place of residence, domicile, and/or business headquarters resides within Chatham County, GA. Specifically, the fact that the Chatham County Defendants' primary place of business is headquartered within Chatham County according to public records.

6.      Time is of the essence in the matter in the best interest of justice and judicial efficiency of protecting the resources of the Court, taxpayers' monies, and to restore and/or return the

stolen properties, easements, rights of way, rights of common, water rights, property rights, riparian rights, and quiet enjoyment back to both the Benton Family and General Public.

## II.    **INTRODUCTION AND BACKGROUND**

7.    Plaintiff recalls, re-alleges, includes by reference, and prays for this honorable Court to take judicial notice of the ongoing and directly related case of *Benton, et al. v. SPH 21, LLC, et al.,* Case No. 1:25-CV-1663, and all of the pleadings, documents, exhibits, representations, affidavits, case law, and pleadings therein. Federal Rule of Evidence 201(b).

8.    Plaintiffs individually and collectively file this civil action against 1) Chatham County, GA; 2) the Chatham County Board of Commissioners; 3) R. Johnathan Hart, Esq.; 4) Scott Robichaux, Esq.; 5) Phillip McCorkle, Esq.; and 6) David Johnson, Esq.; (individually and collectively the "Defendants" or the "Chatham County Defendants") for the violation of and/or aiding and abetting the violation of several civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, violation of Georgia law, as well as a violation of their oath of office and fiduciary duties owed to the Plaintiffs, as applicable.

9.    Specifically, Plaintiffs represent this case for proper adjudication regarding the unlawful actions of the Defendants regarding 1) their unlawful Trespassing, Taking, Marketing, Offering, and Sale of Plaintiffs' real property, easements, rights-of-way, civil rights, riparian rights, and property rights located at or about 135 Saussy Road, Port Wentworth, GA 31407 (the "Benton Property"); 2) their violation Plaintiff's quiet enjoyment and use of Saussy Road, Port Wentworth, GA 31407; 3) their trespassing, taking, abandonment, and diversion of the Saussy Canal and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto; and 4) their trespassing, taking, abandonment, and diversion of Black Creek and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto.

10.     The Plaintiffs first became aware of the Chatham County, GA, the Chatham County Board of Commissioners, and the City of Port Wentworth's (individually and collectively "Chatham County") malicious and egregious plan and intentions to unlawfully offer and sale the Benton Family's individual and collective property rights when the proposed sale was discussed during a routine public meeting of the City Council for the City of Port Wentworth, Georgia, in about January 2023. At such time, the Plaintiffs repeatedly and publicly expressed their "non-consent" and "objection" to the U.S. Government (i.e. U.S. Army Corps of Engineers), the State of Georgia (i.e. Georgia Department of Transportation, Georgia Department of Community Affairs, and Georgia Department of Natural Resources), the City of Port Wentworth, GA (i.e. Mayor, all City Council Members, City Manager Steve Davis, and City Attorney Scott Robichaux), Chatham County, GA, and the Chatham County Board of Commissioners (i.e. Chairman Ellis and all sitting members of the Chatham County Board of Commissioners) regarding Chatham County's unlawful marketing, offer, and sale of the Benton Family's sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in the Plaintiffs' constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; Georgia Constitution, Bill of Rights; OGCA 44-8-1 through 44-8-10; OCGA 51-9-1 through OCGA 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958) (A riparian owner is one having land bounded on a stream of water (i.e. Saussy Canal), such as an owner having a qualified property in the soil to the thread of the stream); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibit C.

11.     In furtherance of Chatham County Defendants' individual and collective corrupt scheme and acts to conspire 1) to knowingly and systematically defraud the U.S. Government and

6

several of its Federal Agencies (i.e. U.S. Army Corps of Engineers, U.S. Environmental Protection Agency, Government Services Administration, and the Department of Treasury); 2) to knowingly and systematically defraud the State of Georgia and several of its State agencies (i.e. Georgia Department of Transportation, Georgia Department of Natural Resources, Georgia Department of Community Affairs, and Georgia Office of the State Treasurer); 3) to knowingly and systematically defraud the Benton Family out of their real property, property rights, riparian rights, and quite enjoyment; and 4) to defraud the more than 300,000 taxpayers of Chatham County out of several acres of real property, despite the timely objections and notice by the Plaintiffs, as documented by "Quit Claim Deed" dated April 14, 2023, and recorded in the land records of the Superior Court of Chatham County, Georgia, on April 20, 2023, within Book 3074 and Pages 287 – 289 of the Land Records of Chatham County Superior Court, Chatham County Government knowingly violated OCGA § 36-37-6(a)(1) and OCGA § 36-37-6(b) when it recklessly and fraudulently, 1) sold the real property belonging to the General Public and Taxpayers of the Chatham County, GA; and 2) sold the real property, mineral rights, water rights, riparian rights, easements, and rights-of-way collectively belonging to the Benton Plaintiffs and the Saussy Canal (a Public Asset) for the negligible sum of $10 to the City of Port Wentworth, GA. According to Georgia statutes, the real property sold by Chatham County had an aggregate pre-sale value in excess of $500, which required ALL of the various easements and rights-of-way to be sold via public auction using a publicly noticed and advertised sealed bidding process as detailed within OCGA § 36-37-6(a)(1) and OCGA § 36-37-6(b). OCGA § 36-37-6.

12.     In formally effecting the sale of the real property, easements, rights of way, etc. along the Saussy Canal to the City of Port Wentworth, the Chatham County Defendants knowingly violated the constitutional property rights and civil rights of the Plaintiffs, in addition to direct violations of the Georgia Constitution and Annotated Code of Georgia in multiple ways. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; Georgia Constitution, Bill of Rights;

OCGA § 36-37-6; OGCA § 44-8-1 through OCGA § 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibits B - E.

13.     There's NO RECORD OF ANY PUBLIC NOTICE ever given pre-dating the sale of the subject properties and/or relevant publicly owned properties, easements, and/or rights of ways held in trust by Chatham County, which also knowingly violated OCGA § 36-37-6, the Georgia Open Meetings Act, and the Benton Family's constitutional property rights and riparian rights regarding the Fifth and Fourteenth Amendment of the United States Constitution and the Georgia Constitution. OCGA § 36-37-6(a) and OCGA § 36-37-6(b). See Exhibits B - E.

14.     There's NO RECORD OF ANY PUBLIC NOTICE issued by Chatham County, GA and/or the Chatham County Board of Commissioners publicly noticing a fair and open opportunity to bid on the public property sold was NEVER posted within the Savannah Morning Newspaper nor any other circular and/or newspaper within Chatham County. OCGA § 36-37-6(a) and OCGA § 36-37-6(b). See Exhibits B - E.

15.     Having clear title, ownership, interest, riparian rights, and private property rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407, that directly "abutted" the public property unlawfully sold by Chatham County, GA and/or the Chatham County Board of Commissioners; and 2) in the Plaintiffs' 50% ownership and interest in the Saussy Canal and Black Creek in its entirety, the Benton Family Plaintiffs were NEVER directly and/or lawfully notified of the sale of the public property abutting their property interests, and neither was the Plaintiffs given a fair and open opportunity to bid on the subject properties as required by Georgia law. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964;  the RICO Act, 18 U.S.C. § 1962 et seq., Georgia Constitution, Bill of Rights; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA § 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-

6(l)(1); OGCA § 44-8-1 through OCGA § 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See

*Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d

593 (1958); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga.

223, 637 S.E.2d 415 (2006). See Exhibits B - E.

      16.     On or about April 14, 2023, Chester Ellis, Chairman, Chatham County Board of

Commissioners, did in fact knowingly and willfully affix his signature to the unlawful and fraudulent

purchase and sale agreement (i.e. "Saussy Canal Quit Claim Deed") which contractually obligated

the Chatham County government to the fraudulent acts. U.S. Constitution, 5th and 14th Amendments;

Title VII of the Civil Rights Act of 1964;  the RICO Act, 18 U.S.C. § 1962 et seq., Georgia

Constitution, Bill of Rights; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA

§ 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-6(l)(1); OGCA § 44-8-1 through OCGA

§ 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See *Moulton v. Bunting McWilliams Post No.*

*658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958); *Brown v. Tomlinson*, 246 Ga.

513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibits

B - E.

      17.     Additionally, Scott Robichaux, Esq., Port Wentworth City Attorney and R. Jonathan

Hart, Esq., Chatham County Attorney, both knowingly and maliciously violated their "OATH OF

OFFICE" and violated their "FIDUCIARY DUTY" as "TRUSTEES" over all real property, roads,

easements, rights of way, rights of common, and monies owned by Chatham County and the City of

Port Wentworth which were the formal assets of the more than 300,000 taxpayers who reside within

Chatham County, GA, when they committed several acts of "Attorney Misconduct" pursuant to

Georgia Rules of Professional Conduct, Rule 4.1, Rule 4-108, Rule 5.1, Rule 8.3, among others when

they knowingly counseled, advocated, and advised the City of Port Wentworth and Chatham County

governments to violate several Federal and State laws, to include but not limited to the 18 U.S. Code

§ 1031; 18 U.S.C. § 371; U.S. Constitution, Fifth and Fourteenth Amendments; the RICO Act, 18

U.S.C. § 1962 et seq.; the Georgia Constitution; 18 USC § 1001; 36 CFR Part 800 et seq.; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA § 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-6(l)(1); O.C.G.A. § 44-1-7 through O.C.G.A. § 44-1-12; O.C.G.A. § 51-9-1 through O.C.G.A. § 51-9-11; OCGA § 16-10-21; and O.C.G.A. §§ 16-14-1 through 16-14-13; See Exhibits B - E.

18.    The Chatham County Board of Commissioners unlawfully sold the Plaintiffs' property and public property held in trust belonging to the more than 300,000 taxpayers of the Chatham County, which includes the real property, easements, rights of way, and rights of common along Saussy Road, the Saussy Canal, and Black Creek in their entirety, resulting in Trespassing, Theft, Libel, Slander and Larceny under Georgia and Federal law. OCGA § 36-37-6 et seq.; O.C.G.A. § 44-1-7 through O.C.G.A. § 44-1-12; O.C.G.A. § 51-9-1 through O.C.G.A. § 51-9-11; OCGA § 16-10-21; and O.C.G.A. §§ 16-14-1 through 16-14-13.

19.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 319 Tattnall Street, Savannah, Georgia 31401. Phillip McCorkle, Esq.; David H. Johnson, Esq.; and Matthew M. McCoy, Esq. are the managing partners as recorded by the Secretary of State, State of Georgia.

