UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LARAY J. BENTON, and GEORGIA W. BENTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV425-165 |
| CHATHAM COUNTY GOVERNMENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| LARAY J. BENTON, and GEORGIA W. BENTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV425-210 |
| CITY OF PORT WENTWORTH, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

On December 3, 2025, the Court entered a Report and Recommendation that *pro se* plaintiffs Laray J. Benton and Georgia W. Benton's actions be dismissed because they had failed to comply with the

1

Court's order to file amended pleadings.  *See* 4:25-cv-165, doc. 7 (S.D. Ga. S.D. Ga. Dec. 3, 2025); 4:25-cv-210, doc. 14 (S.D. Ga. Dec. 3, 2025).  The period for filing objections to those reports and recommendations remains pending.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  Plaintiffs have now filed motions in both cases seeking to consolidate them, pursuant to Federal Rule of Civil Procedure 42, into an action they have pending in the United States District Court for the Northern District of Georgia.  4:25-cv-165, doc. 8 (S.D. Ga. S.D. Ga. Dec. 5, 2025); 4:25-cv-210, doc. 15 (S.D. Ga. Dec. 5, 2025).  Because the requested consolidation is not permitted under the Federal Rules of Civil Procedure, the Motions are **DENIED**.  4:25-cv-165, doc. 8 (S.D. Ga. S.D. Ga. Dec. 5, 2025); 4:25-cv-210, doc. 15 (S.D. Ga. Dec. 5, 2025).

As Plaintiffs' Motions point out, the Federal Rules permit the consolidation of "actions before the court," under certain circumstances.  Fed. R. Civ. P. 42(a).  Notwithstanding the arguments concerning the merits of consolidation asserted, it is clear that "[a] court cannot consolidate causes of action pending in different federal districts because those actions pending before a different district court cannot properly be considered 'pending before the court' as required by Fed. R. Civ. P. 42(a)."

*Parker v. Polaris Indus.*, 2006 WL 8432621, at *2 (S.D. Fla. Dec. 28, 2006) (citations omitted); *see also, e.g., Dipietro v. Barron*, 2019 WL 13099115, at *1 (M.D. Ga. July 11, 2019) (same); 9A Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2382 (3d ed. Sept. 2025) ("Actions pending in different districts may not be consolidated under Rule 42(a)," and collecting cases). Since neither Rule 42, nor any other discernable authority, permits the "consolidation" of actions pending in different federal districts, Plaintiffs' Motions must be, and are, **DENIED**.  4:25-cv-165, doc. 8 (S.D. Ga. S.D. Ga. Dec. 5, 2025); 4:25-cv-210, doc. 15 (S.D. Ga. Dec. 5, 2025)

**SO ORDERED,** this 9th day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3