20.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for all of the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, and Steven Brock Defendants on all development matters in coordination with the City of Port Wentworth, GA,

10

Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

21.     At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 329 Eisenhower Dr., Suite A, Savannah, GA 31406, 912-373-7713. Scott Robichaux is the managing partner as recorded by the Secretary of State, State of Georgia.

22.     At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for the City of Port Wentworth, GA as the "City Attorney" on all development matters in coordination with the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

23.     At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 6349 Abercorn Street, Suite D, Savannah, GA 31405. R. Jonathan Hart is the managing partner as recorded by the Secretary of State, State of Georgia.

24.     At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their

fiduciary duty as the legal representative, advisor, and/or general counsel for Chatham County, GA and the Chatham County Board of Commissioners as the "Chatham County Attorney" on all development matters in coordination with SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

25.     In support of the Plaintiffs' complaint regarding Statements of Material Facts and Background information, Plaintiff recalls, re-alleges, and includes herein their Motions and Statements of Material Facts previously pleaded within Exhibits BB and CC attached. See Exhibits BB and CC.

26.     In full compliance with the Administrative Procedures Act ("APA"); 36 CFR Part 800; and O.C.G.A. 50-21-26, on or about February 14, 2025, Plaintiffs mailed notice to the Chatham County and Chatham County Board of Commissioners Defendants regarding the Benton Family's intent to initiate the herein legal action and civil suit for the allegations, claims, and relief stated herein. Notice was delivered to Chatham County's headquarter building located at 124 Bull Street, Suite 200, Savannah, GA 31401, as documented by U.S. Postal Service, certified mail, return receipt Tracking No. 70220410000187417442. See Exhibit DD.

27.     Plaintiffs further recalls, re-alleges, includes by reference herein Exhibits A – DD attached.

III.    **COUNT I – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENTS, BY UNLAWFULLY TAKING THE PLAINTIFFS' PROPERTY AS THEIR OWN WITHOUT CONSENT OR JUST COMPENSATION PAID**

28.     This is an action against Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; and Scott Robichaux, Esq. (individually and

collectively the "Chatham County Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendments.

29.   Plaintiff recalls, re-alleges, and includes by reference all of his claims, motions, pleadings, complaints, representations, references, exhibits, affidavits, material facts and statements within his separately pleaded and filed **_AMEND COMPLAINT AND STATEMENT OF MATERIAL FACTS IN SUPPORT AGAINST SPH 21, LLC DEFENDANTS,_** the above paragraphs 1-27, to include those material facts, representations, and claims within all of his previous pleadings on the record within related case _Benton, et al. v. SPH 21, LLC, et al.,_ Case No. 1:25-CV-1663, herein, as if pleaded hereto.

30.   The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendments, United States Constitution.

31.   The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

32.   The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

33.   The Plaintiffs have never sold any portion of the Benton Property to any of the Chatham County Defendants, SPH 21, LLC Defendants, nor the Dermody Defendants at any point in time.

34.     The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor the Dermody Defendants with any express or implied consent nor authorization to

take, possess, access, or use the Benton Property in any manner.

35.     The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor the Dermody Defendants with any express or implied consent nor authorization to

present or use the Benton Property in any manner in connection with any permit, application,

submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm,

Third-Party, and/or any Local, County, State, nor Federal government entities, which includes the

U.S. Army Corps of Engineers [1], U.S. Environmental Protection Agency, the U.S. Treasury, and

Georgia Department of Natural Resources.

36.     The Chatham County Defendants have taken, held over, libel, slandered, trespassed,

and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to

the Fifth and Fourteenth Amendments, U.S. Constitution.

37.     The Chatham County Defendants, SPH 21, LLC Defendants, and the Dermody

Defendants have willfully and systematically schemed to misrepresent, mislead, and conceal the truth

about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect,

Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for

individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH

Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their

for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

---

[1] U.S. Army Corps of Engineers. Taking of the Benton Family's property associated with the acceptance, review, approval, and issuance of several jurisdictional determinations, on several occasions, spanning a continuous five (5) year period between 2019 and continuing to date, but more specifically on August 21, 2019; February 17, 2021; March 10, 2021; April 28, 2021; July 21, 2021; August 30, 2021; April 6, 2022; and most recently on May 6, 2024, in affiliation and support of Clean Water Act (CWA) applications and/or USACE File Nos. *SAS-2018-00940, SAS-2018-00940-SP-SEW, SAS-2018-00940(SP-SEW), SAS-2019-00535, SAS-2021-00599-SP (RLS), SAS-2023-00716, SAS-2023-00716-SP-TCK, SAS-2021-00549-SP-TCK,* and *SAS-2022-00055-SP-JME. Hereinafter* the "Saussy Canal Permits."

38.    The actions of the Chatham County Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

39.    At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

40.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the Chatham County Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

41.    The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

42.    The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the Chatham County Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants, the

15

Dermody Defendants, the Chatham County Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

43.     The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

IV.     **COUNT II – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENT, 18 USC 1001, AND 18 USC 1031 BY AIDING AND ABETTING THE SPH 21, LLC DEFENDANTS TO FRAUDULENTLY MISREPRESENT TO THE US ARMY CORPS OF ENGINEERS AND OTHER FEDERAL AGENCIES THAT THE PLAINTIFFS' PROPERTY BELONGED TO THE SPH 21, LLC DEFENDANTS**

44.     This is an action against Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendments.

45.     Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 43 above as if set forth herein.

46.     The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendments, United States Constitution.

47.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest

in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

48.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

49.    The Plaintiffs have never sold any portion of the Benton Property to the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

50.    The Plaintiffs have never provided the Chatham County Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

51.    The Plaintiffs have never provided the Chatham County Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permits, applications, submittals, reports, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities, which includes the U.S. Army Corps of Engineers, the U.S. Environmental Protection Agency, the U.S. Treasury, the Georgia Department of Transportation, and the Georgia Department of Natural Resources.

52.    The Chatham County Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendments, U.S. Constitution and in violation of the Clean Water Act. 33 U.S.C. § 1344.

53.    The Chatham County Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes,

17

Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

54.     At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

55.     The actions of the Chatham County Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

56.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the Chatham County Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

57.     The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

58.     The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use,

trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the Chatham County Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

59.    The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

## V.    COUNT III – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY TAKING, OCGA § 16-8-2 & OCGA § 36-37-6

60.    This is an action against Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

61.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 59 above as if set forth herein.

62.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

63.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest

in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

64.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

65.    The Plaintiffs have never sold any portion of the Benton Property to the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

66.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

67.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities.

68.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment, U.S. Constitution, and State law pursuant to OCGA § 16-8-2 & OCGA § 36-37-6.

69.    The Chatham County Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

70.     At all times relevant to this action and/or claim, Defendants Chatham County, GA;

the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.;

Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS,

LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4

GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth

Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA

individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each

other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-2 & OCGA § 36-37-

6, several other Federal and State law, statutes, and provisions, as well as the civil rights,

constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the

detriment of the Plaintiffs.

71.     The actions of the Chatham County Defendants are willful and malicious as they

have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets

and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website,

Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

72.     The Chatham County Defendants have unlawfully taken the Plaintiffs' property

resulting in theft in violation of OCGA § 16-8-2 and OCGA § 36-37-6.

73.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the

Chatham County Defendants to take, market, and resale their property is allowed to continue and is

not enjoined or ceased immediately.

74.     The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S.

Constitution, Georgia Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA §

44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-

12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their

property.

75.     The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the Chatham County Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

76.     The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

## VI.     COUNT IV – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY CONVERSION, OCGA § 16-8-4 & OCGA § 36-37-6

77.     This is an action against Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

78.     Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 76 above as if set forth herein.

79.     The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

80.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road,

Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and

rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest

in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton

Property"), since May 12, 1978.  See Exhibit B.

81.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion

of its property since acquiring it on May 12, 1978. See Exhibit B.

82.    The Plaintiffs have never sold any portion of the Benton Property to the Chatham

County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

83.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take,

possess, access, or use the Benton Property in any manner.

84.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor Dermody Defendants with any express or implied consent nor authorization to

present or use the Benton Property in any manner in connection with any permit, application,

submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm,

Third-Party, and/or any Local, County, State, nor Federal government entities.

85.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody

Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title

of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment,

U.S. Constitution, and State law pursuant to OCGA § 16-8-4 & OCGA § 36-37-6.

86.    The Chatham County Defendants willfully and systematically schemed to

misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property

from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local,

County, State, and Federal government entities for individual personal gain and for the Benefit of

themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes,

Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

87.     At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-4 & OCGA § 36-37-6, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

88.     The actions of the Chatham County Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

89.     The Chatham County Defendants have unlawfully taken the Plaintiffs' property resulting in theft in violation of OCGA § 16-8-4 and OCGA § 36-37-6.

90.     The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property resulting in theft in violation of OCGA § 16-8-4, OCGA § 36-37-6, the Georgia Constitution, Bill of Rights, and the 5th and 14th Amendment, U.S. Constitution.

91.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the

Chatham County Defendants to take, market, and resale their property is allowed to continue and is

not enjoined or ceased immediately.

92.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution,

back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the

unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for

any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution,

OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA §

51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

## VII.    COUNT V – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY DECEPTION, OCGA § 16-8-3 & OCGA § 36-37-6

93.    This is an action against Defendants Chatham County, GA; the Chatham County

Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.;

and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for

violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

94.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 92 above as if set forth

herein.

95.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located

at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek

in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth

Amendment, United States Constitution.

96.    The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road,

Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and

rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

97.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

98.     The Plaintiffs have never sold any portion of the Benton Property to the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

99.     The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

100.     The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities.

101.     The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment, U.S. Constitution, and State law pursuant to OCGA § 16-8-3 & OCGA § 36-37-6.

102.     The Chatham County Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes,

26

Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

103.   At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-3 & OCGA § 36-37-6, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

104.   The actions of the Chatham County Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

105.   The Chatham County Defendants have unlawfully taken the Plaintiffs' property resulting in theft in violation of OCGA § 16-8-3 and OCGA § 36-37-6.

106.   The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property resulting in theft in violation of OCGA § 16-8-3, OCGA § 36-37-6, the Georgia Constitution, Bill of Rights, and the 5th and 14th Amendment, U.S. Constitution.

107.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the

Chatham County Defendants to take, market, and resale their property is allowed to continue and is

not enjoined or ceased immediately.

108.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution,

back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the

unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for

any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution,

OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA §

51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

## VIII.    COUNT VI - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-1 & OCGA § 51-9-9 BY KNOWINGLY INTEFERING WITH PLAINTIFFS' ENJOYMENT OF THEIR REAL PROPERTY TO INCLUDE THE SAUSSY CANAL AND BLACK CREEK

109.    This is an action against Defendants Chatham County, GA; the Chatham County

Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.;

and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for

violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

110.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 108 above as if set forth

herein.

111.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located

at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek

in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth

Amendment, United States Constitution.

112.    The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road,

Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and

rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest

in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton

Property"), since May 12, 1978. See Exhibit B.

     113.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion

of its property since acquiring it on May 12, 1978. See Exhibit B.

     114.    The Plaintiffs have never sold any portion of the Benton Property to the Chatham

County Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

     115.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take,

possess, access, or use the Benton Property in any manner.

     116.    The Plaintiffs have never provided the Chatham County Defendants, SPH 21, LLC

Defendants, nor Dermody Defendants with any express or implied consent nor authorization to

present or use the Benton Property in any manner in connection with any permit, application,

submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm,

Third-Party, and/or any Local, County, State, nor Federal government entities.

     117.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody

Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title

of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment,

U.S. Constitution, and State law pursuant to OCGA § 16-8-3, OCGA § 36-37-6, OCGA § 51-9-1 and

OCGA § 51-9-9.

     118.    The Chatham County Defendants willfully and systematically schemed to

misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property

from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local,

County, State, and Federal government entities for individual personal gain and for the Benefit of

themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

119.    At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City of Port Wentworth, GA individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-3 & OCGA § 36-37-6, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

120.    The actions of the Chatham County Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

121.    The Chatham County Defendants have unlawfully taken the Plaintiffs' property resulting in theft violation of OCGA § 16-8-3; OCGA § 36-37-6; OCGA § 51-9-1 and OCGA § 51-9-9.

122.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of

OCGA § 44-8-1, OCGA § 44-8-6, OCGA § 36-37-6, OCGA § 51-9-1, OCGA § 51-9-9 and the 5th and 14th Amendment, U.S. Constitution.

123.   The Benton Family Plaintiffs will suffer irreparable harm if the actions of the Chatham County Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

124.   Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

IX.   **COUNT VII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-4 BY KNOWINGLY TRESPASSING ONTO AND WITHHOLDING PLAINTIFFS' PROPERTY TO INCLUDE PLAINTIFF'S OWNERSHIP OF THE SAUSSY CANAL AND BLACK CREEK**

125.   This is an action against Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

126.   Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 124 above as if set forth herein.

127.   The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

128.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

129.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

130.     The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-4, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

131.     The Benton Family Plaintiffs will suffer irreparable harm if the actions of the Chatham County Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

132.     Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

X.     **COUNT VIII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-11 BY CLOUDING THE CLEAR AND PERFECT TITLE TO PLAINTIFFS' PROPERTY VIA BOTH LIBEL AND SLANDER BY CLAIMING MULTIPLE PORTIONS, EASEMENTS, RIGHTS OF WAY, AND RIPARIAN RIGHTS ALONG SAUSSY ROAD, THE SAUSSY CANAL, BLACK CREEK, AND ALL AQUATIC**

<u>**RESOURCES THERETO AS THEIR OWN WITHOUT PLAINTIFFS' CONSENT OR**</u>
<u>**JUST CONPENSATION PAID TO PLAINTIFFS**</u>

140.    This is an action against Defendants Chatham County, GA; the Chatham County

Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.;

and David Johnson, Esq. (individually and collectively the "Chatham County Defendants") for

violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

141.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 139 above as if set forth

herein.

142.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located

at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek

in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth

Amendment, United States Constitution.

143.    The Benton Family Plaintiffs have continuously held sole and clear title, interest,

quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road,

Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and

rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest

in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton

Property"), since May 12, 1978.  See Exhibit B.

144.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion

of its property since acquiring it on May 12, 1978. See Exhibit B.

145.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody

Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title

of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the

Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-11, OCGA

§ 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

146.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the

Chatham County Defendants to take, market, and resale their property is allowed to continue and is

not enjoined or ceased immediately.

147.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution,

back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the

unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for

any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution,

OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA §

51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**XI.    COUNT IX - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-12 BY CLOUDING THE CLEAR AND PERFECT TITLE TO PLAINTIFFS' PROPERTY BY RECORDING A FRAUDULENT DEED WITH THE SUPERIOR COURT OF CHATHAM COUNTY OR AIDING & ABETTING THE ACT THEREOF**

148.    This is an action against Defendants R. Johnathan Hart, Esq.; Scott Robichaux, Esq.;

Phillip McCorkle, Esq.; and David Johnson, Esq. (individually and collectively the "Chatham County

Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment.

149.    Plaintiffs re-alleges and hereby incorporates paragraphs 1 – 147 above as if set forth

herein.

150.    The real property, easements, rights of way, rights of common, mineral rights,

property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located

at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek

in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth

Amendment, United States Constitution.

151.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

152.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

153.    The Chatham County Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-11, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

154.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 319 Tattnall Street, Savannah, Georgia 31401. Phillip McCorkle, Esq.; David H. Johnson, Esq.; and Matthew M. McCoy, Esq. are the managing partners as recorded by the Secretary of State, State of Georgia.

155.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for all of the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, and Steven Brock Defendants on all development matters in coordination with the City of Port Wentworth, GA,

Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

156.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 329 Eisenhower Dr., Suite A, Savannah, GA 31406, 912-373-7713. Scott Robichaux is the managing partner as recorded by the Secretary of State, State of Georgia.

157.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for the City of Port Wentworth, GA as the "City Attorney" on all development matters in coordination with the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

158.    At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 6349 Abercorn Street, Suite D, Savannah, GA 31405. R. Jonathan Hart is the managing partner as recorded by the Secretary of State, State of Georgia.

159.    At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their

fiduciary duty as the legal representative, advisor, and/or general counsel for Chatham County, GA and the Chatham County Board of Commissioners as the "Chatham County Attorney" on all development matters in coordination with SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

160.    As documented by "Quit Claim Deed" dated April 14, 2023, and recorded in the land records of the Superior Court of Chatham County, Georgia, on April 20, 2023, within Book 3074 and Pages 287 – 289 of the Land Records of Chatham County Superior Court, Chatham County Government knowingly violated OCGA § 51-9-12 when Defendants Robichaux and Defendant Hart individually and collectively schemed to aided and abetted each to fraudulently record the above mentioned deed containing knowingly false information and several misrepresentations of facts, as well as corruptly libel, slander, and clouding the Plaintiffs' Benton Property, in bad faith, and with malicious intent. OCGA § 51-9-12.

161.    Furthermore, within "Development Agreement" dated April 12, 2024, within Book 3349 and Pages 673 – 677 of the Land Records of Chatham County Superior Court, effected between the City of Port Wentworth and the SPH 21, LLC Defendants, the City of Port Wentworth, GA knowingly violated OCGA § 51-9-12 when Defendants Robichaux, McCorkle, and Johnson individually and collectively schemed to aided and abetted each to fraudulently record the above mentioned deed containing knowingly false information and several misrepresentations of facts, as well as corruptly libel, slander, and clouding the Plaintiffs' Benton Property, in bad faith, and with malicious intent. OCGA § 51-9-12.

162.    "The owner of any real property may bring an action against an individual who has knowingly filed, entered, or recorded, or caused to be filed, entered, or recorded, in any public record a false or forged deed or other instrument purporting to convey the owner's interest to such real property to such individual or a third party or purporting to encumber the owner's interest in such real property." OCGA § 51-9-12(a).

163.    In support of the Plaintiffs' complaint regarding Statements of Material Facts and Background information, Plaintiff recalls, re-alleges, and includes herein their Motions and Statements of Material Facts previously pleaded within Exhibits BB and CC attached. See Exhibits BB and CC.

164.    The Benton Family Plaintiffs will suffer irreparable harm if the actions of the Chatham County Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

165.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

## XII.    REQUEST FOR LEAVE

This honorable District Court is required to liberally construe pro se complaints, pleadings, briefs and evidence, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). As such, pursuant to the wholly liberal discretion of the court, the Plaintiff humbly requests and prays for leave of any Federal and/or local pleading requirements, page numbers, statements, and/or procedures that his pleadings and/or complaints may be lacking as a mere mistake, and further prays

that the court afford him the opportunity to correct any small defects within his pleadings in the future. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## XIII.    CONCLUSION

The term "to steal" has no established meaning in the common law. *See Crabb v. Zerbst*, 99 F.2d 562, 565 (5th Cir. 1938). Instead, this term refers to the crime of larceny and was developed in modern pleading to broaden larceny beyond its strict common law definition. *See United States v. Maloney*, 607 F.2d 222, (9th Cir. 1979), *cert. denied*, 445 U.S. 918 (1980); *United States v. Archambault*, 441 F.2d 281, 282-83 (10th Cir. 1971), *cert. denied*, 404 U.S. 843 (1971).

The Chatham County Defendants have knowingly violated, and aid and abetted the current SPH Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, and SPH Placements, LLC in carrying out all of the current complaints and charges against them that's before this Honorable Court. 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1 and Exhibits B, T - DD); OCGA § 44-2-46; OCGA § 51-6-1; OCGA § 32-7-4; and Georgia House Bill HB-1292 in all of their actions pleaded above and here.

## XIV.    PRAYER FOR RELIEF

WHEREFORE, the Benton Family Plaintiffs respectfully prays that this Court provide the following relief in this matter:

    (A) Injunctive relief preventing the Dermody Defendants and the SPH 21, LLC Defendants from further marketing, offering, selling, leasing, contracting, entitlement, permitting, misrepresenting, using, trespassing, libel, slandering, and/or clouding the Benton Property and Public Property as pleaded herein as their own to any person, entity, third party, nor to any Local, County, State, or Federal government agency, department, or official.

    (B) Actual damages in an amount to be determined at trial, but not less than $75,001.00, to compensate the Plaintiffs for the actual loss, irreparable harm, pain and suffering, emotional harm, and financial loss, caused by the Dermody Defendants' unlawful use, marketing, offering for sale, offering for lease, contracting, conversion, and taking of the real property, easements, rights of way, rights of common, mineral rights, property rights,

water rights, and riparian rights related to the Plaintiffs' Benton Property and Public Property associated with Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic resources thereto;

(C) Restitution and Compensation to the Plaintiffs based on the Dermody Defendants' unjust enrichment as a result of Dermody, Inc., Wes Hardy, Michael Dermody, DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16 PWCC B, LLC, PWCC LANDCO MAIN, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc. unlawful use, marketing, offering for sale, offering for lease, contracting, conversion, and taking of the real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to the Plaintiffs' Benton Property and Public Property associated with Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic resources thereto;

(D) Exemplary damages based on the willful and malicious actions of Dermody, Inc., Wes Hardy, Michael Dermody, DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16 PWCC B, LLC, PWCC LANDCO MAIN, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc.; and

(E) The Benton Family Plaintiffs' attorney fees, court costs, service fees, and travel expenses associated with litigating this case.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this statement of material facts : (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FACTS SET FORTH IN THIS PLEADING ARE TRUE BASED UPON MY PERSONAL KNOWLEDGE.

Respectfully submitted,

Date: 07/17/2025

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

Georgia W. Benton
Georgia W. Benton
135 Saussy Road
Port Wentworth, GA 31407

## CERTIFICATE OF SERVICE

UNDER THE PENALTY OF PERJURY, I certify that on or about July 17, 2025, I have

Filed a copy of the foregoing affidavit with to the Clerk of U.S. District Court, Northern District of

Georgia, and mailed a copy of this motion to the following parties:


SPH 21, LLC
SPH PLACEMENTS, LLC
SPH PROPERTY DEVELOPMENT, INC.
CHRISTOPHER HAYES
STEVEN BROCK
KENDRA NOYES
Port Wentworth Commerce Center Property Owners Association, Inc.
5 Concourse Parkway, Suite 200
Atlanta, GA 30328

DERMODY
MICHAEL C. DERMODY
WES HARDY
DPIF4 GA 15 PWCC A, LLC
DPIF4 GA 16 PWCC B, LLC
PWCC LANDCO MAIN, LLC
5500 Equity Avenue
Reno, NV 89502

*Chatham County Government*
*124 Bull Street*
*Savannah, GA 31401*

Date: 07/17/2025

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

*Georgia W. Benton*
Georgia W. Benton
135 Soussy Road
Port Wentworth, GA 31407

41

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

LARAY J. BENTON, et al.          )
                                        )
                                        )
                Plaintiffs,        )
                                        )
v.                                     )        CIVIL ACTION NO.
                                        )
CITY OF PORT WENTWORTH, et al.    )
                                        )
                Defendants.     )

---

**STATEMENT OF CLAIMS IN SUPPORT OF PLAINTIFFS' CIVIL COMPLAINT**
**AGAINST THE CITY DEFENDANTS**

---

COMES NOW, LaRay J. Benton and Georgia W. Benton (individually and collectively the "Benton Family" and/or "Plaintiffs"), who file this civil action against 1) the CITY OF PORT WENTWORTH, GA (the "City" and/or "Defendant" and/or "Respondent"); 2) the PORT WENTWORTH DEVELOPMENT AUTHORITY (the "Authority" and/or "Defendant" and/or "Respondent"); 3) the PORT WENTWORTH CITY COUNCIL (the "City Council" and/or "Defendant" which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the currently elected and sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); SCOTT ROBICHAUX, City Attorney, City of Port Wentworth (in both his personal and professional capacities); THOMAS J. KILMARTIN, City Manager, City of Port Wentworth (in both his personal and professional capacities); and STEVE DAVIS, City Manager, City of Port Wentworth (in both his personal and professional capacities), regarding the subject matter of this case (individually and collectively the "City Defendants") (hereafter individually and collectively the "Defendants" or the "City Defendants") for the violation of and/or aiding and abetting the

1

violation of several civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, as well as a violation of their oath of office and fiduciary duties owed to the Plaintiffs, as applicable.

Specifically, Plaintiffs represent this case for proper adjudication regarding the unlawful actions of the Defendants regarding 1) their unlawful Trespassing, Taking, Marketing, Offering, and Sale of Plaintiffs' real property, easements, rights-of-way, civil rights, riparian rights, and property rights located at or about 135 Saussy Road, Port Wentworth, GA 31407 (the "Benton Property"); 2) their violation Plaintiff's quiet enjoyment and use of Saussy Road, Port Wentworth, GA 31407; 3) their trespassing, taking, abandonment, and diversion of the Saussy Canal and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto; and 4) their trespassing, taking, abandonment, and diversion of Black Creek and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Nor may a court take judicial notice of any matter that is in dispute. Id. at 689-90; see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."); see, e.g., White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) (taking notice of docket sheet, proceedings in another habeas case, and state bar records showing disciplinary proceedings against former counsel in deciding if prisoner was entitled to equitable tolling of statute of limitations); but see Ruiz v. City of Santa Maria, 160 F.3d 543, 548 n.13

2

(9th Cir. 1998) (finding judicial notice is inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

"[J]udicial notice can be taken at any stage of a proceeding." Metro. Bus. Mgmt., Inc. v. Allstate Ins. Co., 2009 WL 2424291, at *3 (C.D. Cal. Aug. 6, 2009), aff'd, 448 F. App"x 677 (9th Cir. 2011) (citations omitted); see Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Plaintiffs currently have an ongoing civil suit before the honorable U.S. District Court, Northern District of Georgia, *Benton, et al. v. SPH 21, LLC, et al.,* Case No. 1:25-CV-1663, against defendants 1) Steven R. Brock; 2) Christopher Hayes; 3) SPH 21, LLC; 4) SPH Placements, LLC; 5) Dermody, Inc.; 6) Michael C. Dermody, CEO, Dermody, Inc.; 7) Wes Hardy, Partner, Southeast Region, Dermody, Inc.; 8) DPIF4 GA 15 PWCC, LLC; 9) DPIF4 GA 16 PWCC, LLC; 10) PWCC LANDCO MAIN, LLC; and 11) Port Wentworth Commerce Center Property Owners Assoc., Inc., regarding the exact same or similar herein referenced causes of action, real property rights, civil rights, and/or riparian rights which comprises the crux of the Plaintiffs' case, and all of the documents, exhibits, representations, affidavits, case law, and pleadings therein, as applicable. Federal Rule of Evidence 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006). See Exhibits BB and CC. [1]

The U.S. District Court for the Northern District of Georgia does not have personal jurisdiction over the herein named City Defendants, nor the claims alleged against them herein, that's why the Plaintiffs bring this action before this Court.

In good faith, the Plaintiffs present their statement of claims against the Defendants and shows good cause as follows:

## I.    JURISDICTION AND VENUE

---

[1] Plaintiffs humbly move this honorable Court to take judicial notice of related civil suit before the honorable U.S. District Court, Southern District of Georgia, *Benton, et al. v. Chatham County, et al.,* Case No. 4:25-CV-00165-RSB-CLR, against defendants Chatham County Government, Chatham County Board of Commissioners, Ralph Jonathan Hart, Esq., David Johnson, Esq., Scott Robichaux, Esq., and Phillip McCorkle, Esq.

3

1.       This Court has original jurisdiction and venue over the subject matter of this action

pursuant to U.S. Constitution, 5th and 14th Amendments; 18 U.S. Code § 1031; 18 U.S.C. § 371; 18 USC

§ 1001; 36 CFR Part 800 et seq.; the Lanham Act, and the Clean Water Act, 33 U.S.C. Chapter 26

because of the claims in this case that arise from the unlawful taking, trespassing, marketing and use of

property belonging to the Plaintiffs, the General Public, and the U.S. Government (i.e. Waters of the

United States), and this Court has supplemental subject matter jurisdiction over the remaining claims

under 28 U.S.C. § 1367 because they are so related to the Federal claim that they form part of the same

case or controversy.

2.       Additionally, the Court has subject matter jurisdiction over this case under the Racketeer

Influenced and Corrupt Organizations Act (RICO) which provides for a private cause of action in federal

court. Specifically, 18 U.S.C. § 1964(c) allows "[a]ny person injured in his business or property by reason

of a violation of section 1962" to sue in federal court and recover treble damages, costs, and attorney's

fees. 18 U.S.C. § 1964(c).

3.       Furthermore, the Court has subject matter jurisdiction over this case under 28 U.S.C. §

1332 because the dispute arises between citizens of different states and the amount in controversy exceeds

the sum of $75,000.00, exclusive of interest and costs.  Injunctive relief is sought pursuant to Federal

Rule of Civil Procedure 65.

4.       This Court has personal jurisdiction over Defendants City of Port Wentworth, GA; Port

Wentworth Development Authority; Port Wentworth City Council (which pursuant to the Port Wentworth

City Charter and Georgia law individually and collectively includes but is not limited to all of the current

sitting City Councilmembers as Defendants in both their personal and professional capacities, namely

Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise

Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and Steve

Davis, City Manager, City of Port Wentworth (in both his personal and professional capacities), regarding

the subject matter of this case (individually and collectively the "City Defendants") because these

are persons and/or entities whom either reside in Georgia and/or conducts a substantial about of business

4

activities within the State of Georgia, and has unlawfully taken, converted, used, marketed, offered, contracted, leased, sold, and/or clouded real property, easements, rights of way, rights of common, water rights, property rights, riparian rights, and caused irreparable harm at issue in Georgia.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the Benton Family Plaintiffs' claims occurred in this judicial district as Defendants City of Port Wentworth, GA; Port Wentworth Development Authority; Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and Steve Davis, City Manager, City of Port Wentworth's primary place of residence, domicile, and/or business headquarters resides within Chatham County, GA. Specifically, the fact that the City Defendants' primary place of business is headquartered within Chatham County according to public records.

6. Time is of the essence in the matter in the best interest of justice and judicial efficiency of protecting the resources of the Court, taxpayers' monies, and to restore and/or return the stolen properties, easements, rights of way, rights of common, water rights, property rights, riparian rights, and quiet enjoyment back to both the Benton Family and General Public.

## II.    INTRODUCTION AND BACKGROUND

7. Plaintiff recalls, re-alleges, includes by reference, and prays for this honorable Court to take judicial notice of the ongoing and directly related case of 1) *Benton, et al. v. SPH 21, LLC, et al.*, Case No. 1:25-CV-1663; and 2) in *Benton, et al. v. Chatham County, et al.*, Case No. 4:25-CV-00165-RSB-CLR, and all of the documents, exhibits, representations, affidavits, case law, and pleadings therein, as applicable. Federal Rule of Evidence 201(b).

8. Plaintiffs individually and collectively file this civil action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which

5

pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "Defendants" or the "City Defendants") for the violation of and/or aiding and abetting the violation of several civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, violation of Georgia law, as well as a violation of their oath of office and fiduciary duties owed to the Plaintiffs, as applicable.

9.      Specifically, Plaintiffs represent this case for proper adjudication regarding the unlawful actions of the Defendants regarding 1) their unlawful Trespassing, Taking, Marketing, Offering, and Sale of Plaintiffs' real property, easements, rights-of-way, civil rights, riparian rights, and property rights located at or about 135 Saussy Road, Port Wentworth, GA 31407 (the "Benton Property"); 2) their violation Plaintiff's quiet enjoyment and use of Saussy Road, Port Wentworth, GA 31407; 3) their trespassing, taking, abandonment, and diversion of the Saussy Canal and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto; and 4) their trespassing, taking, abandonment, and diversion of Black Creek and all its aquatic resources, wetlands, easements, rights-of-way, riparian rights associated thereto.

10.     The Plaintiffs first became aware of the Chatham County, GA, the Chatham County Board of Commissioners, and the City of Port Wentworth's (individually and collectively "Chatham County") malicious and egregious plan and intentions to unlawfully offer and sale the Benton Family's individual and collective property rights when the proposed sale was discussed during a routine public meeting of the City Council for the City of Port Wentworth, Georgia, in about January 2023. At such time, the Plaintiffs repeatedly and publicly expressed their "non-consent" and "objection" to the U.S. Government (i.e. U.S. Army Corps of Engineers), the State of Georgia (i.e. Georgia Department of

6

Transportation, Georgia Department of Community Affairs, and Georgia Department of Natural Resources), the City of Port Wentworth, GA (i.e. Mayor, all City Council Members, City Manager Steve Davis, and City Attorney Scott Robichaux), Chatham County, GA, and the Chatham County Board of Commissioners (i.e. Chairman Ellis and all sitting members of the Chatham County Board of Commissioners) regarding Chatham County's unlawful marketing, offer, and sale of the Benton Family's sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in the Plaintiffs' constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; Georgia Constitution, Bill of Rights; OGCA 44-8-1 through 44-8-10; OCGA 51-9-1 through OCGA 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958) (A riparian owner is one having land bounded on a stream of water (i.e. Saussy Canal), such as an owner having a qualified property in the soil to the thread of the stream); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibit C.

     11.     In furtherance of City Defendants' individual and collective corrupt scheme and acts to conspire 1) to knowingly and systematically defraud the U.S. Government and several of its Federal Agencies (i.e. U.S. Army Corps of Engineers, U.S. Environmental Protection Agency, Government Services Administration, and the Department of Treasury); 2) to knowingly and systematically defraud the State of Georgia and several of its State agencies (i.e. Georgia Department of Transportation, Georgia Department of Natural Resources, Georgia Department of Community Affairs, and Georgia Office of the State Treasurer); 3) to knowingly and systematically defraud the Benton Family out of their real property, property rights, riparian rights, and quite enjoyment; and 4) to defraud the more than 300,000 taxpayers of Chatham County out of several acres of real property, despite the timely objections and notice by the Plaintiffs, as documented by "Quit Claim Deed" dated April 14, 2023, and recorded in the land records of the Superior Court of Chatham County, Georgia, on April 20, 2023, within Book 3074 and Pages 287 –

7

289 of the Land Records of Chatham County Superior Court, Chatham County Government knowingly violated OCGA § 36-37-6(a)(1) and OCGA § 36-37-6(b) when it recklessly and fraudulently, 1) sold the real property belonging to the General Public and Taxpayers of the Chatham County, GA; and 2) sold the real property, mineral rights, water rights, riparian rights, easements, and rights-of-way collectively belonging to the Benton Plaintiffs and the Saussy Canal (a Public Asset) for the negligible sum of $10 to the City of Port Wentworth, GA.  According to Georgia statutes, the real property sold by Chatham County had an aggregate pre-sale value in excess of $500, which required ALL of the various easements and rights-of-way to be sold via public auction using a publicly noticed and advertised sealed bidding process as detailed within OCGA § 36-37-6(a)(1) and OCGA § 36-37-6(b). OCGA § 36-37-6.

12.     In formally effecting the sale of the real property, easements, rights of way, etc. along the Saussy Canal to the City of Port Wentworth, the City Defendants knowingly violated the constitutional property rights and civil rights of the Plaintiffs, in addition to direct violations of the Georgia Constitution and Annotated Code of Georgia in multiple ways. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; Georgia Constitution, Bill of Rights; OCGA § 36-37-6; OGCA § 44-8-1 through OCGA § 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibits B - E.

13.     There's NO RECORD OF ANY PUBLIC NOTICE ever given pre-dating the sale of the subject properties and/or relevant publicly owned properties, easements, and/or rights of ways held in trust by Chatham County, which also knowingly violated OCGA § 36-37-6, the Georgia Open Meetings Act, and the Benton Family's constitutional property rights and riparian rights regarding the Fifth and Fourteenth Amendment of the United States Constitution and the Georgia Constitution. OCGA § 36-37-6(a) and OCGA § 36-37-6(b). See Exhibits B - E.

14.     There's NO RECORD OF ANY PUBLIC NOTICE issued by Chatham County, GA and/or the Chatham County Board of Commissioners publicly noticing a fair and open opportunity to bid

8

on the public property sold was NEVER posted within the Savannah Morning Newspaper nor any other circular and/or newspaper within Chatham County. OCGA § 36-37-6(a) and OCGA § 36-37-6(b). See Exhibits B - E.

15.    Having clear title, ownership, interest, riparian rights, and private property rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407, that directly "abutted" the public property unlawfully sold by Chatham County, GA and/or the Chatham County Board of Commissioners; and 2) in the Plaintiffs' 50% ownership and interest in the Saussy Canal and Black Creek in its entirety, the Benton Family Plaintiffs were NEVER directly and/or lawfully notified of the sale of the public property abutting their property interests, and neither was the Plaintiffs given a fair and open opportunity to bid on the subject properties as required by Georgia law. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; the RICO Act, 18 U.S.C. § 1962 et seq., Georgia Constitution, Bill of Rights; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA § 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-6(l)(1); OGCA § 44-8-1 through OCGA § 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibits B - E.

16.    On or about April 14, 2023, Chester Ellis, Chairman, Chatham County Board of Commissioners, did in fact knowingly and willfully affix his signature to the unlawful and fraudulent purchase and sale agreement (i.e. "Saussy Canal Quit Claim Deed") which contractually obligated the Chatham County government to the fraudulent acts. U.S. Constitution, 5th and 14th Amendments; Title VII of the Civil Rights Act of 1964; the RICO Act, 18 U.S.C. § 1962 et seq., Georgia Constitution, Bill of Rights; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA § 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-6(l)(1); OGCA § 44-8-1 through OCGA § 44-8-10; OCGA § 51-9-1 through OCGA § 51-9-11. See *Moulton v. Bunting McWilliams Post No. 658, Veterans of Foreign Wars*, 213 Ga. 859, 102 S.E.2d 593 (1958); *Brown v. Tomlinson*, 246 Ga. 513, 272 S.E.2d 258 (1980); and *Menzies v. Hall*, 281 Ga. 223, 637 S.E.2d 415 (2006). See Exhibits B - E.

17.    Additionally, Scott Robichaux, Esq., Port Wentworth City Attorney and R. Jonathan Hart, Esq., Chatham County Attorney, both knowingly and maliciously violated their "OATH OF OFFICE" and violated their "FIDUCIARY DUTY" as "TRUSTEES" over all real property, roads, easements, rights of way, rights of common, and monies owned by Chatham County and the City of Port Wentworth which were the formal assets of the more than 300,000 taxpayers who reside within Chatham County, GA, when they committed several acts of "Attorney Misconduct" pursuant to Georgia Rules of Professional Conduct, Rule 4.1, Rule 4-108, Rule 5.1, Rule 8.3, among others when they knowingly counseled, advocated, and advised the City of Port Wentworth and Chatham County governments to violate several Federal and State laws, to include but not limited to the 18 U.S. Code § 1031; 18 U.S.C. § 371; U.S. Constitution, Fifth and Fourteenth Amendments; the RICO Act, 18 U.S.C. § 1962 et seq.; the Georgia Constitution; 18 USC § 1001; 36 CFR Part 800 et seq.; OCGA § 36-37-6(a), OCGA § 36-37-6(b), OCGA § 36-37-6(g), OCGA § 36-37-6(i)(3), OCGA § 36-37-6(k)(1), and OCGA § 36-37-6(l)(1); O.C.G.A. § 44-1-7 through O.C.G.A. § 44-1-12; O.C.G.A. § 51-9-1 through O.C.G.A. § 51-9-11; OCGA § 16-10-21; and O.C.G.A. §§ 16-14-1 through 16-14-13; See Exhibits B - E.

18.    The Chatham County Board of Commissioners unlawfully sold the Plaintiffs' property and public property held in trust belonging to the more than 300,000 taxpayers of the Chatham County, which includes the real property, easements, rights of way, and rights of common along Saussy Road, the Saussy Canal, and Black Creek in their entirety, resulting in Trespassing, Theft, Libel, Slander and Larceny under Georgia and Federal law. OCGA § 36-37-6 et seq.; O.C.G.A. § 44-1-7 through O.C.G.A. § 44-1-12; O.C.G.A. § 51-9-1 through O.C.G.A. § 51-9-11; OCGA § 16-10-21; and O.C.G.A. §§ 16-14-1 through 16-14-13.

19.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 319 Tattnall Street, Savannah, Georgia 31401. Phillip McCorkle, Esq.;

David H. Johnson, Esq.; and Matthew M. McCoy, Esq. are the managing partners as recorded by the Secretary of State, State of Georgia.

20.     At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for all of the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, and Steven Brock Defendants on all development matters in coordination with the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

21.     At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 329 Eisenhower Dr., Suite A, Savannah, GA 31406, 912-373-7713. Scott Robichaux is the managing partner as recorded by the Secretary of State, State of Georgia.

22.     At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for all of the "City Defendants" as the "City Attorney" on all development matters in coordination with the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives, and third parties.

11

23.     At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 6349 Abercorn Street, Suite D, Savannah, GA 31405. R. Jonathan Hart is the managing partner as recorded by the Secretary of State, State of Georgia.

24.     At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for Chatham County, GA and the Chatham County Board of Commissioners as the "Chatham County Attorney" on all development matters in coordination with SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City Defendants, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

25.     In support of the Plaintiffs' complaint regarding Statements of Material Facts and Background information, Plaintiff recalls, re-alleges, and includes herein their Motions and Statements of Material Facts previously pleaded within Exhibits BB and CC attached. See Exhibits BB and CC.

26.     In full compliance with the Administrative Procedures Act ("APA"); 36 CFR Part 800; and O.C.G.A. 50-21-26, on or about July 21, 2025, Plaintiffs mailed notice to the City of Port Wentworth; Port Wentworth City Council; and Port Wentworth Development Authority Defendants regarding the Benton Family's intent to initiate the herein legal action and civil suit for the allegations, claims, and relief stated herein. Notice was delivered to Gary Norton, Mayor, City of Port Wentworth, at his personal residence located at 105 Gordon Street, Port Wentworth, GA 31407, as documented by U.S. Postal Service, certified mail, return receipt Tracking No. 9589071052702111128663. Additionally, notice was delivered to the Law Office of Scott Robichaux, Ese., City Attorney, City of Port Wentworth, at his principle place of

12

business located at 329 Eisenhower Drive, Savannah, GA 31406, as documented by U.S. Postal Service, certified mail, return receipt Tracking No. 9589071052702111128670. See Exhibit DD.

      27.    Plaintiffs further recalls, re-alleges, includes by reference herein Exhibits A – DD attached.

III.    **COUNT I – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENTS, BY UNLAWFULLY TAKING THE PLAINTIFFS' PROPERTY AS THEIR OWN WITHOUT CONSENT OR JUST COMPENSATION PAID**

      28.    This is an action against Defendants against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendments.

      29.    Plaintiff recalls, re-alleges, and includes by reference all of his claims, representations, references, exhibits, affidavits, material facts and statements within the above paragraphs 1-27, to include those material facts, representations, and claims within all of his previous pleadings on the record within related cases 1) *Benton, et al. v. SPH 21, LLC, et al.,* Case No. 1:25-CV-1663-SEG; and 2) in *Benton, et al. v. Chatham County, et al.,* Case No. 4:25-CV-00165-RSB-CLR, herein, as if pleaded hereto.

      30.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendments, United States Constitution.

      31.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port

13

Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of

way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the

Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"),

since May 12, 1978. See Exhibit B.

     32.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its

property since acquiring it on May 12, 1978. See Exhibit B.

     33.     The Plaintiffs have never sold any portion of the Benton Property to any of the City

Defendants, SPH 21, LLC Defendants, nor the Dermody Defendants at any point in time.

     34.     The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor

the Dermody Defendants with any express or implied consent nor authorization to take, possess, access,

or use the Benton Property in any manner.

     35.     The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor

the Dermody Defendants with any express or implied consent nor authorization to present or use the

Benton Property in any manner in connection with any permit, application, submittal, report, review, nor

benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local,

County, State, nor Federal government entities, which includes the U.S. Army Corps of Engineers [2], U.S.

Environmental Protection Agency, the U.S. Treasury, and Georgia Department of Natural Resources.

     36.     The City Defendants have taken, held over, libel, slandered, trespassed, and clouded the

clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and

Fourteenth Amendments, U.S. Constitution.

---

[2] U.S. Army Corps of Engineers. Taking of the Benton Family's property associated with the acceptance, review, approval, and issuance of several jurisdictional determinations, on several occasions, spanning a continuous five (5) year period between 2019 and continuing to date, but more specifically on August 21, 2019; February 17, 2021; March 10, 2021; April 28, 2021; July 21, 2021; August 30, 2021; April 6, 2022; and most recently on May 6, 2024, in affiliation and support of Clean Water Act (CWA) applications and/or USACE File Nos. *SAS-2018-00940, SAS-2018-00940-SP-SEW, SAS-2018-00940(SP-SEW), SAS-2019-00535, SAS-2021-00599-SP (RLS), SAS-2023-00716, SAS-2023-00716-SP-TCK, SAS-2021-00549-SP-TCK,* and *SAS-2022-00055-SP-JME. Hereinafter* the "Saussy Canal Permits."

37.     The City Defendants, SPH 21, LLC Defendants, and the Dermody Defendants have willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

38.     The actions of the City Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

39.     At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City Defendants have individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

40.     Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

41.     The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-

15

8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

42.    The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the City Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants, the Dermody Defendants, the City Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

43.    The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

IV.    **COUNT II – VIOLATION OF THE U.S. CONSTITUTION, 5TH & 14TH AMENDMENT, 18 USC 1001, AND 18 USC 1031 BY AIDING AND ABETTING THE SPH 21, LLC DEFENDANTS TO FRAUDULENTLY MISREPRESENT TO THE US ARMY CORPS OF ENGINEERS AND OTHER FEDERAL AGENCIES THAT THE PLAINTIFFS' PROPERTY BELONGED TO THE SPH 21, LLC DEFENDANTS**

44.    This is an action against Defendants 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendments.

45.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

46.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy

16

Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendments, United States Constitution.

47.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

48.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

49.     The Plaintiffs have never sold any portion of the Benton Property to the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

50.     The Plaintiffs have never provided the City Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

51.     The Plaintiffs have never provided the City Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permits, applications, submittals, reports, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities, which includes the U.S. Army Corps of Engineers, the U.S. Environmental Protection Agency, the U.S. Treasury, the Georgia Department of Transportation, and the Georgia Department of Natural Resources.

52.     The City Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendments, U.S. Constitution and in violation of the Clean Water Act. 33 U.S.C. § 1344.

53.     The City Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender,

17

Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

54. At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City Defendants have individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

55. The actions of the City Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

56. Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

57. The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA §

51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

58.    The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the City Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

59.    The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

## V.    COUNT III – DIVERSITY CLAIM UNDER 28 USC § 1332 – THEFT BY TAKING, DECEPTTION & CONVERSION OCGA § 16-8-2, OCGA § 16-8-3, OCGA § 16-8-4 AND OCGA § 36-37-6

60.    This is an action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment, OCGA § 16-8-2, OCGA § 16-8-3, OCGA § 16-8-4 and OCGA § 36-37-6.

61.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

62.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy

Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

63.     The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

64.     The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

65.      The Plaintiffs have never sold any portion of the Benton Property to the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

66.     The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

67.     The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities.

68.     The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment, U.S. Constitution, and State law pursuant to OCGA § 16-8-2, OCGA § 16-8-3, OCGA § 16-8-4 AND OCGA § 36-37-6.

69.    The City Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

70.    At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City Defendants individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-2, OCGA § 16-8-3, OCGA § 16-8-4 AND OCGA § 36-37-6, several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

71.    The actions of the City Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

72.    The City Defendants have unlawfully taken the Plaintiffs' property resulting in theft in violation of OCGA § 16-8-2, OCGA § 16-8-3, OCGA § 16-8-4 AND OCGA § 36-37-6.

21

73.    Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

74.    The Benton Family Plaintiffs are entitled to injunctive relief pursuant to the U.S. Constitution, Georgia Constitution, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA § 51-9-1, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12 prohibiting further taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property.

75.    The Benton Family Plaintiffs is entitled to damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the City Defendants, the SPH 21, LLC Defendants, and the Dermody Defendants and any other beneficiaries as a result of the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

76.    The Benton Family Plaintiffs are entitled to exemplary damages, court costs, travel expenses, litigation expenses, and its attorneys' fees in excess of $75,001.00 for the willful, malicious, and unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their Benton Property.

VI.    **COUNT IV - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-1 & OCGA § 51-9-9 BY KNOWINGLY INTEFERING WITH PLAINTIFFS' ENJOYMENT OF THEIR REAL PROPERTY TO INCLUDE THE SAUSSY CANAL AND BLACK CREEK**

77.    This is an action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth

22

(individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment, OCGA § 51-9-1 & OCGA § 51-9-9.

78.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

79.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

80.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

81.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

82.    The Plaintiffs have never sold any portion of the Benton Property to the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants at any point in time.

83.    The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to take, possess, access, or use the Benton Property in any manner.

84.    The Plaintiffs have never provided the City Defendants, SPH 21, LLC Defendants, nor Dermody Defendants with any express or implied consent nor authorization to present or use the Benton Property in any manner in connection with any permit, application, submittal, report, review, nor benefit to any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, nor Federal government entities.

23

85.     The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property in violation of Federal law pursuant to the Fifth and Fourteenth Amendment, U.S. Constitution, and State law pursuant to OCGA § 16-8-3, OCGA § 36-37-6, OCGA § 51-9-1 and OCGA § 51-9-9.

86.     The City Defendants willfully and systematically schemed to misrepresent, mislead, and conceal the truth about the Plaintiffs' ownership of the Benton Property from any Bank, Lender, Engineer, Architect, Lawyer, Law Firm, Third-Party, and/or any Local, County, State, and Federal government entities for individual personal gain and for the Benefit of themselves and Defendants SPH 21, LLC, SPH Placements, LLC, Steven Brock, Christopher Hayes, Wes Hardy, Michael Dermody, and all of their for-profit and non-profit entities and/or companies, to the detriment of the Plaintiffs and their heirs.

87.     At all times relevant to this action and/or claim, Defendants Chatham County, GA; the Chatham County Board of Commissioners; R. Johnathan Hart, Esq.; Scott Robichaux, Esq.; Phillip McCorkle, Esq.; and David Johnson, Esq., as well as SPH 21, LLC; SPH PLACEMENTS, LLC; Christopher Hayes; Steven Brock; Dermody, Inc.; Michael C. Dermody; Wes Hardy; DPIF4 GA 15 PWCC, LLC; DPIF4 GA 16 PWCC, LLC; PWCC LANDCO MAIN, LLC; Port Wentworth Commerce Center Property Owners Association, Inc.; and the City Defendants individually and collectively schemed, colluded, had knowledge of, and/or aided and abetted each other to violate the U.S. Constitution, 5th and 14th Amendments, OCGA § 16-8-3, OCGA § 36-37-6, OCGA § 51-9-1 and OCGA § 51-9-9, and several other Federal and State law, statutes, and provisions, as well as the civil rights, constitutional rights, property rights, riparian rights, and water rights of the Plaintiffs, to the detriment of the Plaintiffs.

88.     The actions of the City Defendants are willful and malicious as they have publicly marketed and offered the resale of the Plaintiffs' property via several marketing outlets and online sites such as, the Savannah Morning News, the Dermody, Inc. corporate website, Loopnet, NPR, the City of Port Wentworth's website, and many others with reckless abandonment.

24

89.    The City Defendants have unlawfully taken the Plaintiffs' property resulting in theft violation of OCGA § 16-8-3; OCGA § 36-37-6; OCGA § 51-9-1 and OCGA § 51-9-9.

90.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road without Plaintiffs consent resulting in theft in violation of OCGA § 44-8-1, OCGA § 44-8-6, OCGA § 36-37-6, OCGA § 51-9-1, OCGA § 51-9-9 and the 5th and 14th Amendment, U.S. Constitution.

91.    Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

92.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**VII.    COUNT V - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-4 BY KNOWINGLY TRESPASSING ONTO AND WITHHOLDING PLAINTIFFS' PROPERTY TO INCLUDE PLAINTIFF'S OWNERSHIP OF THE SAUSSY CANAL AND BLACK CREEK**

93.    This is an action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve

Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment, and OCGA § 51-9-4.

94.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

95.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

96.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978.  See Exhibit B.

97.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

98.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-4, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

99.    Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

26

100.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**VIII.    COUNT VI - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-11 BY CLOUDING THE CLEAR AND PERFECT TITLE TO PLAINTIFFS' PROPERTY VIA BOTH LIBEL AND SLANDER BY CLAIMING MULTIPLE PORTIONS, EASEMENTS, RIGHTS OF WAY, AND RIPARIAN RIGHTS ALONG SAUSSY ROAD, THE SAUSSY CANAL, BLACK CREEK, AND ALL AQUATIC RESOURCES THERETO AS THEIR OWN WITHOUT PLAINTIFFS' CONSENT OR JUST CONPENSATION PAID TO PLAINTIFFS**

101.    This is an action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment, and OCGA § 51-9-11.

102.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

103.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

27

104.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

105.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

106.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in theft in violation of OCGA § 51-9-11, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

107.    Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

108.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**IX.    COUNT VII - DIVERSITY CLAIM UNDER 28 USC § 1332 – VIOLATION OF OCGA § 51-9-12 BY CLOUDING THE CLEAR AND PERFECT TITLE TO PLAINTIFFS' PROPERTY BY RECORDING A FRAUDULENT DEED WITH THE SUPERIOR COURT OF CHATHAM COUNTY OR AIDING & ABETTING THE ACT THEREOF**

28

109.    This is an action against 1) City of Port Wentworth, GA; 2) Port Wentworth Development Authority; 3) Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating the "Taking Clause" of the U.S. Constitution, 5th and 14th Amendment, and OCGA § 51-9-12.

110.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

111.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution.

112.    The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

113.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

114.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of

Saussy Road resulting in theft in violation of OCGA § 51-9-12, OCGA § 36-37-6 and the 5th and 14th Amendment, U.S. Constitution.

115.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 319 Tattnall Street, Savannah, Georgia 31401. Phillip McCorkle, Esq.; David H. Johnson, Esq.; and Matthew M. McCoy, Esq. are the managing partners as recorded by the Secretary of State, State of Georgia.

116.    At all times relevant to this action and/or complaint, Phillip McCorkle, Esq., David Johnson, Esq., and the Law Firm of McCorkle, Johnson & McCoy, LLP were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for all of the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, and Steven Brock Defendants on all development matters in coordination with the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

117.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 329 Eisenhower Dr., Suite A, Savannah, GA 31406, 912-373-7713. Scott Robichaux is the managing partner as recorded by the Secretary of State, State of Georgia.

118.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for the City Defendants as the "City Attorney" on all development matters in coordination with the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher

30

Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

119.    At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 6349 Abercorn Street, Suite D, Savannah, GA 31405. R. Jonathan Hart is the managing partner as recorded by the Secretary of State, State of Georgia.

120.    At all times relevant to this action and/or complaint, Ralph Jonathan Hart, Esq. and the R. Jonathan Hart & Associates Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for Chatham County, GA and the Chatham County Board of Commissioners as the "Chatham County Attorney" on all development matters in coordination with SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their respective agencies, departments, and representatives.

121.    As documented by "Quit Claim Deed" dated April 14, 2023, and recorded in the land records of the Superior Court of Chatham County, Georgia, on April 20, 2023, within Book 3074 and Pages 287 – 289 of the Land Records of Chatham County Superior Court, Chatham County Government knowingly violated OCGA § 51-9-12 when City Attorney Scott Robichaux (as directed individually and collectively by the City Defendants) and County Attorney Hart individually and collectively schemed to aided and abetted each to fraudulently record the above mentioned deed containing knowingly false

31

information and several misrepresentations of facts, as well as corruptly libel, slander, and clouding the Plaintiffs' Benton Property, in bad faith, and with malicious intent. OCGA § 51-9-12.

122.    Furthermore, within "Development Agreement" dated April 12, 2024, within Book 3349 and Pages 673 – 677 of the Land Records of Chatham County Superior Court, effected between the City of Port Wentworth and the SPH 21, LLC Defendants, the City of Port Wentworth, GA knowingly violated OCGA § 51-9-12 when Defendants Robichaux, McCorkle, and Johnson individually and collectively schemed to aided and abetted each to fraudulently record the above mentioned deed containing knowingly false information and several misrepresentations of facts, as well as corruptly libel, slander, and clouding the Plaintiffs' Benton Property, in bad faith, and with malicious intent. OCGA § 51-9-12.

123.    "The owner of any real property may bring an action against an individual who has knowingly filed, entered, or recorded, or caused to be filed, entered, or recorded, in any public record a false or forged deed or other instrument purporting to convey the owner's interest to such real property to such individual or a third party or purporting to encumber the owner's interest in such real property." OCGA § 51-9-12(a).

124.    In support of the Plaintiffs' complaint regarding Statements of Material Facts and Background information, Plaintiff recalls, re-alleges, and includes herein their Motions and Statements of Material Facts previously pleaded within Exhibits BB and CC attached. See Exhibits BB and CC.

125.    Plaintiffs have already suffered irreparable harm, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

126.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4,

OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

**X.    COUNT VIII - DIVERSITY CLAIM UNDER 28 USC § 1332 – BREACH OF FIDUCIARY DUTY & OATH OF OFFICE BY CITY DEFENDANTS PUSUANT TO Ga. Const. Art. I, § 2 ¶1**

127.    This is an action against 1) the City of Port Wentworth, GA; 2) the Port Wentworth Development Authority; 3) the Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); 4) Scott Robichaux, Esq., City Attorney (in both his personal and professional capacities); and 4) Steve Davis, City Manager (in both his personal and professional capacities), City of Port Wentworth (individually and collectively the "City Defendants") for violating their Oath of Office and their Fiduciary Duties owed to the Plaintiffs, as well as for violating the unlawful "Seizure" and/or "Taking" clauses of the U.S. Constitution, 4th, 5th and 14th Amendment, and OCGA § 51-9-12.

128.    Plaintiffs re-alleges and incorporates paragraphs 1 – 27 above herein.

*A. "Fiduciary Duty" Defined*

129.    The Georgia Constitution stresses the standards applicable to public officers in this way:

> *All government, of right, originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. Public officers are trustees and servants of the people and are at all times amenable to them (Ga. Const. Art. I, § 2 ¶1).*

Two roles for public officers are established by this constitutional language. First, the public officer is a trustee of the people. Trusteeship is perhaps the highest calling that one can be granted under the law. As trustees, public officers have a fiduciary relationship with their constituents (i.e. Taxpayers and Residents). A fiduciary holds something of value, which he or she does not own, and is charged with managing the valuable item for the sole purpose of benefiting the beneficiary of the trust. Elected officers

33

are entrusted with the power to govern and to manage public property, with the public as beneficiaries of that trust (*Malcom v. Webb*, 211 Ga. 449 (1955)).

130. The second idea suggested by the constitutional provision is that the public officer is a servant of the people. A servant cannot exist without a master. The constitution establishes the public as masters and public officers as servants who are charged with responding to the needs and wishes of the master. [3]

131. It is important for city officials to understand that an action which may not violate a specific criminal or civil statute on conflicts of interest may run afoul of broader ethical principles that have been established by court decisions (*Trainer v. City of Covington*, 183 Ga. 759, 189 S.E. 842 (1937); 1998 Op. Att'y Gen. No. U98-8). Several principles become evident in a review of court decisions relating to conflicts of interest. Georgia courts have made it clear that persons should not have the opportunity to be led into temptation to profit out of the public business that has been entrusted to them.

### B.   *Abuse of Office Defined*

132. Other potential criminal law violations that can arise from public service include violation of oath of office, improper influencing of legislative action by a municipality, improperly influencing of the action of an officer or employee, and conspiracy to defraud (O.C.G.A. §§ 16-10-1, 16-10-4, 16-10-5, 16-10-21).

133. Any public officer who willfully and intentionally violates his or her oath of office is to be punished by imprisonment for not less than one or more than five years (O.C.G.A. § 16-10-1). A public official or other person commits the offense of conspiracy to defraud a political subdivision when

---

[3] The recent Supreme Court of Georgia's decision in *King v. King, 316 Ga. 354, 355, 888 S.E.2d 166, 167 (2023), specifically addressed questions of law and expanded possible* consequences for a party that fails to disclose information in a confidential and fiduciary relationship. This precedent setting case has been more closely evaluated and reviewed by the *Mercer Law Review* under the following citation:

Sanders, Olivia M. (2024) "Secrets, Secrets are No Fun: Supreme Court of Georgia Expands the Possible Remedies for a Confidential Breach of Fiduciary Relationship and Analyzed Certified Questions of Law," Mercer Law Review: Vol. 75: No. 3, Article 13. Available at: https://digitalcommons.law.mercer.edu/jour_mlr/vol75/iss3/13

he or she conspires or agrees with another to commit theft of property that belongs to a local government or that is under the control of a public official in his or her official capacity. Conviction calls for imprisonment of not less than one to not more than five years (O.C.G.A. § 16-10-21).

134.    The real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to 1) the Plaintiffs' Benton Property located at 135 Saussy Road, Port Wentworth, GA; 2) Saussy Road; 3) the Saussy Canal; and 4) Black Creek in their entirety are all considered "property" within the meaning of the Fifth and Fourteenth Amendment, United States Constitution. The Benton Family Plaintiffs have continuously held sole and clear title, interest, quiet enjoyment, property rights, and riparian rights 1) in real property located at 135 Saussy Road, Port Wentworth, GA 31407; 2) in constitutional legal access, use, quiet enjoyment, easement, and rights of way to Saussy Road in its entirety; and 3) regarding the Plaintiffs' 50% ownership interest in both the Saussy Canal and Black Creek in their entirety (individually and collectively the "Benton Property"), since May 12, 1978. See Exhibit B.

135.    The Benton Family Plaintiffs have NEVER sold, leased, nor abandoned any portion of its property since acquiring it on May 12, 1978. See Exhibit B.

136.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm was in fact *"a partnership incorporated or domesticated under the laws of this [S]tate [of Georgia]"*, with a principal place of business and/or agent located at 329 Eisenhower Dr., Suite A, Savannah, GA 31406, 912-373-7713. Scott Robichaux is the managing partner as recorded by the Secretary of State, State of Georgia.

137.    At all times relevant to this action and/or complaint, Scott Robichaux, Esq. and the Robichaux Law Firm were acting under color of state law, the State Bar of Georgia, the National Bar Association, and within the scope of their discretionary functions and their fiduciary duty as the legal representative, advisor, and/or general counsel for the City Defendants as the "City Attorney" on all development matters in coordination with Georgia Power, AT&T, and other utility companies, as well as the SPH 21, LLC, SPH PLACEMENTS, LLC, Christopher Hayes, Steven Brock, Dermody, Inc., Michael

C. Dermody, Wes Hardy, DPIF4 GA 15 PWCC, LLC, DPIF4 GA 16 PWCC, LLC, PWCC LANDCO
MAIN, LLC, Port Wentworth Commerce Center Property Owners Association, Inc., the City of
Port Wentworth, GA, Chatham County, GA, the U.S. Government, the State of Georgia, and all of their
respective agencies, departments, and representatives.

138.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken,
held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and
have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of
Saussy Road resulting in the unlawful seizure of property and theft of property in violation of their Oath
of Office; their Fiduciary Duty owed to the Plaintiffs pursuant to Ga. Const. Art. I, § 2 ¶1, OCGA § 51-9-
12, OCGA § 36-37-6 and the 4th, 5th and 14th Amendment, U.S. Constitution.

139.    On several occasions, but most recently on the dates of August 26th and 27th, and
continuing to date, between the times of 8AM – 5PM, the City Defendants have unlawfully weaponized
the City of Port Wentworth Police Department, the Chatham County Sheriff's Office, the Georgia State
Patrol, the Georgia State Fish and Wildlife Wardens, and other law enforcement agencies in order to
unlawfully seize the Plaintiffs' Benton Property by force in violation of their Oath of Office; their
Fiduciary Duty owed to the Plaintiffs pursuant to Ga. Const. Art. I, § 2 ¶1, OCGA § 51-9-12, O.C.G.A.
§§ 16-10-1, 16-10-4, 16-10-5, 16-10-21, 16-10-22, OCGA § 16-14-4, OCGA § 36-37-6 and the 4th, 5th
and 14th Amendment, U.S. Constitution.

140.    In particular, Defendant Thomas Kilmartin specifically trespassed upon the Benton
Property on both August 26th and 27th and knowingly and maliciously directed City of Port Wentworth
Police Officer SGT Hinely, Badge #418; City of Port Wentworth Police Officer Siar, Badge #430; City of
Port Wentworth Police Officer Coalwell, Badge #436; City of Port Wentworth Police Officer SGT
Rodriguez, Badge #416; City of Port Wentworth Police Officer Eason, Badge #444; City of Port
Wentworth Police Officer Douglass, Badge #446; City of Port Wentworth Police Officer Ojeda, Badge
#429; and Chatham County Sheriff Deputy SGT Hardy, Badge #2056 to enforce their police power and/or
authorities in order to unlawfully 1) detain; 2) search; and 3) arrest Plaintiff LaRay J. Benton, and to

unlawfully seize the Benton Property all in violation of the Plaintiffs constitutionally protected 4th, 5th, and 14th Amendment rights under the U.S. Constitution. All of these incidents are further documented within Chatham County Sheriff Incident Report Number, CRN Number 250800565; Port Wentworth Police Department Case Number PWPD250826029; and Port Wentworth Police Department Case Number PWPD250827021.

141.    Plaintiffs have already suffered irreparable harm with the substantial loss of more than 2 acres of their Benton Property as a result of the unlawful actions of the City Defendants, and will continue to suffer irreparable damages daily if the actions of the City Defendants to take, market, and resale their property is allowed to continue and is not enjoined or ceased immediately.

142.    Plaintiffs are entitled to injunctive relief, damages, exemplary damages, restitution, back rents and financial compensation in excess of $75,001.00 for the actual loss caused by the unlawful taking, use, trespass, libel, slander, marketing, leasing, and/or sale of their property and for any unjust enrichment of the SPH 21, LLLC Defendants as a matter of law. U.S. Constitution, the Georgia Constitution, OCGA § 9-5-4, OCGA § 9-11-65, O.C.G.A. §§ 16-10-1, 16-10-4, 16-10-5, 16-10-21, 16-10-22, OCGA § 16-14-4, OCGA § 36-37-6, OCGA § 44-8-2, OCGA § 44-8-4, OCGA § 44-8-10, OCGA §§ 44-11-1 through 44-11-33, OCGA § 51-9-1, OCGA § 51-9-4, OCGA § 51-9-5, OCGA § 51-9-9, OCGA § 51-9-11, and OCGA § 51-9-12.

## XI.    REQUEST FOR LEAVE

143.    This honorable District Court is required to liberally construe pro se complaints, pleadings, briefs and evidence, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). As such, pursuant to the wholly liberal discretion of the court, the Plaintiff humbly requests and prays for leave of any Federal and/or local pleading requirements, page numbers, statements, and/or procedures that his pleadings and/or complaints may be lacking as a mere mistake, and further prays that the court afford him the opportunity to correct any small defects within his pleadings in the future. *Ashcroft v. Iqbal*, 556

U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## XII.    CONCLUSION

144.    The City Defendants have knowingly violated, and aid and abetted the current SPH Defendants Steven Brock, Christopher Hayes, SPH 21, LLC, and SPH Placements, LLC in carrying out all of the current complaints and charges against them that's before this Honorable Court. 15 U.S.C. §§ 1051 et seq.; 33 U.S.C. Chapter 26; OCGA § 10-1-421; OCGA § 44-8-1 through § 44-8-10; OCGA § 32-7-1 et seq. (See Figure 1 and Exhibits B, T - DD); OCGA § 44-2-46; OCGA § 51-6-1; OCGA § 32-7-4; and Georgia House Bill HB-1292 in all of their actions pleaded above and here.

145.    The City Defendants, SPH 21, LLC Defendants, and Dermody Defendants have taken, held over, libel, slandered, trespassed, and clouded the clear and perfect title of the Benton Property and have widely presented plans to damn, divert, obstruct, and/or remove the Saussy Canal and portions of Saussy Road resulting in the unlawful seizure of property and theft of property in violation of their Oath of Office; their Fiduciary Duty owed to the Plaintiffs pursuant to Ga. Const. Art. I, § 2 ¶1, OCGA § 51-9-12, OCGA § 36-37-6 and the 4th, 5th and 14th Amendment, U.S. Constitution.

## XIII.    PRAYER FOR RELIEF

WHEREFORE, the Benton Family Plaintiffs respectfully prays that this Court provide the following relief in this matter:

(A) Injunctive relief immediately ejecting the City Defendants, Georgia Power, AT&T, the County Defendants, the Dermody Defendants, the SPH 21, LLC Defendants, any and all improvements, installations, and/or utilities erected thereby, and any other persons, entities, third parties, or any Local, County, State, or Federal government agencies, departments, or officials from the Benton Property, with all back rents paid.
(B) Injunctive relief preventing the City Defendants, County Defendants, Dermody Defendants and the SPH 21, LLC Defendants from further taking, possession, withholding, holding over, marketing, offering, selling, leasing, contracting, entitlement, permitting, misrepresenting, using, trespassing, libel, slandering, and/or clouding the Benton Property and Public Property as pleaded herein as their own to any person, entity, third party, nor to any Local, County, State, or Federal government agency, department, or official.
(C) Actual damages in an amount to be determined at trial, but not less than $75,001.00, to compensate the Plaintiffs for the actual loss, damage, injury, irreparable harm, pain and suffering, emotional harm, and financial loss, caused by the City Defendants, County Defendants, Dermody Defendants and the SPH 21, LLC Defendants' unlawful possession, holding over, withholding, use, marketing, offering for sale,

38

offering for lease, contracting, conversion, and taking of the real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to the Plaintiffs' Benton Property and Public Property associated with Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic resources thereto;

(D) Restitution and Compensation to the Plaintiffs based on the City Defendants, County Defendants, Dermody Defendants and the SPH 21, LLC Defendants' unjust enrichment as a result of Dermody, Inc., Wes Hardy, Michael Dermody, DPIF4 GA 15 PWCC A, LLC, DPIF4 GA 16 PWCC B, LLC, PWCC LANDCO MAIN, LLC, and Port Wentworth Commerce Center Property Owners Association, Inc. unlawful possession, holding over, withholding, use, marketing, offering for sale, offering for lease, contracting, conversion, and taking of the real property, easements, rights of way, rights of common, mineral rights, property rights, water rights, and riparian rights related to the Plaintiffs' Benton Property and Public Property associated with Saussy Road, the Saussy Canal, Black Creek, and all wetlands and/or aquatic resources thereto;

(E) Exemplary damages based on the willful and malicious actions of Defendants City of Port Wentworth, GA; Port Wentworth Development Authority; Port Wentworth City Council (which pursuant to the Port Wentworth City Charter and Georgia law individually and collectively includes but is not limited to all of the current sitting City Councilmembers as Defendants in both their personal and professional capacities, namely Gary Norton, Mayor; Gabrielle Nelson, Mayor Pro Tem; Thomas Barbee; Shawn Randerwala; Artlise Alston-Cone; Mark Stephens; and Rufus Bright for issues of both damages and liabilities); Scott Robichaux; Thomas Kilmartin; Steve Davis, City Manager, City of Port Wentworth (in both his personal and professional capacities); Dermody, Inc.; Wes Hardy; Michael Dermody; DPIF4 GA 15 PWCC A, LLC; DPIF4 GA 16 PWCC B, LLC; PWCC LANDCO MAIN, LLC; and Port Wentworth Commerce Center Property Owners Association, Inc.; and

(F) The Benton Family Plaintiffs' attorney fees, court costs, service fees, copy and recordation costs, travel and per diem expenses associated with litigating this case.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this statement of material facts : (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FACTS SET FORTH IN THIS PLEADING ARE TRUE BASED UPON MY PERSONAL KNOWLEDGE.

Respectfully submitted,

Date: **09/09/2025**

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

*Georgia W. Benton*
*135 Saussy Road*
*Port Wentworth, GA 31407*

39

**CERTIFICATE OF SERVICE**

UNDER THE PENALTY OF PERJURY, I certify that on or about September 9, 2025, I have

Filed a copy of the foregoing affidavit with to the Clerk of U.S. District Court, Southern District of

Georgia, and mailed a copy of this motion to the following parties:

CITY OF PORT WENTWORTH
PORT WENTWORTH DEVELOPMENT AUTHORITY
PORT WENTWORTH CITY COUNCIL
GARY NORTON, MAYOR
GABRIELLE NELSON, MAYOR PRO TEM
THOMAS BARBEE
ARTLISE ALSTON-CONE
RUFUS BRIGHT
MARK STEPHENS
SHAWN RANDERWALA
SCOTT ROBICHAUX
STEVE DAVIS
7224 Georgia Highway 21
Port Wentworth, GA 31407

Date: 09/9/2025

**LARAY JARMANE BENTON**
1900 Saint Georges Way
Mitchellville, MD 20721
864-357-4545 | laraybenton@gmail.com

9/9/25

Georgia W. Benton
135 Saussy Road
Port Wentworth, GA 31407

40